STOCK AND LEADER,
A Professional Corporation
35 S. Duke Street
P.O. Box 5167
York, PA  17405-5167

Phone:  (717) 846-9800
Fax:     (717) 843-6134

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BEVERLY BEAM           :
   Plaintiff            :
                :
   v.                  :  CIVIL ACTION NO.:  1:CV-01-0083
                :
SCOTT DOWNEY,          :
ROGER MORRISON,        :
DAVID GRAYBILL         :
and MICHAEL SWEGER     :
   Defendants           :

FILED
WILLIAMSPORT, PA
MAR 15 2001
MARY E. D'ANDREA, CLERK
Per_____
Deputy Clerk

## DEFENDANT DOWNEY'S BRIEF IN SUPPORT OF DEFENDANT'S PARTIAL MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND TO STRIKE IMPERTINENT MATERIAL

## I.    PROCEDURAL HISTORY

Plaintiff commenced this action in federal court on or about January 16,

2001.  Defendant Downey filed an Answer on March 14, 2001 and simultaneously

filed a Partial Motion to Dismiss Plaintiff's Complaint and to Strike Impertinent

Material.  This Brief is filed in support of that Motion.

## II.   STATEMENT OF THE FACTS

The Capital Area Intermediate Unit (the "IU") provides transportation services for special needs students for programs operated by the IU, as well as for several area school districts.  Plaintiff and twenty-one (21) other independent contractors provide transportation services for the IU.  The IU also employs several of its own drivers who operate busses owned by the IU.  The students are picked up from their homes and brought to school each morning.  They are returned home at night.  The children reside in Pennsylvania and are transported to schools in Pennsylvania.

Defendant Downey became the Transportation Supervisor for the IU in June 1999.  Since that time he has reorganized the routes of the majority of the contractors in an effort to decrease the cost of providing the transportation services.  Plaintiff has been an independent transportation contractor with the IU for approximately fifteen (15) years.  She has continued to provide transportation services for the IU for the 2000-2001 school year.  Plaintiff's number of miles decreased from her previous number for the 2000-2001 school year because of the

restructuring of routes, the relocation of students and the construction of a new school.

### III.    QUESTIONS PRESENTED

**A.**    Whether Plaintiff failed to state a claim for a violation of an unnamed antitrust statute?

Proposed answer in the affirmative

**B.**    Whether Plaintiff failed to state a claim for breach of contract.

Proposed answer in the affirmative

**C.**    Whether Plaintiff failed to state a claim for violation of her due process rights.

Proposed answer in the affirmative

**D.**    Whether statements within the Complaint referring to allegedly racially discriminatory conduct should be stricken from the record as immaterial and impertinent.

Proposed answer in the affirmative.

### IV.    ARGUMENT

**A.    Standard of Review**

A Complaint should not be dismissed under Fed. R. Civ. Pro. 12(b)(6) unless "the Plaintiff can prove no set of facts in support of this claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102, 2

L. Ed. 2d. 80 (1957).  All the Plaintiff's allegations must be taken as true at this

stage in the proceedings.  *Mortensen v. First Federal Savings and Loan*

*Association*, 549 f. 2d 884, 891 (3d Cir. 1997).  Even accepting all the facts as

alleged by Plaintiff as true, Plaintiff simply has failed to state a claim upon which

relief can be granted based on alleged violation of unnamed antitrust laws, breach

of contract and violation of her right to due process.

