IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BEVERLY BEAM, | CIVIL ACTION LAW |
| Plaintiff, | |
| | Docket No.: 1: CV-01-0083 |
| v. | |
| | (Judge McClure) |
| SCOTT DOWNEY, ROGER MORRISON, DAVID GRAYBILL, and MICHAEL SWEGER, | |
| Defendants. | |

FILED
WILLIAMSPORT, PA

MAR 1 9 2001

MARY E. D'ANDREA, CLERK
Per_____ DEPUTY CLERK

**MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6), OR IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT PURSUANT TO FED. R. CIV. P. 12(e)**

AND NOW, come the Defendants, David Graybill and Michael Sweger, by and through their attorneys, STEVEN J. SCHIFFMAN, Esquire and the law firm of SERRATELLI, SCHIFFMAN, BROWN, & CALHOON, P.C., who brings this Motion to Dismiss and avers as follows:

1.    Plaintiff, Beverly Beam filed a Complaint against DAVID GRAYBILL, and MICHAEL SWEGER, (herein referred to collectively as "Defendants") on or about January 16, 2001 which appears to request relief for alleged violations of Plaintiff's rights under the Fourteenth Amendment of the United States Constitution and anti-trust violations. Said Complaint also appears to include a pendent state law claim of civil conspiracy.

2. Defendant, David Graybill (hereinafter referred to as "Graybill") is an adult individual.

3. Defendant, Michael Sweger (hereinafter referred to as "Sweger") is an adult individual.

4. Assuming Plaintiff is attempting to allege that Defendants Graybill and Sweger violated Plaintiff's substantive due process rights, she fails to allege that Defendants are state actors or that she has a protected property interest.

5. Assuming Plaintiff is attempting to assert an equal protection violation against Defendants Graybill and Sweger, Plaintiff fails to allege that Defendants are state actors, that she is a member of a suspect class or that a fundamental interest is at issue.

6. Defendants Graybill and Sweger in no way create or enforce the policies and standards of the Capital Area Intermediate Unit for purposes of contracting for transportation services.

7. Plaintiff fails to set forth the elements of a violation of any anti-trust statute.

8. Plaintiff has not alleged any restraint on interstate commerce.

9. The parties are exempt from the anti-trust laws in that they were acting under state legislature that provides for the appropriation of funding for school transportation

10. To properly make a claim of civil conspiracy, Plaintiff must set forth the elements of an underlying tort.

11. Plaintiff has failed to set forth a breach of contract claim.

12. Plaintiff has not averred in her Complaint that she had a contract with Defendants Graybill and Sweger.

13. Defendants Graybill and Sweger move this Court to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the ground that the Complaint fails to state a claim against these Defendants for which relief can be granted, and to dismiss these Defendants from the action with prejudice.

14. Plaintiff's Complaint contains further defects in that the paragraphs titled "Operative Facts" are not broken down to divide specific causes of action relative to any one of the Defendants.

15. Plaintiff's Complaint, consisting of 34 paragraphs, entitled Statement of Operative Facts does not comply with Fed. R. Civ. P. 8(e)(1) in that the averments are not simple, concise or direct.

16. The averments of Plaintiff's Complaint are so vague and ambiguous that Defendants Graybill and Sweger cannot reasonably be required to file a responsive pleading.

17. Plaintiff has failed to join the Capital Area Intermediate Unit as a defendant to this action despite the fact that the Intermediate Unit is referenced in several paragraphs of the Complaint.

18. If the Court finds that some claim for relief is set out in the Complaint as currently drafted, Defendants move for an order requiring the Plaintiff to restate the Complaint in a form that will permit a responsive pleading under Rule 12(e) of the Federal Rules of Civil Procedure.

WHEREFORE, Defendants, David Graybill and Michael Sweger, respectfully move that Plaintiff's Complaint be dismissed for failure to state a cause of action for which relief can be granted, or in the alternative, direct Plaintiff to make a more definite statement.

Respectfully submitted,

SERRATELLI, SCHIFFMAN, BROWN
& CALHOON, PC

By _____
Steven J. Schiffman, Esquire
I.D. No.: 25488
Suite 201, 2080 Linglestown Road
Harrisburg, PA 17101
(717) 540-9170
Attorneys for Defendants David Graybill
And Michael Sweger

Dated: 3/16/01

L:\merb\Graybill\Dismiss.mot.doc

4

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BEVERLY BEAM, | : CIVIL ACTION LAW |
| Plaintiff, | : |
| | : Docket No.: 1: CV-01-0083 |
| v. | : |
| | : (Judge McClure) |
| SCOTT DOWNEY, ROGER MORRISON, DAVID GRAYBILL, and MICHAEL SWEGER, | : |
| Defendants. | : |

## CERTIFICATE OF CONCURRENCE

I, Steven J. Schiffman, Esquire, certify that I have contacted Counsel for Defendants Scott Downey and Roger Morris to seek his concurrence and/or nonconcurrence in the within Motion. Defendants concur in Defendants' Motion.

SERRATELLI, SCHIFFMAN, BROWN
& CALHOON, PC

By _____
Steven J. Schiffman, Esquire
I.D. No. 25488
Suite 201, 2080 Linglestown Road
Harrisburg, PA 17101
(717) 540-9170
Attorneys for Defendants David Graybill
and Michael Sweger

Dated: March 16, 2001

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BEVERLY BEAM, | CIVIL ACTION LAW |
| Plaintiff, | |
| | Docket No.: 1: CV-01-0083 |
| v. | |
| | (Judge McClure) |
| SCOTT DOWNEY, ROGER MORRISON, DAVID GRAYBILL, and MICHAEL SWEGER, | |
| Defendants. | |

### CERTIFICATE OF NONCONCURRENCE

I, Stevn J. Schiffman, Esquire, certify that I have contacted Counsel for Plaintiff to seek his concurrence and/or nonconcurrence in the within Motion. Plaintiff does not concur in Defendants' Motion.

SERRATELLI, SCHIFFMAN, BROWN
& CALHOON, PC

By _____
Steven J. Schiffman, Esquire
I.D. No.: 25488
Suite 201, 2080 Linglestown Road
Harrisburg, PA 17101
(717) 540-9170
Attorneys for Defendants David Graybill
and Michael Sweger

Dated: March 16, 2001

## CERTIFICATE OF SERVICE

I, Steven J. Schiffman, Esquire, hereby certify that I have served a true and correct copy of the foregoing document by depositing such in the regular U.S. Mail, addressed as follows:

Don Bailey, Esquire
4311 N. Sixth Street
Harrisburg, PA 17110

P. Daniel Atland, Esquire
Mette, Evans & Woodside
3401 N. Front Street
Harrisburg, PA 17110

Stephen S. Russell, Esquire
Stock and Leader
35 South Duke Street
York, PA 17405-5167

Steven J. Schiffman, Esquire
Suite 201, 2080 Linglestown Road
Harrisburg, PA 17110
(717) 540-9170

Dated: March 16, 2001

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BEVERLY BEAM, | : CIVIL ACTION LAW |
| Plaintiff, | : |
| | : Docket No.: 1: CV-01-0083 |
| v. | : |
| | : (Judge McClure) |
| SCOTT DOWNEY, ROGER MORRISON, DAVID GRAYBILL, and MICHAEL SWEGER, | : |
| Defendants. | : |

## ORDER

AND NOW, this _____ day of _____, 2001, upon consideration of Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6), or in the alternative, Motion for More Definite Statement Pursuant to Fed. R. Civ. P. 12(e), it is hereby ORDERED that Plaintiff's Complaint is dismissed as to Defendants David Graybill and Michael Sweger.

_____
J.