## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BEVERLY BEAM, | : | CIVIL ACTION LAW |
| Plaintiff, | : | |
| | : | Docket No.:  1: CV-01-0083 |
| v. | : | |
| | : | (Judge McClure) |
| SCOTT DOWNEY, ROGER | : | |
| MORRISON, DAVID GRAYBILL, | : | FILED |
| and MICHAEL SWEGER, | : | WILLIAMSPORT, PA |
| | : | |
| Defendants. | : | MAR 2 8 2001 |

MARY E. D'ANDREA, CLERK

Per _____

DEPUTY CLERK

## BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6) OR IN THE ALTERNATIVE, A MORE DEFINITE STATEMENT PURSUANT TO FED. R. CIV. P. 12(e)

### I.    INTRODUCTION

Defendants David Graybill and Michael Sweger, by and through their

attorneys Steven J. Schiffman, Esquire and the law firm of Serratelli, Schiffman,

Brown & Calhoon, P.C., file this Brief in Support of their Motion to Dismiss

Plaintiff's Complaint on the grounds that she has failed to state a claim for which

relief can be granted. Plaintiff Beverly Beam initiated this action by filing her Complaint which contains forty-four paragraphs of disjunctive and conclusory statements. Defendants assert that these statements do not set forth the elements for any of the claims that Plaintiff may be alleging, and ask the Court to dismiss her Complaint. In the alternative, Defendants Graybill and Sweger move this Court to direct Plaintiff to file a more definite statement of her claims so that a responsive pleading may be filed.

## II.    PROCEDURAL BACKGROUND

Plaintiff, Beverly Beam filed this Complaint on or about January 16, 2001, apparently raising allegations of equal protection, substantive due process and anti-trust violations, along with a pendent state claim of civil conspiracy. On or about January 29, 2001, Defendants David Graybill and Michael Sweger executed a Waiver of Service of Summons. A Praecipe for Entry of Appearance was then filed January 31, 2001, on behalf of Defendants Graybill and Sweger. Defendants Graybill and Sweger on March 19, 2001, filed a Motion to Dismiss pursuant to Fed. R. Civ. P 12(b)(6), or in the alternative a Motion for More Definite Statement pursuant to Fed. R. Civ. P. 12(e). Defendants now file this Brief in Support of their Motion to Dismiss, or in the alternative, Motion for a More Definite Statement.

## III.   STATEMENT OF FACTS

The facts as plead in Plaintiff's complaint, which for purposes of this Motion must be treated as true, are as follows:

Plaintiff, Beverly Beam alleges she is an independent contract driver, who provides transportation services to the Capital Area Intermediate Unit (CAIU). (Complaint at ¶¶ 1, 11). Defendants David Graybill, hereinafter referred to as "Graybill," and Michael Sweger, hereinafter referred to as "Sweger," according to Plaintiff's Complaint, are also independent transportation contractors who provide services to the CAIU. (Complaint at ¶¶ 8, 10a). All events relevant to this matter have occurred in Cumberland, Dauphin and Perry Counties. (Complaint at ¶ 6). Plaintiff also states that while she is a small independent contractor, Graybill and Sweger are larger independent contractors and that larger independent contractors are trying to force smaller independent contractors out of business. (Complaint at ¶ 15).

Further, Plaintiff asserts that transportation routes were taken from Plaintiff and given to the larger independent contractors. (Complaint at ¶¶ 12, 18). One such route covered by Plaintiff in previous years was given to Graybill and Sweger for the alleged purpose of forcing Plaintiff out of business. (Complaint at ¶ 19). In Paragraph 21 of her Complaint, Plaintiff also claims that the children on that route

and their family were made to suffer as a result of this route being given to Graybill.

Plaintiff then goes on to allege that the actions taken by the Defendants, including changing Plaintiff's routes, were done for the purpose of yielding to the larger independent contractors. (Complaint at ¶ 27). In addition, Plaintiff claims that Defendant Downey and some of the larger independent contractors developed a wheelchair policy requiring each contractor to acquire at least two wheelchair vans for the purpose of forcing Plaintiff out of business. (Complaint at ¶¶ 28, 29). That it is the purpose of some plan to give all of the CAIU transportation business to a small group of independent contractors, including Graybill and Sweger. (Complaint at ¶ 26). Plaintiff further states that Defendant Scott Downey, Transportation Supervisor for the CAIU, has assisted the remaining Defendants in developing their businesses. (Complaint at ¶ 36).

