**ORIGINAL**

FILED
HARRISBURG

MAR 30 2001

MARY E. D'ANDREA, CLERK
Per_____
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BEVERLY BEAM,           :
         Plaintiff      :
                        :
   v.                   :   CIVIL ACTION NO. 1:CV-01-0083
                        :
SCOTT DOWNEY,           :   (Judge McClure)
ROGER MORRISON,         :
DAVID GRAYBILL, and     :
MICHAEL SWEGER,         :
         Defendants     :

**BRIEF IN SUPPORT OF DEFENDANT MORRISON'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6) OR IN THE ALTERNATIVE, A MORE DEFINITE STATEMENT PURSUANT TO FED. R. CIV. P. 12(e)**

METTE, EVANS & WOODSIDE
P. Daniel Altland, Esquire
Sup. Ct. I.D. #25438
3401 North Front Street
P.O. Box 5950
Harrisburg, PA 17110-0950
(717) 232-5000
Attorneys for Defendant, Roger Morrison

# TABLE OF CONTENTS

**Pages**

Table of Citations .................................................. ii

Procedural History ................................................. 1

Statement of Facts ................................................. 1

Questions Presented ............................................... 3

Argument ........................................................... 4
    A. Standard of Review ......................................... 4
    B. Plaintiff has failed to set forth the elements of a substantive
       due process claim against Morrison, thus her Complaint
       should be dismissed ......................................... 5
    C. Plaintiff did not set forth the elements of an Equal
       Protection Claim against Morrison in her Brief ................ 8
    D. Plaintiff's Complaint fails to set forth factual
       predicate upon which a violation of anti-trust laws can be
       ascertained ................................................. 9
    E. Plaintiff's Complaint fails to set forth an actionable
       claim of civil conspiracy .................................. 11
    F. In the alternative, if the Complaint against Morrison is not
       dismissed in accordance with Fed. R. Civ. P. 12(b)(6), Plaintiff
       should be directed to file a more definite statement so
       that Defendants may prepare an appropriate response .......... 13

Conclusion ......................................................... 14

## TABLE OF CITATIONS

**Cases:**                                                                                          **Page**

Abbott v. Latshaw, 164 F.3d 141 (3d Cir. 1998) .......................... 8

Armstrong Surgical Center, Inc. v. Armstrong County Memorial
   Hospital, et al., 185 F.3d 154 (3d Cir. 1999) ......................... 9

Boyanowski v. Capital Area Intermediate Unit, 215 F.3d 396
   (3d Cir. 2000) ........................................................ 7, 11

In re: Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1420
   (3d Cir. 1997) ........................................................ 4

City of Columbia, et al. v. Omni Outdoor Advertising, Inc.,
   499 U.S. 365, 111 S.Ct. 1344, 113 L.Ed.2d 382 (1991) .............. 11

County of Sacramento v. Lewis, 523 U.S. 833, 846,
   118 S.Ct. 1061 (1998) ................................................. 7

Fox Fuel v. Delaware County Schools Joint Purchasing Board,
   856 F.Supp. 945, 949 (E.D. Pa. 1994) ............................... 5

Gundlack v. Reinstein, et al., 924 F.Supp. 684, 688 (E.D. Pa. 1996),
   aff'd 114 F.3d 1172 (3d Cir. 1997) ................................. 12

Independent Enterprises, Inc. v. Pittsburgh Water and Sewer Authority,
   103 F.3d 1165 (3d Cir. 1997) ....................................... 6

Jordan v. Fox, Rothschild, O'Brien & Frankel,
   20 F.3d 1250 (3d Cir. 1994) ........................................ 4

Labalokie v. Capital Area Intermediate Unit,
   926 F. Supp. 503, 508 (M.D. Pa. 1996) .............................. 5

Logan v. Zimmerman Brush Company, 455 U.S. 422, 429,
   102 S.Ct. 1148, 1154, 71 L.Ed. 2d 265 (1981) ....................... 5

Maio v. Aetna, Inc., et al., 221 F. 3d 472 (3d Cir. 2000) .............. 4

In re: Orthopaedic Bone Screw Products Liability Litigation,
   193 F.3d 781 (3d Cir. 1999) ................................ 12

