STOCK AND LEADER,
A Professional Corporation
35 S. Duke Street
P.O. Box 5167                                                          Phone: (717) 846-9800
York, PA 17405-5167                                                    Fax:    (717) 843-6134

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BEVERLY BEAM                        :
   Plaintiff                        :
                                    :
   v.                               :    CIVIL ACTION NO.
                                    :    NO.: 1:CV-01-0083
                                    :
SCOTT DOWNEY,                       :    (Judge McClure)
ROGER MORRISON,                     :
DAVID GRAYBILL                      :
and MICHAEL SWEGER                  :
   Defendants                       :

**DEFENDANT DOWNEY'S REPLY BRIEF TO
PLAINTIFF'S BRIEF IN OPPOSITION TO
DEFENDANT DOWNEY'S PARTIAL MOTION TO DISMISS
AND STRIKE IMPERTINENT MATTER FROM THE COMPLAINT**

I.  **BACKGROUND**

Plaintiff's entire statement of facts appears to be pure speculation by Plaintiff as to an alleged conspiracy to drive her and other unnamed transportation contractors out of business. Plaintiff has not pointed to even one supported fact to support her allegations. Rather, she makes broad, sweeping statements about the alleged motivations of Downey and others at the Capital Area Intermediate Unit (hereinafter "CAIU") to support her claim. Specifically, Plaintiff repeats, *ad nauseam*, allegations

about the children and parents who allegedly were hurt by Downey's action - people who are irrelevant to her claims of violations of her constitutional rights, breaches of a contract with her and antitrust violations. Plaintiff, however, continues to attempt to sway this court and public opinion against the CAIU and Downey in particular by alleging these unsupported and defamatory statements. Simply put, Plaintiff still has failed to state a claim for any antitrust violations, breach of contract, or violation of her due process rights. In addition, Plaintiff's allegations of alleged racial misconduct are clearly irrelevant to Plaintiff's claims, as are several of the statements in the "Factual History" section of <u>Plaintiff's Brief in Opposition to Defendant Downey's Partial Motion to Dismiss and to Strike Impertinent Matter from the Complaint</u> and should be stricken from the record as impertinent and immaterial.

II. <u>ARGUMENT</u>

    A. PLAINTIFF HAS FAILED TO ALLEGE EVEN THE MOST RUDIMENTARY FACTUAL BASIS TO ESTABLISH AN ANTITRUST VIOLATION.

First, it is difficult to fathom how the CAIU in general, and Downey in particular, could possibly be considered a monopoly when there are approximately twenty-two independent contractors who are currently providing contracted transportation services for the CAIU and its surrounding school districts. Second,

2

despite Plaintiff's protestations to the contrary, as Plaintiff recognized in her Complaint, the business of transporting children from the CAIU takes place solely in three (3) counties within the border of Pennsylvania. Whether or not the CAIU receives tax-free gasoline is irrelevant to the question of whether there is interstate commerce. Clearly, the taxicab drivers addressed by the United States Supreme Court in *United States v. Yellow Cab Co.*, 332 U.S. 218, 67 S.Ct. 1560, 91 L. Ed. 2d 2010 (1947) also used gasoline and clearly that gasoline did not originate in the state of New York. This, however, was not a consideration for the Supreme Court and it should not be a consideration here either. Also, those same taxi-cab drivers most likely used interstate highways just as the CAIU drivers do. This also was not found to impact the issue of whether the federal antitrust laws applied. Clearly, all the activities alleged in Plaintiff's complaint occurred exclusively within the borders of the Commonwealth of Pennsylvania, and more specifically within the boundaries of Cumberland, Dauphin and Perry counties. As such, Plaintiff's Complaint fails on its face to state a claim for an antitrust violation.