**B.** **Plaintiff has failed to allege facts sufficient to support a claim for a violation of any antitrust statute.**

A Federal District Court cannot exercise jurisdiction over a claim solely on

the basis of conclusory allegations.  Rather, an antitrust complaint must set forth

facts in support of the plaintiff's claim.  *Johnston v. Meyers*, 413 F. Supp. 490,

492 (N.D. Ind. 1976).  In order to state a claim for an anti-trust violation, Plaintiff

must specify each statute relied upon as a basis for relief.  *See, e.g. Northland*

*Equities, Inc. v. Gateway Center Corp.*, 441 F. Supp. 259, 264 (E.D. Pa. 1977)

(finding a Complaint that merely alleged a violation of "the Antitrust Laws of the

United States" was insufficient to state a valid claim).  In addition, inherent in any

claim for a violation of antitrust laws is that there must be an allegation of an

effect on interstate commerce.  *See, e.g. United States v. American Service Corp.*,

580 F.2d 823 (5th Cir. 1978), *cert. denied*, 439 U.S. 1071, 59 L.Ed.2d 37, 99 S.

Ct. 842; *Thornhill Publishing Company v. General Telephone and Electronics*

*Corp.*, 594 F.2d 730 (9th Cir. 1979). In fact, the Sherman Act (the only antitrust

statute that could even remotely touch on the present issues) is very specific that it

only regulates trade and commerce "among the several states." 15 U.S.C. §§ 1,2.

The purpose of the Sherman Act is not directed against conduct that is

competitive, but rather is directed at conduct which unfairly tends to destroy

competition itself. This is not out of concern for the individual business persons,

but out of concern for the public interest. *See, e.g. Spectrum Sports v. McQuillan*,

506 U.S. 447, 122 L.Ed. 247, 113 S. Ct. 884 (1993).

While transportation services may be covered by the Sherman Act, there

must be some involvement with interstate commerce. The Supreme Court of the

United States recognized this in *United States v. Yellow Cab Co.*, 332 U.S. 218, 67

S.Ct. 1560, 91 L.Ed.2d 2010 (1947). There the Court recognized that a cab

company located and operating solely in Chicago, Illinois was "too unrelated to

interstate commerce to constitute a part thereof within the meaning of the Sherman

Act". *Id.* at 230; 67 S.Ct. at 1567.

5

The only mention of anything dealing with antitrust laws within Plaintiff's complaint are two conclusory statements alleging Plaintiff's "right to be free of protections afforded by the anti-trust laws" and an allegation of a violation of Plaintiff's "rights to contract free of anti-trust violations." Complaint ¶ 1 and p. 10. Plaintiff failed to put any information into the Complaint regarding these alleged antitrust violations.

The essence of Plaintiff's complaint appears to be that Downey has given more business to three particular independent contractors than he has given to her. Plaintiff has not alleged, nor has there been any indication that Downey has interfered with her ability to contract with any other entity to provide transportation services. Her only Complaint is that her miles were reduced between the 1999/2000 and the 2000/2001 school year while other contractors' miles were increased.

There have been no allegations that any activities by Downey and/or the other three defendants affect interstate commerce. The IU only provides transportation for students within the bounds of the Commonwealth of Pennsylvania. Just like the taxi drivers in *United States v. Yellow Cab Co.*, 332 U.S. 218, 67 S. Ct. 1560, 91 L.Ed.2d 2010 (1947), the actions of the IU and/or the

6

other contractors do not affect interstate commerce.  As such, Downey, as

transportation director of the IU,  cannot be liable for any alleged antitrust

violations.  Furthermore, there is not even a hint as to which antitrust statute

Plaintiff is alleging that Downey violated.

The facts as stated by Plaintiff simply fail to establish any indication as to

an antitrust violation.  Furthermore, no set of facts Plaintiff could state would

prove such a violation.  As such, any claims relative to such alleged violations

should be dismissed with prejudice.

### C.   Plaintiff has failed to allege the existence of a contract or any breach of that contract to support a claim for breach of contract under Pennsylvania law.

In order to properly plead a claim for breach of contract under Pennsylvania

law, the plaintiff must allege: "(1) the existence of a valid and binding contract to

which he and defendants were parties;  (2) the contract's essential terms; (3) that

he complied with contract's terms; (4) that defendants breached a duty imposed by

the contract; (5) any damages resulting from the breach." *Gundlach v. Reinstein*,

924 F.Supp. 684, 688 (E.D. Pa. 1996) (internal citations omitted), *aff'd,* 114 F.3d

1172 (3d Cir. 1997).  A plaintiff may assert the existence of an express, written

contract either by setting it forth verbatim in the complaint, attaching a copy of the

contract as an exhibit or pleading it according to its legal effects. *Pierce v. Montgomery County Opportunity Board Inc.*, 884 F.Supp. 965 1997 (E.D. Pa. 1995).