## IV.   STATEMENT OF ISSUES PRESENTED

1.   Should Plaintiff's Complaint be dismissed for failure to state a claim of violation of her substantive due process rights under the Fourteenth Amendment of the United States Constitution against Defendants Graybill and Sweger?

(Suggested Answer: yes)

4

2.    Should Plaintiff's Complaint be dismissed for failure to state a claim of violation of her equal protection rights under the Fourteenth Amendment of the United States Constitution against Defendants Graybill and Sweger?

(Suggested Answer: yes)

3.    Should Plaintiff's Complaint be dismissed for failure to state a claim of anti-trust violations against Defendants Graybill and Sweger?

(Suggested Answer: yes)

4.    Should Plaintiff's Complaint be dismissed for failure to state a claim of civil conspiracy against Defendants Graybill and Sweger?

(Suggested Answer: yes)

## V.   ARGUMENT

### A.   STANDARD OF REVIEW

"A motion to dismiss pursuant to Rule 12(b)(6) may be granted only if, accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." Maio v. Aetna, Inc., et al., 221 F.3d 472 (3d Cir. 2000), *citing*, In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410,1420 (3d Cir. 1997).  The court is only to look at the facts alleged in plaintiff's complaint and its attachments, if any, when

determining whether to grant a motion to dismiss. See Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250 (3d Cir. 1994).

Plaintiff has alleged that Defendants Sweger and Graybill have violated her right to equal protection and substantive due process under the Fourteenth Amendment of the United States Constitution, yet she fails to allege that Sweger and Graybill are state actors. Further, Plaintiff alleges that Sweger and Graybill have committed anti-trust violations, yet she fails to allege which anti-trust statute has been violated or that there is any effect on interstate commerce. Regarding Plaintiff's pendent state cause of action for civil conspiracy, based on a breach of contract claim, Plaintiff has failed to allege that she was a party to a contract with Sweger and Graybill, or any one else, thereby failing to properly plead a breach of contract claim. As such, her claim of civil conspiracy also fails. Even accepting as true the allegations in Plaintiff's Complaint, Plaintiff has failed to state a claim upon which relief can be granted.

**B.    Plaintiff has failed to set forth the elements of a substantive due process claim against Defendants Graybill and Sweger, thus her Complaint should be dismissed.**

In a Section 1983 case, 42 U.S.C. §1983, Plaintiff must allege that the Defendants deprived her of a right under the United States Constitution or federal

law and that the Defendants acted under color of state law.  See; Andickes v. Kress, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970).  Based on the brief statement made in the introduction of Plaintiff's Complaint, it appears that she is alleging all of the Defendants violated her due process rights under the Fourteenth Amendment of the United States Constitution.  However, Plaintiff has failed to allege a deprivation of either a procedural or substantive due process violation.

"The core of due process is the protection against arbitrary governmental activity."  Boyanowski v. Capital Area Intermediate Unit, 215 F.3d 396 (3d Cir. 2000).  As no legislative action is apparent in this case, it is presumed that Plaintiff intended to allege a deprivation a fundamental right by executive action of the Capital Area Intermediate Unit.  In cases dealing with alleged abusive executive action, "only the most egregious official conduct can be said to be arbitrary in the constitutional sense."  See id. at 400, citing County of Sacramento v. Lewis, 523 U.S. 833, 846, 118 S.Ct. 1061 (1998).  Defendants Graybill and Sweger are independent transportation contractors, and are not in any way state officials.  They are incapable of taking governmental or official action.  Therefore, Plaintiff must allege that Graybill and Sweger acted under of color of state law.  Plaintiff's Complaint fails to allege that these private parties acted to deprive Plaintiff of a fundamental interest in cooperation with state involvement.

If the Court finds that Plaintiff has alleged Defendants Graybill and Sweger have, in some way, acted under color of state law, Plaintiff's burden to allege the deprivation of a fundamental right remains. However, Plaintiff clearly fails to allege that she has been deprived of either a property interest or a liberty interest. One can only assume that Plaintiff's allegations to loss of mileage (transportation routes) under her contract with the CAIU are to be perceived as a property interest. "To prevail on a non-legislative substantive due process claim, 'a plaintiff must establish as a threshold matter that he has a protected property interest to which the Fourteenth Amendment's due process protection applies.'" Nicholas, M.D. v. Pennsylvania State University, 227 F.3d 133 (3d Cir. 2000), *citing* Woodwind Estates, Ltd. V. Gretkowski, 205 F.3d 118, 123 (3d Cir. 2000). "However, not all property interests. . .are protected by the concept of substantive due process." Id.