Wood v. Cohen, 1998 WL 88387, 8 (E.D. Pa. 1998) .................. 9

United States v. Yellow Cab Co., 332 U.S. 218, 230, 67 S.Ct. 1560,
   91 L.Ed.2d 2010 (1947) .................................... 10

United States v. Yellow Cab Co., 230, 67, S.Ct. at 1567 .............. 10

**PUBLIC SCHOOL CODE OF PENNSYLVANIA**

24 P.S. §13-1361 ............................................. 11

**STATUTES**

42 U.S.C. §1983 .............................................. 6

I.  PROCEDURAL HISTORY

Plaintiff commenced this action by Complaint filed on January 16, 2001. On January 29, 2001 Defendant Roger D. Morrison ("Morrison") executed a Waiver of Service of Summons and mailed it to Attorney Don Bailey.

Thereafter an entry of appearance dated January 30, 2001 was filed and served. On March 16, 2001 Morrison Filed a Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) or in the Alternative, a Motion for More Definite Statement Pursuant to Fed. R. Civ. P. 12(e). This Brief is filed in support of the Motions.

II. STATEMENT OF FACTS

For purposes of this Motion, the facts are as pled in the Complaint as follows:

Plaintiff alleges that she is an independent contract driver who provides transportation services to the Capital Area Intermediate Unit ("CAIU"). (Complaint at Paragraph 1, 11). Morrison is also an independent contractor who works with the CAIU. (Complaint at Paragraph 1, 10). All parties, material witnesses, and events relevant to this matter are common to Cumberland, Dauphin and Perry Counties, Pennsylvania. (Complaint at Paragraph 6). Plaintiff states that she is a small independent contractor and Morrison and other larger independent

1

transportation contractors are trying to force the smaller independent contractors out of business. (Complaint at Paragraph 15).

Plaintiff asserts that transportation runs were taken from her and given to Morrison and other larger independent contractors. (Complaint at Paragraph 18, 22, 23).

Plaintiff goes on to claim that the actions taken by the Defendants, including changing her routes, were done for the purpose of providing more money to the group of favorites, including Morrison and to run the small independent contractors out of business. (Complaint at Paragraph 22, 23). Plaintiff also alleges that Defendant Downey and some large independent contractors put together a plan to require each independent contractor to acquire at least two wheel chair vans and that such policy was false and pretextual designed to force the Plaintiff and other small independent contractors out of business. (Complaint at Paragraph 28, 29). Plaintiff further claims that Defendant Downey has assisted the Defendants in developing their businesses. (Complaint at Paragraph 17, 36).

III. QUESTIONS PRESENTED

    A. Whether Plaintiff's Complaint against Morrison should be dismissed for failure to state a claim of violation of her substantive due process rights under the Fourteenth Amendment of the United States Constitution.

    (Suggested answer in the affirmative)

    B. Whether Plaintiff's Complaint against Morrison should be dismissed for failure to state a claim of violation of her equal protection rights under the Fourteenth Amendment of the United States Constitution.

    (Suggested answer in the affirmative)

    C. Whether Plaintiff's Complaint against Morrison should be dismissed for failure to state a claim of anti-trust violations.

    (Suggested answer in the affirmative)

    D. Whether Plaintiff's Complaint against Morrison should be dismissed for failure to state a claim of civil conspiracy.

    (Suggested answer in the affirmative)

IV. ARGUMENT

A. **Standard of Review**

"A Motion to Dismiss pursuant to Rule 12(b)(6) may be granted only if, accepting all well-pleaded allegations in the Complaint as true, and viewing them in the light most favorable to Plaintiff, Plaintiff is not entitled to relief." Maio v. Aetna, Inc., et al., 221 F. 3d 472 (3d Cir. 2000), *citing* In re: Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1420 (3d Cir. 1997). The Court is to look only at the facts alleged in the Plaintiff's Complaint and its attachments, if any, when determining whether or not to grant a Motion to Dismiss. See, Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250 (3d Cir. 1994).