Further, in order to establish federal court jurisdiction, the alleged misconduct must have a "substantial effect" on interstate commerce. *Summit Health, Ltd v. Pinkas,* 500 U.S. 322, 328 - 333 (1990). Once again there is no allegation in the

complaint that Downey's alleged misconduct has had, or could have, any effect on interstate commerce, let alone a substantial effect, as Beam alleged in her Complaint the CAIU transports in only three (3) counties as a general rule. *United States v. American Service Corp.*, 580 F.2d 823 (5th Cir. 1978), *cert. denied*, 439 U.S. 1071, 99 S.Ct. 842, 59 L. Ed. 2d 37; *Thunderhill Publishing Company v General Telephone and Electronics Corp.*, 594 F.2d 730 (9th Cir. 1979).

Assuming that Downey is being sued in his official capacity "as the intermediate unit", there cannot be any fees, costs, attorneys fees or damages because the CAIU is absolutely immune from any such awards pursuant to the provision of 15 U.S.C. §35(a) because it is a "local government" as defined in 15 U.S.C. §34(1)(B). This is absolute regardless of whether the local government body acted within its regulatory authority. *Erie Builders v. Erie-Western Pa. Port Authority*, 705 F.Supp. opinion, 882 F.2d 510 (3d Cir. 1989).

The CAIU is clearly a "local government" as it is a special function governmental unit established by state law. Intermediate units were created by the Act of May 4, 1970, P.L. 311, No. 102, adding sections 951 through 974 to the Public School Code of 1949, as amended, 24 P.S. §§9-951 - 9-974. Thus, the Local

Government Antitrust Act, 15 U.S.C. §35(a) makes the CAIU immune from damages, interest on damages, costs or attorney's fees arising under the antitrust laws.

If Plaintiff is suing Downey in his individual capacity, a matter not capable of ascertainment due to the unartful drafting of the Complaint, actions of an individual defendant taken in their official capacity is protected from liability for money damages under the Local Government Antitrust Act as well. *Erie Builders*, supra at 1130.

> *Erie Builders* further stated that:
>
> > . . . to the extent that individual defendants . . . are being sued in their individual capacities, and not as members of the Port Authority they are immune from antitrust liability under the Noer-Pennington Doctrine [citations omitted]. Any unofficial act of the Private Individual defendants directed at influencing the decision of the Port Authority are immune from antitrust liability. This is true "regardless of intent or purpose". This protection applies to an official of a state authority to the extent that the plaintiff alleges that the officials' conduct is taken in his private capacity. <u>Chambers Development Company v. Municipality of Monroeville</u>, 617 F. Supp. 820 (W.D. Pa. 1985).

*Erie Builders*, supra at 1130.

Because Plaintiff has failed to state which antitrust law is allegedly being violated and because the court has no jurisdiction pursuant to the Local Government Antitrust Act, this allegation should be dismissed.

> B. PLAINTIFF FAILED TO ALLEGE THE EXISTENCE OF A CONTRACT OR ANY BREACH OF THAT CONTRACT TO SUPPORT A CLAIM FOR BREACH OF CONTRACT UNDER PENNSYLVANIA LAW.

In Plaintiff's "Brief in Opposition to Defendant Downey's Partial Motion to Dismiss and Strike Impertinent Matter from the Complaint" she does not, once again, allege a breach of contract. Plaintiff still fails to set forth any set of facts under which an alleged breach of contract claim could arise.

As noted at page 7 and 8 of Defendant Downey's Brief in Support of Defendant's Partial Motion to Dismiss Plaintiff's Complaint and to Strike Impertinent Material, Plaintiff must allege specific elements to find a breach of contract properly plead. Again, Plaintiff has failed to do so.

Plaintiff's Brief (at p. 6) states, "Plaintiff has pled a breach of contract or more specifically that Downey acted for third persons such as the non-government defendants here, to ensure that the IU, by and through him, did not in good faith, contract with the Plaintiff." Thus, Plaintiff has failed to allege the existence of a contract.

Furthermore, Defendant Downey is not a part to any contract. If there were a contract in effect it would have been with Plaintiff and the CAIU. It would not have been with Downey, an employee of the CAIU.

> It is fundamental contract law that one cannot be liable for a breach of contract unless one is a party to the contract."