In the last statement of her Complaint, Plaintiff for the first time raises the issue of an alleged breach of contract. Plaintiff, however, failed to allege any set of facts under which such a claim could arise. Plaintiff has not alleged the existence of a contract between Plaintiff and Downey individually (or Plaintiff and any of the other defendants to the action). Plaintiff has not even alleged the existence of a contract between Plaintiff and the IU. More importantly, Plaintiff has failed to give any inkling as to how Downey (or any of the other defendants) might have breached any contract. As such, Plaintiff's claims for breach of contract must fail.

### D.    Plaintiff failed to state a claim for violation of her right to due process.

"The deprivation of a property or liberty interest is a precondition to either a procedural or substantive due process claim." *Labalokie v. Capitol Area Intermediate Unit*, 926 F. Supp. 503, 508 (M.D. Pa. 1996) (citing *Logan v. Zimmerman Brush Company*, 455 U.S. 422, 429, 102 S.Ct. 1148, 1154, 71

8

L.Ed.2d 265 (1981).  It is textbook law that there is "no property interest in

obtaining future government contracts."  *Id.*  It is also settled law that government

contracts only implicate liberty interests if the denial of the contract "is based

upon charges of fraud or dishonesty."  *Id.*  Only two types of contracts can give

rise to a property interest: (1) those where the contract confers a protected status

and (2) those where the contract can only be terminated for cause.  *Fox Fuel v.*

*Delaware County Schools Joint Purchasing Board*, 856 F.Supp. 945, 949 (E.D.

Pa. 1994).

From the face of Plaintiff's Complaint, it is hard to determine what due

process rights she believes have been violated by Downey.  She has alleged

neither the abridgement of a property interest nor a liberty interest.  Her only claim

is that the amount of miles that she drove decreased between the 1999-2000

school year and the 2000-2001 school year.  She has not alleged a protected

interest or the existence of a contract that can be terminated only for cause.[1]

Simply put, there is no property or liberty interest in the number of miles that an

independent contractor is assigned each year.  In fact, as per *Labalokie, supra.*,

---

[1]In fact, she has not alleged the existence of a contract at all.

9

there is not even a property or liberty interest in being given a contract to drive for

the IU.  As such, Plaintiff has failed to state a claim for violation of her due

process rights.

**E.    References to racial issues alleged in Paragraphs 37-40 and 42-44 of Plaintiff's Complaint should be stricken from the record as immaterial and impertinent.**

Federal Rule of Civil Procedure 12(f) permits the Court to strike, upon

motion by a party or on its own initiative, from any pleading "any redundant,

immaterial, impertinent, or scandalous matter."  "[T]he function of a [Rule] 12(f)

motion to strike is to avoid the expenditure of time and money that must arise

from litigating spurious issues by dispensing with those issues prior to trial...."

*Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983).

An allegation is considered impertinent and immaterial if it has no

relationship to the controversy at hand.  "Immaterial matter is that which has no

essential or important relationship to the claim for relief ... being pleaded."  5A

Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1382, at

706-07 (2d ed. 1990).  "Impertinent matter consists of statements that do not

pertain, and are not necessary, to the issue in question."  *Id.* at 711.

It is recognized that the striking of pleadings is an extreme remedy that should not be resorted to lightly.  The allegations made within the Complaint, however, are extremely inflammatory and lend no support to any of Plaintiff's claims.  Plaintiff sets forth in infinite detail an alleged master plot by Downey and the other defendants to deprive black residents of Harrisburg jobs driving for one particular contractor.  Complaint ¶¶ 37-40.  She alleges an intricate conspiracy whereby Downey allegedly assisted Morrison in drafting an advertisement for drivers to run in specific newspapers solely to "hide from Black officials in Harrisburg" so that Morrison could "avoid hiring black persons."  Complaint ¶ 40.  She specifically alleges that these actions by Downey (for which she has not given even the slightest scintilla of evidence) were designed to "den[y] many deserved employment opportunities for [Harrisburg's] black residents."  Complaint ¶ 43.