"A substantive due process claim grounded in an arbitrary exercise of governmental authority may be maintained only where the plaintiff has been deprived of a 'particular type of property interest." Independent Enterprises, Inc. v. Pittsburgh Water and Sewer Authority, 103 F.3d 1165, 1179 (3d Cir. 1997). "One who bids on public contract has no legitimate expectation of receiving it under Pennsylvania law, and thus does not have property interest protected under due process clause." Id. In that case, plaintiff was bidding on a contract to construct/maintain water lines from the city water authority. See id. A contract to

8

provide transportation with the CAIU is similar to the public contract at issue in Independent Enterprises, Inc., thus Plaintiff would not have a property interest in that contract for purposes of a substantive due process claim. As a result of Plaintiff's failure to allege a fundamental right that is protected under the due process clause, Plaintiff's Complaint must be dismissed for failure to state a due process claim.[1]

## C.    Plaintiff has failed to set forth the elements of an Equal Protection Claim against defendants Graybill and Sweger, thus her Complaint should be dismissed.

The Fourteenth Amendment of the United States Constitution provides that no state shall, "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. Amend. XIV. "Section 1983 provides a cause of action for violations of federally secured statutory or constitutional rights 'under color of state law'." Abbott v. Latshaw, 164 F.3d 141, 145 (3d Cir. 1998).

Initially, one must point out that Plaintiff has failed to allege that the Commonwealth of Pennsylvania, a state agent or an individual acting under color

---

[1] Defendants Graybill and Sweger incorporate herein by reference, section IV. D. of Defendant Downey's Brief in Support of Defendant's Partial Motion to Dismiss, relative to the Plaintiff's failure to plead a fundamental property right worthy of protection under the due process clause of the Fourteenth Amendment of the United States Constitution.

of state law has denied her equal protection. Further, Defendants Graybill and Sweger are private citizens and business owners, much like Plaintiff herself. Even if Plaintiff had alleged that Graybill and Sweger are acting under color of state law, she has not alleged whether the basis for her equal protection claim is dissimilar treatment or whether she is being deprived of a fundamental right.

"In order to sustain a claim under Section 1983 based on the equal protection clause of the Fourteenth Amendment, plaintiff must show he was a member of a protected class, was similarly situated to members of an unprotected class, and was treated differently from the unprotected class." Wood v. Cohen, 1998 WL 88387, 8 (E.D. Pa. 1998), aff'd, 205 F.3d 1331 (3d Cir. 1999). First, Plaintiff has not alleged that she is a member of a protected class. Based on the averments contained within the Complaint, the only distinction that Plaintiff may be drawing between herself and Defendants is that she operates a smaller transportation service. A difference in the size of a person's business does not lend itself to membership in a protected class.

Similar to the analysis for a substantive due process claim, one can also raise a Fourteenth Amendment equal protection claim for the deprivation of a fundamental right. Once again, though, Plaintiff has not alleged a deprivation of a right guaranteed by the constitution or a federal statute. With regards to Plaintiff's contract with the CAIU, a bid for a public contract does not give rise to the type of

property interest that is a fundamental right.  See Independent Enterprises, Inc.,

supra, 103 F.3d at 1179.  Therefore, Plaintiff has not adequately raised an

allegation of an equal protection violation against Defendants Graybill and Sweger.

**D.    Plaintiff has failed to set forth the elements of an anti-trust violation against Defendants Graybill and Sweger, thus her Complaint should be dismissed.**

     1.    Plaintiff failed to properly allege the elements of an anti-trust violation.

Contained in the introductory paragraph of Plaintiff's Complaint is what

appears to be a conclusory allegation of violation by Defendants of an unnamed

anti-trust statute.  "To make out violation of restraint of trade provision of Sherman

Act, plaintiff must prove: (1) contract, combination or conspiracy: (2) restraint of

trade; and (3) effect on interstate commerce."  Shaw v. Dallas Cowboys Football

Club, Ltd., 172 F.3d 299 (3d Cir. 1999).  To properly state a claim under the

Sherman Act, the Plaintiff must sufficiently allege these elements in her Complaint

as well.  See Armstrong Surgical Center, Inc., v. Armstrong County Memorial

Hospital, et al., 185 F.3d 154 (3d Cir. 1999).