It appears from reading Plaintiff's Complaint that she is claiming Defendant Morrison violated her right to equal protection and substantive due process under the Fourteenth Amendment of the United States Constitution, yet there is no allegation nor logical inference that Morrison is a state actor. Further, Plaintiff alleges that Morrison with others committed anti-trust violations, yet Plaintiff fails to allege which anti-trust statute has been violated or that there is any effect on interstate commerce. Regarding her pendent state claim for civil conspiracy, which can only be assumed to be based upon a breach of contract claim, Plaintiff failed to allege that she was a party to a contract with Morrison or anyone else,

4

thereby failing to properly plead a breach of contract claim. Absent an underlying viable claim, a civil conspiracy claim cannot lie. Even accepting all factual allegations in the Complaint, there is no cognizable theory of recovery set forth by Plaintiff and the Complaint should, therefore, be dismissed.

**B.    Plaintiff has failed to set forth the elements of a substantive due process claim against Morrison, thus her Complaint should be dismissed.**

In a Section 1983 case, 42 U.S.C. §1983, a plaintiff must allege that the defendant deprived plaintiff of a right under the United States Constitution or federal law and that the defendant acted under color of law. "The deprivation of a property or liberty interest is a precondition to either a procedural or substantive due process claim. Labalokie v. Capital Area Intermediate Unit, 926 F. Supp. 503, 508 (M.D. Pa. 1996), *citing*, Logan v. Zimmerman Brush Company, 455 U.S. 422, 429, 102 S.Ct. 1148, 1154, 71 L.Ed. 2d 265 (1981). There is no property interest in obtaining a future government contract and government contracts implicate liberty interests only if the denial of the contract is based upon charges of fraud or dishonesty. Id. Only two types of contracts can give rise to a property interest: (1) those in which the contract confers a protected status or (2) those in which the contract can be terminated only for cause. Fox Fuel v. Delaware County Schools Joint Purchasing Board, 856 F.Supp. 945, 949 (E.D. Pa. 1994).

5

The Third Circuit has held that a substantive due process claim predicated upon alleged arbitrary exercise of governmental authority can be maintained only if the Plaintiff has been deprived of a "particular quality of property interest." Although a precise definition of "particular quality of property interest" has not been developed, the Third Circuit has held that the infringed interest must be a concrete one. The Court in <u>Independent Enterprises, Inc. v. Pittsburgh Water and Sewer Authority</u>, 103 F.3d 1165 (3d Cir. 1997) held that the following property interests are not worthy of substantive due process protection:

- Interest in prompt receipt of payment for professional services provided to the state

- State law entitlement to water and sewer services

- A student's right to continued enrollment in a graduate program.

Plaintiff's claim that she has been deprived of certain transportation routes is similar in "quality" as prompt receipt of payment for professional services provided to the state and entitlement to water and sewer services. Accordingly, it is not a property interest worthy of substantive due process protection.

6

Even if there is a property interest, there must be the core showing that there was arbitrary governmental activity. <u>Boyanowski v. Capital Area Intermediate Unit</u>, 215 F.3d 396 (3d Cir. 2000). In that no legislative action is alleged or inferred in this case, it is presumed that Plaintiff intends to allege a deprivation of a fundamental right by executive action of the CAIU. In dealing with such alleged cases of abusive executive action, "only the most egregious official conduct can be said to be arbitrary in the constitutional sense." <u>Id.</u> at 400, *citing* <u>County of Sacramento v. Lewis</u>, 523 U.S. 833, 846, 118 S.Ct. 1061 (1998). Defendant Morrison is an independent transportation contractor. There is no allegation in the complaint nor can there be any inference that he is in any way a governmental official. Therefore, Plaintiff's Complaint fails to allege that these private parties acted to deprive Plaintiff of a fundamental interest in cooperation with state involvement.[1]

---

[1] Defendant Morrison incorporates Section IV.D. of Defendant Downey's Brief in support of his Partial Motion to Dismiss, relative to Plaintiff's failure to plead a fundamental property right worthy of protection under the due process clause of the Fourteenth Amendment of the United States Constitution.

7

### C. Plaintiff did not set forth the elements of an Equal Protection Claim against Morrison in her Brief.

The Fourteenth Amendment of the United States Constitution provides that no <u>state</u> shall "deny to any person within its jurisdiction the equal protection of the laws." As the Court stated in <u>Abbott v. Latshaw,</u> 164 F.3d 141 (3d Cir. 1998) a Section 1983 action lies for violation of federally secured constitutional rights under color of state law.