*Fox Fuel v. Delaware County Schools Joint Purchasing Board*, 856 F.Supp 945 (E.D. Pa. 1994), citing *Election Energy Corp. v. Short*, 408 Pa. Super. 563, 567, 597 A.2d 175, 177 (1991).

Again, Plaintiff's claims for breach of contract must fail.

C.  PLAINTIFF FAILED TO STATE A CLAIM FOR VIOLATION OF HER RIGHT TO DUE PROCESS

Plaintiff has not responded to Defendant Downey's claim with respect to this matter. Accordingly, Defendant's argument, at pp. 8-10, is incorporated herein by reference for the benefit of the Court. (<u>Defendant's Downey's Brief in Support of Defendant's Partial Motion to Dismiss Plaintiff's Complaint and to Strike Impertinent Material</u>).

D.  REFERENCES TO RACIAL ISSUES IN PARAGRAPHS 37-40 AND 42-44 OF PLAINTIFF'S COMPLAINT SHOULD BE STRICKEN FROM THE RECORD AS IMMATERIAL AND IMPERTINENT.

It almost shocks the conscience that Plaintiff would respond to this matter by saying, "Central Pennsylvania is not Philadelphia or New York or Chicago or Los Angeles or Miami so plaintiff doubts that they would inflame anybody here." Racism is racism anywhere. Can Plaintiff really believe that no one in Central Pennsylvania would care about racism? We think not!

Again, these allegations/matters bear absolutely no relationship to the claim for relief being pleaded. 5A Charles A. Wright and Arthur R. Miller, Federal Practice and Procedure §1382 at 706-07 (2d Ed. 1990). As has been noted, this is no more than allegations to a plot that have absolutely no bearing on the matter at hand.

Because the allegations are of a scurrilous nature, are inflammatory and irrelevant, paragraphs 37 - 40 and 42 - 44 of Plaintiff's Complaint and any other references to race should be stricken.

III. **CONCLUSION**

For the reasons stated above, Defendant Downey respectively requests that Plaintiff's claim relative to unnamed antitrust laws and breach of contract be dismissed. Defendant Downey further requests that any reference to racial discrimination, including all of paragraphs 37 - 40 and 42 - 44 of Plaintiff's Complaint be stricken as immaterial and impertinent.

Respectfully submitted,

STOCK AND LEADER,
A Professional Corporation

BY: *Stephen S. Russell*
Stephen S. Russell, Esquire
I.D. No. 17102
Melinda B. Kaufmann, Esquire
I.D. No. 82088
35 South Duke Street
P.O. Box 5167
York, PA 17405-5167

Dated: April 24, 2001                    (717) 846-9800

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BEVERLY BEAM :
    Plaintiff :
 :
v. : CIVIL ACTION NO.: 1:CV-01-0083
 :
SCOTT DOWNEY, : (Judge McClure)
ROGER MORRISON, :
DAVID GRAYBILL :
and MICHAEL SWEGER :
    Defendants :

## CERTIFICATE OF SERVICE

AND NOW, this 24th day of APRIL 2001, I, Stephen S. Russell, Esquire, of the law firm of Stock and Leader, a Professional Corporation, attorneys for the Defendant, hereby certify that I served the foregoing DEFENDANT DOWNEY'S REPLY BRIEF TO PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT DOWNEY'S PARTIAL MOTION TO DISMISS AND STRIKE IMPERTINENT MATTER FROM THE COMPLAINT this day by depositing the same in the United States first-class mail, postage prepaid, in York, Pennsylvania, addressed to:

Don Bailey, Esquire
4311 N. 6th Street
Harrisburg, PA 17110

Daniel P. Altland, Esquire
3401 N. Front Street
Harrisburg, PA 17110

Steven J. Schiffman, Esquire
2080 Linglestown Road
Harrisburg, PA 17110

STOCK AND LEADER,
A Professional Corporation

By: _____*Stephen S. Russell*_____
Stephen S. Russell, Esquire
I.D. # 82088
35 South Duke Street
P. O. Box 5167
York, PA  17405-5167
Telephone:  (717) 846-9800

F:\USERS\SCHOOL\CAPITAL.IU\PLD\REPLY.BRF