A look at Plaintiff's complaint, however, indicates that she has not raised any claims for which these allegations are relevant.  She raises claims of anti-trust violations, violation of due process, violation of equal protection, violation of her right to be free to engage in her chosen profession and violation of various laws of the Commonwealth including breach of contract and civil conspiracy.  Complaint ¶ 1 and pp. 9-10.  Nowhere has Plaintiff raised a claim for discrimination based on

11

race. It is respectfully submitted that Plaintiff would not have standing to raise such an issue because she is neither Black nor to the best of Downey's knowledge are any of her employees.

Downey can only surmise that the purpose of placing this inflammatory and irrelevant material into the Complaint was to sway public opinion against the IU. In fact, it would be hard to imagine any information that would be more inflammatory than to suggest that the government is purposefully discriminating against individuals based on their race. Plaintiff, however, did not raise any claims for racial discrimination (or discrimination based on any other protected classification). As such, these allegations bear no relevance to the case at hand.

For the forgoing reasons, Defendant Downey respectfully requests that this Court strike all references to racially discriminatory behavior alleged to have been promulgated by himself and/or the IU as impertinent, irrelevant and scandalous including all allegations set forth in Paragraphs 37-40 and 42-44 of Plaintiff's Complaint.

## V.  CONCLUSION

For the reasons stated above, Defendant Downey respectfully requests that Plaintiff's claim relative to unnamed antitrust laws and breach of contract be

12

dismissed.  Defendant Downey further requests that any reference to racial

discrimination including the entirety of paragraphs 37-40 and 42-44 of Plaintiff's

Complaint be stricken as immaterial and impertinent.

Respectfully submitted:

STOCK AND LEADER,
A Professional Corporation


BY: _____

Stephen S. Russell, Esquire
I.D. No. 17102
Melinda B. Kaufmann, Esquire
I.D. No. 82088
35 South Duke Street
P.O. Box 5167
York, PA  17405-5167
(717) 846-9800

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| BEVERLY BEAM | : | |
| **Plaintiff** | : | |
| | : | |
| v. | : | CIVIL ACTION NO.: 1:CV-01-0083 |
| | : | |
| SCOTT DOWNEY, | : | |
| ROGER MORRISON, | : | |
| DAVID GRAYBILL | : | |
| and MICHAEL SWEGER | : | |
| **Defendants** | : | |

**CERTIFICATE OF SERVICE**

    **AND NOW**, this ___14th___ day of March 2001, I, Melinda B. Kaufmann, Esquire, of the law firm of Stock and Leader, a Professional Corporation, attorneys for the Defendant, hereby certify that I served the foregoing DEFENDANT DOWNEY'S BRIEF IN SUPPORT OF DEFENDANT'S PARTIAL MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND TO STRIKE IMPERTINENT MATERIAL this day by depositing the same in the United States first-class mail, postage prepaid, in York, Pennsylvania, addressed to:

Don Bailey, Esquire
4311 N. 6th Street
Harrisburg, PA 17110

Daniel P. Altland, Esquire
3401 N. Front Street
Harrisburg, PA 17110

Steven J. Schiffman, Esquire
2080 Linglestown Road
Harrisburg, PA 17110

STOCK AND LEADER,
A Professional Corporation

By___*Melinda B. Kaufmann*___
    Melinda B. Kaufmann, Esquire
    I.D. # 82088
    35 South Duke Street
    P. O. Box 5167
    York, PA 17405-5167
    Telephone: (717) 846-9800

F:\USERS\SCHOOL\CAPITAL.IU\PLD\MOTDIS.01