Plaintiff's Complaint fails to allege any effect on interstate commerce.

Defendants are independent contractors who compete for business within the

Commonwealth of Pennsylvania, particularly Central Pennsylvania. Moreover, students transported to the CAIU reside in the Commonwealth of Pennsylvania and are not transported across state boundaries by Defendants to attend school. Just as in <u>United States v. Yellow Cab Co.</u>, 332 U.S. 218, 230, 67 S.Ct. 1560, 1567, 91 L.Ed.2d 2010 (1947), a transportation service company operating in one centralized area, such as those operated by Graybill and Sweger, is "too unrelated to interstate commerce to constitute a part thereof within the meaning of the Sherman Act." *See also* Defendant Downey's Brief in Support of Defendant's Partial Motion to Dismiss, section IV. B., incorporated herein by reference.

Plaintiff has also failed to allege any agreement, contract or conspiracy between any of the Defendants. The only possible contract referred to in Plaintiff's Complaint is her contract with the CAIU to provide transportation for school pupils. Further, no agreement exists between Graybill and Sweger and the other Defendants.

The Complaint also does not contain allegations that there has been any restraint on trade by way of Graybill and Sweger or the other Defendants. Additionally, Plaintiff does not allege that Defendants prevent her from competing for contracts with other facilities.

Without an allegation that Defendants entered into a contract or conspired together; that there is a restraint on trade; or that interstate commerce has been

affected, Plaintiff's count for an anti-trust violation must be dismissed as to

Defendants Graybill and Sweger.

2.    Defendants are immune from the anti-trust laws in that one

cannot conspire with a state agency in violation of the Sherman Anti-

Trust Act.

As a separate ground for dismissal of Plaintiff's anti-trust claim, it is

hornbook law that, "the federal anti-trust laws also do not regulate the conduct of

private individuals in seeking anti-competitive action from the government." City

of Columbia, et al. v. Omni Outdoor Advertising, Inc., 499 U.S. 365, 111 S.Ct.

1344, 113 L.Ed.2d 382 (1991).  The CAIU is a public school which receives state

funding for providing educational services.  Defendants Graybill and Sweger are

private individuals.  In awarding transportation contracts to independent

contractors such as Plaintiff and Defendants Graybill and Sweger, the CAIU is

acting in accordance with the authority to "provide for the free transportation of

any resident pupil." 24 P.S. §13-1361(1).  Therefore, any alleged attempt on the

part of Defendants to conspire with the CAIU to create anti-competitive policies is

not actionable. See City of Columbia, et al., supra, 499 U.S. at 383, 111 S.Ct. at

1355.

**E.    Plaintiff has failed to set forth an underlying tortious act on the part of Defendants Graybill and Sweger, thus her claim of civil conspiracy must fail and Plaintiff's Complaint should be dismissed.**

"Claim of civil conspiracy cannot be pled without also alleging an underlying tort." Boyanowski v. Capital Area Intermediate Unit, 215 F.3d 396 (3d Cir. 2000). "Since liability for civil conspiracy depends on performance of some underlying tortuous act, the conspiracy is not independently actionable; rather it is a means for establishing vicarious liability for the underlying tort." Boyanowski at 407, *citing* Halbertson v. Welch, 705 F.2d 472, 479 (D.C. Cir. 1983). However, not until the final paragraph of Plaintiff's Complaint, the prayer for relief, did she even attempt to allege a breach of contract, presumably the underlying action that is the basis for the allegation of civil conspiracy. Thus, in order for Plaintiff to have properly plead a civil conspiracy claim, Plaintiff must have alleged a breach of contract claim for which she may be entitled to relief against Defendants Graybill and Sweger, or any of the other Defendants.

"One cannot be liable for breach of contract unless one is party to that contract." Electron Energy Corp. v. Short, 408 Pa.Super. 563, 597 A.2d 175 (1991), *appeal granted*, 529 Pa. 664, 604 A.2d 1030 (1992), *Order aff'd*, 533 Pa. 66, 618 A.2d 395 (1993). In order to state a claim for breach of contract, the Plaintiff must allege a valid contract between herself and Defendants; the essential

14

terms of the contract; Plaintiff's compliance with those terms; that Defendants have breached the contract; and damages.  See <u>Gundlach v. Reinstein, et al.</u>, 924 F.Supp. 684 (E.D. Pa. 1996), aff'd 114 F.3d 1172 (3d Cir. 1997).