It must be noted that Plaintiff has failed to allege that the Commonwealth of Pennsylvania, a state agent, or any governmental agent acting under color of state law has denied her equal protection. Further, it is not alleged and cannot be alleged that Defendant Morrison is a state actor. He is, as set forth in the Complaint, an independent transportation contractor.

However, for purposes of this argument, even if it were alleged Morrison is acting of color of state law, Plaintiff's claim must fail in that she has not stated a claim for dissimilar treatment or deprivation of a fundamental right.

Plaintiff has not alleged that she is a member of a protected class. The only allegation of a distinction between Plaintiff and the Defendants set forth in the Complaint is as to the business size of the transportation contractors. No case has

8

been found identifying the size of a person's business as membership in a protected class.

> In order to sustain a claim under Section 1983 based on the equal protection clause of the Fourteenth Amendment, plaintiff must show he was a member of a protected class, was similarly situated to members of an unprotected class, and was treated differently from the unprotected class.

Wood v. Cohen, 1998 WL 88387, 8 (E.D. Pa. 1998).

Just as Plaintiff's Complaint fails to set forth a viable equal protection claim based upon dissimilar treatment, it also fails to set forth a claim predicated upon deprivation of a fundamental right. The analysis of fundamental right for purposes of an equal protection claim is similar to analysis of fundamental right for a substantive due process claim as discussed above at IV, B.

**D.    Plaintiff's Complaint fails to set forth factual predicate upon which a violation of anti-trust laws can be ascertained.**

To properly state a claim under the Sherman Act, a plaintiff must sufficiently allege facts establishing: (1) a contract, combination or conspiracy; (2) restraint of trade; and (3) effect on interstate commerce. Armstrong Surgical Center, Inc. v. Armstrong County Memorial Hospital, et al., 185 F.3d 154 (3d Cir. 1999).

9

Although a heightened pleading standard is no longer permitted with regard to anti-trust violations, the Complaint must include facts to support otherwise vague and conclusory allegations of an anti-trust violation.

Plaintiff's Complaint not only fails to allege any effect on interstate commerce, but the factual averments of the Complaint are diametrically opposed to the jurisdictional element of interstate commerce. The Plaintiff herself stated in paragraph 6 of the Complaint that all parties, material witnesses, and events relevant to this matter are common to Cumberland, Dauphin and Perry Counties, Pennsylvania. The students transported to the CAIU reside in the Commonwealth of Pennsylvania and there is no allegation of transportation of students across state boundaries. In short, there is nothing in the Complaint to suggest that the commerce is anything other than <u>intrastate</u>.

Although transportation services may be covered by the Sherman Act, there must be involvement with interstate commerce. As the Supreme Court noted in <u>United States v. Yellow Cab Co.</u>, 332 U.S. 218, 230, 67 S.Ct. 1560, 91 L.Ed.2d 2010 (1947), a cab company located and operating solely in Chicago, Illinois was "... too unrelated to interstate commerce to constitute a part thereof within the meaning of the Sherman Act." <u>Id.</u> at 230, 67, S.Ct. at 1567.

There is no allegation nor inference in the Complaint that there has been any restraint of trade by Morrison or any of the other Defendants. There is no allegation that the Defendants have prevented Plaintiff from competing for contracts with other facilities and customers.

To the extent one would read into the Complaint and assume that Plaintiff meant to say that Defendant Morrison conspired with the other Defendants to reduce the number of miles of transportation routes assigned to Plaintiff another principal of anti-trust law is implicated. The anti-trust laws do not regulate conduct of private individuals in seeking anti-competitive action from the government. <u>City of Columbia, et al. v. Omni Outdoor Advertising, Inc.</u>, 499 U.S. 365, 111 S.Ct. 1344, 113 L.Ed.2d 382 (1991). The Public School Code of Pennsylvania at 24 P.S. §13-1361(1) provides for the free transportation of any resident pupil. The CAIU is acting in accordance with that authority and any alleged attempt on the part of the Defendants to attempt to create anti-competitive policies is not actionable.