At no point in the forty-four paragraphs of the Complaint does Plaintiff allege that she was a party to a contract with Graybill and Sweger, or any of the other Defendants.  Further, Plaintiff has not plead the terms of the contract or how any of the Defendants may have breached any contract which may exist.  Thus, Plaintiff's claim for civil conspiracy, which can only survive on Plaintiff's breach of contract claim, must be dismissed as Plaintiff has failed to allege the elements of a breach of contract claim against any of the Defendants.

**F.    If Plaintiff's Complaint is not dismissed in accordance with Federal Rule of Civil Procedure 12(b)(6), Plaintiff should be directed to file a more definite statement so that Defendants may prepare an appropriate response.**

If this Court finds that Plaintiff has stated a claim for which relief may be granted against Defendants Graybill and Sweger, despite the foregoing arguments, Plaintiff should be directed to make a more definite statement of her allegations against those Defendants so that a responsive pleading may be entered.

Where Plaintiff's Complaint, "is so vague or ambiguous or contains such broad generalizations that the defendant cannot frame an answer thereto or understand the nature and extent of the charges so as generally to prepare for trial," a motion for a more definite statement is appropriate. United States v. Kornfeld, 9 F.R.D. 675 (M.D. Pa. 1950). "The test for whether Rule 12(e) is applicable is whether the claims are intelligible. . ." Snyder v. Brownlow, 1993 WL 514565 (E.D. Pa. 1993).

Federal Rule of Civil Procedure 8(e)(1) requires that each averment of a complaint be "simple, concise and direct." "However, the degree of simplicity permitted by Rule 8(e)(1) depends upon the subject matter of the litigation, the nature of the claims or defenses presented, and the number of the parties involved." Electronic Laboratory Supply Company, Inc., v. Motorola, Inc., 1989 WL 113127 (E.D. Pa. 1989). In that case, eight parties were named as defendants in the complaint containing thirteen counts. See id. As a result of plaintiffs' failure to conform with basic specificity requirements, defendants' motion to plead with greater specificity was granted. See id. at 6.

Plaintiff's Complaint clearly does not comply with the standards set forth in Rule 8(e)(1). If not for the conclusory statements contained within the introductory paragraph and prayer for relief, claims presumably being made by Plaintiff would be unintelligible from the remainder of the Complaint. Further, the

16

"Statement of Operative Facts" contained within the forty-four paragraphs of the Complaint does not identify which count(s) is alleged against a particular Defendant or to which claim(s) she is making. With at least four claims being lodged against four Defendants, one is unable to discern the averments which specifically pertain to a claim or Defendant.

Additionally, despite the repeated statements regarding the CAIU, and actions taken by the CAIU, in Plaintiff's Complaint, Plaintiff only named the Transportation Supervisor of the CAIU and failed to join the CAIU as a party to the action.

## VI.    CONCLUSION

For the reasons stated above, Defendants Graybill and Sweger respectfully request that each of Plaintiff's claims be dismissed.  In the alternative, if this Honorable Court finds that Plaintiff has made a claim for which relief may be granted, direct Plaintiff to make a more clear and definite statement of those claims.

Respectfully submitted,

**SERRATELLI, SCHIFFMAN, BROWN
& CALHOON, PC**

By _____
        Steven J. Schiffman, Esquire
        I.D. No.: 25488
        Melanie L. Erb, Esquire
        I.D. No.: 84445
        Suite 201, 2080 Linglestown Road
        Harrisburg, PA 17101
        (717) 540-9170
        Attorneys for Defendants David Graybill
        and Michael Sweger

Dated: 3/27/01

## CERTIFICATE OF SERVICE

I, Melanie L. Erb, Esquire, hereby certify that I have served a true and correct copy of the foregoing document by depositing such in the regular U.S. Mail, addressed as follows:

Don Bailey, Esquire
4311 N. Sixth Street
Harrisburg, PA 17110

P. Daniel Atland, Esquire
Mette, Evans & Woodside
3401 N. Front Street
Harrisburg, PA 17110

Stephen S. Russell, Esquire
Stock and Leader
35 South Duke Street
York, PA 17405-5167

Melanie L. Erb, Esquire
Suite 201, 2080 Linglestown Road
Harrisburg, PA 17110
(717) 540-9170

Dated: March 27, 2001