E.   **Plaintiff's Complaint fails to set forth an actionable claim of civil conspiracy.**

As pointed out by the Third Circuit in <u>Boyanowski v. Capital Area Intermediate Unit, supra</u>, a claim of civil conspiracy cannot exist without

11

establishing the underlying tort. In that case the jury found that the defendants engaged in a civil conspiracy, but, as to the underlying tort found in favor of the defendants. Accordingly, the Court set aside the jury's verdict in favor of Dorothy Boyanowski on her civil conspiracy claim. A civil conspiracy is not independently actionable; it is a means for establishing vicarious liability for the underlying tort. Pennsylvania and all jurisdictions that recognize civil conspiracy as a cause of action require a separate tortious act. In re: Orthopaedic Bone Screw Products Liability Litigation, 193 F.3d 781 (3d Cir. 1999).

Assuming that the underlying conduct upon which the civil conspiracy theory is based is breach of contract, the factual averments relative to a breach of contract must be examined.

Nowhere in the Complaint does Plaintiff allege she was a party to a contract with Morrison or any of the other Defendants. Plaintiff has not pled the terms of the contract or how any of the Defendants may have breached those contract terms. In order to state a valid claim for breach of contract the Plaintiff must allege a contract, the essential terms of that contract, plaintiff's compliance with the terms, a defendant's breach of the contract and resultant damages. See, Gundlack v. Reinstein, et al., 924 F.Supp. 684, 688 (E.D. Pa. 1996), aff'd 114 F.3d 1172 (3d Cir. 1997).

**F. In the alternative, if the Complaint against Morrison is not dismissed in accordance with Fed. R. Civ. P. 12(b)(6), Plaintiff should be directed to file a more definite statement so that Defendants may prepare an appropriate response.**

Fed. R. Civ. P. 8(e)(1) requires that each averment of a pleading shall be simple, concise, and direct. The Complaint simply does not meet the requirements of Fed. R. Civ. P. 8 (e)(1). Although there are not detailed technical pleading rules in the federal system, a Complaint must put Defendants on notice as to a cognizable theory and facts to support such theory. In order to file his Motion to Dismiss under Rule Fed. R. Civ. P. 12 (b)(6), Defendant Morrison had to make assumptions as to Plaintiff's theories. Plaintiff's Complaint is vague, ambiguous and contains such broad generalizations that Defendant Morrison cannot be reasonably required to file an answer.

If there is some valid claim contained in the Complaint, the Complaint is so vague and ambiguous that Morrison cannot be reasonably be required to frame a responsive pleading. Plaintiff should be ordered to make a more clear and definite statement of her claims.

13

V. CONCLUSIONS

For the foregoing reasons, Defendant Morrison respectfully requests that the Complaint against him be dismissed in its entirety for Plaintiff's failure to set forth any cognizable theory and facts in support of such theories in her Complaint. Her vague and conclusory statements are not supported by the facts and warrant the sanction of dismissal under Fed. R. Civ. P. 12(b)(6). In the alternative, if it is determined that Plaintiff has made a valid claim somewhere within the Complaint, Plaintiff should be directed to make a more clear and definite statement of such claim or claims.

METTE, EVANS & WOODSIDE

By: *P. Daniel Altland*
P. Daniel Altland, Esquire
Sup. Ct. I.D. #25438

3401 North Front Street
P.O. Box 5950
Harrisburg, PA 17110-0950
(717) 232-5000

Attorneys for Defendant, Roger Morrison

DATE: March 30, 2001

# CERTIFICATE OF SERVICE

I certify that I am this day serving a copy of the foregoing document upon the person(s) and in the manner indicated below, by depositing a copy of same in the United States Mail at Harrisburg, Pennsylvania, with first-class postage, prepaid, as follows:

Don Bailey, Esquire
4311 N. 6th Street
Harrisburg, PA 17110

Stephen S. Russell, Esquire
35 South Duke Street
P.O. Box 5167
York, PA 17405-5167

Steven J. Schiffman, Esquire
2080 Linglestown Road
Harrisburg, PA 17110

METTE, EVANS & WOODSIDE

By: *P. Daniel Altland* (signature)

P. Daniel Altland, Esquire
Sup. Ct. I.D. #25438
3401 North Front Street
P.O. Box 5950
Harrisburg, PA 17110-0950
(717) 232-5000
Attorneys for Defendant, Roger Morrison

DATE: March 30, 2001