● **ORIGINAL** ●

IN THE UNITED STATES DISTRICT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BEVERLY BEAM | ) | CIVIL ACTION LAW |
| | ) | |
| Plaintiff | ) | |
| | ) | ~~1:CV-01-0600~~ |
| vs. | ) | 1:CV-01-83 |
| | ) | J. McClure |
| SCOTT DOWNEY, ROGER MORRISON, DAVID GRAYBILL AND MICHAEL SWEGER | ) | JURY TRIAL DEMANDED |
| Defendants | ) | |

## JOINT CASE MANAGEMENT PLAN

Instructions: In many cases there will be more parties in the action than there are spaces provided in this form. Each party shall provide all requested information. If the space on this form is not sufficient, the form should be retyped or additional pages attached.

No party may submit a separate Case Management Plan. Disagreements among parties with respect to any of the matters below shall set forth in the appropriate section.

Having complied with the meet and confer requirements set forth in the LOCAL RULES, or with any orders specifically modifying their application in the above captioned matter, the parties hereby submit the following Joint Case Management Plan.

2

1. **Principal Issues**

   1.10 Separately for each party, please give a statement summarizing this case:

   By Plaintiff Beam:

   The plaintiff is an independent contractor (IC's) for the IU. During the term of their contract the defendants worked together to alter the terms and conditions of the contract. They effected the changes through Downey, a state actor for purposes of §1983. They took a run from plaintiff and gave it to Graybill and Sweger. They took IU wheel chair runs and gave them to Morrison. All to simply put money in their friends hands, the private defendants. The defendants denied a plan to avoid hiring black citizens as a way to further line the pockets at the same time for the defendants' Morrison. All these efforts to help the defendants harassed the plaintiff. Most crucial of all was a wheel chair van scheme designed specifically, and applied selectively, to hurt small IC's indeed did cause plaintiff to invest in a van, and luckily for her, the rules were changed by defendants again before she went under.

   By Defendant Downey:

   The Capitol Area Intermediate Unit (CAIU) provides transportation for students going to CAIU programs and for special needs students in surrounding school districts. This transportation is provided by a combination of CAIU employed drivers and independent contractors. Scott Downey was hired as Transportation Director of the CAIU in June 1999. In the past two years he has endeavored to reduce the cost of providing that transportation. To this end, he has reduced the number of drivers employed by the CAIU and has increased the amount of business given to independent drivers. He also has examined the routes and altered them so that the routes are closer to the driver's homes and in general are limited to a smaller geographic area. This has reduced the overall number of miles (both empty and with students) for which the CAIU must pay. Plaintiff is one of approximately 22 independent contractors who provides services to the CAIU. Due to the reorganization and the opening of a new school Plaintiff's mileage was reduced during the 2000-2001 school year from her previous mileage.

3

### By Defendants Graybill and Sweger:

Plaintiff is an independent transportation contractor who transports school pupils for the Capital Area Intermediate Unit. Defendants Graybill and Sweger are also independent transportation contractors who transport central Pennsylvania school students to the Capitol Area Intermediate Unit. At no time did Graybill and Sweger act with any party to violate Plaintiff's rights.

### By Defendant Morrison:

Plaintiff, just as Defendants Sweger, Graybill and Morrison signed a Contract for the Transportation of School Pupils with the CAIU. Under the Contract the CAIU has the power to: determine the number of days transportation will be furnished; determine and alter bus schedules, mileage and routes; determine and modify bus stops. The determination of CAIU on these items is final and binding. The Contract clearly provides that there is no guarantee that the number of runs will be the same as in previous years or that additional runs will be available during the term of the Contract or any future contract...

Defendant Morrison had no input in scheduling transportation assignments and did not attempt to alter any of Plaintiff's assignments. Defendant Morrison and five or six other contractors were able to persuade the CAIU to increase the mileage rate, for the benefit of all contractors.

### disputes are:

1.11 Plaintiff was treated differently than Graybill and Sweger.

1.12 Whether Downey has given any of Plaintiff's work to either Sweger or Graybill.

1.13 Whether IU officials, including Marc Bauer, promised to maximize state reimbursement and/or preserve the small independent contractor's relationship with the IU.

1.14 Whether the IU joined with any larger contractors in an attempt to push smaller contractors out of business.

4

1.15 Whether Sweger and/or Graybill are larger independent contractors.

1.16 whether Downey has made any statement regarding his personal or the IU's plans to force small contractors out of business.

1.17 Whether Downey has provided any illegal support to the business plans and efforts of Morrison, Sweger and/or Graybill.

1.18 Whether Downey has taken any runs from small independent contractors in an attempt to force them out of business and/or to provide business to a small group of contractors.

1.19 Whether Morrison, Sweger and/or Graybill are allowed to pick and choose their runs.

1.20 Whether Downey has helped Morrison avoid contract requirements regarding racial issues.

1.21 Whether Downey assigned field trips and/or special trips from the Harrisburg School district to Morrison (and/or other contractors) solely to pad their mileage.

1.22 Whether the IU has any black employees.

1.23 Whether a contract exists between Plaintiff and Downey.

1.24 Whether Defendants Morrison, Sweger and Graybill attempted to alter Plaintiff's assignments or to influence the CAIU in making her assignments.

agree upon are:

1.20   Defendant Scott Downey is the Transportation Supervisor of the Capital Area Intermediate Unit.

1.21   Defendants Morrison, Graybill and Sweger are independent transportation contractors.

1.22   Plaintiff is an independent transportation contractor.

5

1.23   Defendants' Graybill, Sweger and Morrison provide transportation services as independent contractors for the CAIU.

The principal legal issues that the parties:
dispute are:

1.30   Whether Plaintiff's equal protection rights were violated.

1.31   Whether Plaintiff's due process rights were violated.

1.32   Whether Defendants have violated any anti-trust laws.
1.33   Whether a contract exists between Plaintiff and any of the Defendants.

1.34   Plaintiff has a property right protected by the Fourteenth Amendment.

1.35 Whether requiring contractors' who drive special needs students to own at least one wheelchair accessible vehicle and have access to a backup wheel chair accessible vehicle is pretext for discrimination against smaller contractors.

1.36 Whether Plaintiff has a property interest in the number of miles that she is assigned to drive each year such that she can establish a substantive due process claim.

1.37 Whether Plaintiff can state a claim for an equal protection violation.

1.38 Whether Plaintiff did state a claim for violation of federal anti-trust laws.
1.39 Whether small independent contractors are a protected class.

1.40 Whether Plaintiff can establish a breach of contract.

1.41 Whether Plaintiff can establish a violation of the Privileges and Immunities Clause.

1.42 Whether Plaintiff can establish a conspiracy to commit an unlawful act.
1.43 Whether punitive damages can be assessed against Downey.

6

1.44 Whether Downey is entitled to qualified immunity.

1.45 Whether Downey is being sued in his official or individual capacity

**Defendant Graybill & Sweger:**

1.46 Whether Plaintiff's equal protection rights were violated.

1.47 Whether Plaintiff's due process rights were violated

1.48 Whether Defendants have violated any anti-trust laws.
1.49 Whether a contract exists between Plaintiff and any of the Defendants.

1.50 Plaintiff has a property right protected by the Fourteenth Amendment.

1.51 Whether Plaintiff can establish a breach of contract.

agree upon are:

    1.40 **Plaintiff and Defendant Morrison**: Jurisdiction and venue are appropriate in the United States District Court for the Middle District of Pennsylvania.

    1.41 None for Defendant Downey.

2.0    Alternate Dispute Resolution ("ADR")

    2.10 Identify any ADR procedure to which this case already has been assigned or which the parties have agreed to use.

        None

ADR procedure:
Date ADR to be commenced:
Date ADR to be completed:

7

2.20  If the parties have been unable to agree on an ADR procedure, but one or more parties believes that the case is appropriate for such a procedure, identify the party or parties that recommend ADR and the specific ADR process recommended:

2.30  If the parties share the view that no ADR procedure should be used in this case, set forth the basis for that view:

3.0  <u>Consent to Jurisdiction by a Magistrate Judge</u>

Indicate whether all parties agree, pursuant to 28 U.S.C. 636(c), to have a magistrate judge handle the remaining pretrial aspects of this case and preside over a jury or court trial, with appeal lying to the United States Court of Appeals for the Third Circuit:

All parties agree, select one option for appeal below:
Yes         No  X

If the parties agree, select one option for appeal below:

4.0  <u>Disclosures</u>

4.100  Separately list for each party by name, title, and position each person whose identity has been disclosed.

4.101  <u>Disclosed by Plaintiff</u>:

| <u>Name</u> | <u>Title Position</u> |
|---|---|
| Beverly Beam | Plaintiff |
| Morrison | Defendant |
| Scott Downey | Defendant |

4.151  <u>Disclosed by the Defendant Graybill & Sweger:</u>

| David Graybill | Defendant |
|---|---|
| Michael Sweger | Defendant |

8

Disclosed by the Defendant Downey:

Scott Downey - Supervisor of Capital Area Intermediate Unit.

Disclosed by the Defendant Morrison:

Roger Morrison              President, Morrison & Sons, Inc.
                            Transportation Services

Other witnesses may be identified after disposition of Morrison's pending Motion to Dismiss or for More Definite Statement.

4.200 Separately for each party, describe by categories the documents that have been disclosed or produced through formal discovery, indicating which categories relate (even if not exclusively) to damages:

    4.201 Categories of documents disclosed by plaintiff:

        None to Date

    4.251 Categories of documents by the Defendants

        Defendant Morrison - None to Date

        Defendant Downey - Defendants know of no such documents at this time.

    4.251 Categories of documents by the Defendants
        None to Date

4.300 Additional document disclosures:

    4.350 Additional categories of documents plaintiff will disclose:

    4.351 Additional categories of documents the Defendants will disclose:
        Defendants know of no such documents at this time.

Morrison will be able to identify and disclose documents after disposition of Morrison's pending Motion to Dismiss or for More Definite Statement.

4.400 Separately for each party who claims an entitlement to damages or an offset, set forth the computation of the damages or of the offset:

4.401 Plaintiffs calculation of damages: Plaintiff claims special damages and has yet undetermined the amount. Plaintiff demands compensatory damages for the deprivation of federally guaranteed rights and punitive damages.

4.402 Defendants calculation of offset:
Defendants know of no offset at this time.

4.403 Counterclaim/third party claimant's calculation of damages:

5.0 <u>Motions</u>

Identify any motion(s) whose early resolution would likely have a significant effect either on the scope of discovery or other aspects of the litigation:

| <u>Nature of Motion</u> | <u>Moving Party</u> | <u>Anticipated Filing Date</u> |
|---|---|---|
| Motion to Dismiss R.12(b)(6) | Def's Graybill & And Sweger | Filed 3/19/01 |
| Partial Motion to Dismiss and to Strike Impertinent Matter | Downey | Filed on March 14, 2001 |
| 12(b)(6) | Morrison | Filed March 16, 2001 |

6.0 <u>Discovery</u>

6.100 Briefly describe any discovery that has been completed or is in progress:

Plaintiff - None to Date

10

Defendants Sweger & Graybill - None to Date

Defendant Morrison: Scheduling of Plaintiff.

6.200 Describe any discovery that all parties agree should be conducted, indicating for each discovery undertaking its purpose or what kinds of information will be developed through it (e.g. "Plaintiff will depose Mr. Jones, Defendants controller, to learn what Defendant's revenue recognition policies were and how they were applied to the kinds of contracts in this case"):

Plaintiff - Plaintiffs will depose all defendants.

Defendant Downey will depose Plaintiff. Downey reserves the right to depose additional individuals based on other discovery results.

Defendants - Defendants will depose Plaintiff Beverly Beam.

6.300 Describe any discovery that one or more parties want(s) to conduct but to which another party objects, indicating for each such discovery undertaking its purpose or what kinds of information would be developed through it:

6.400 Identify any subject area limitations on discovery that one or more parties would like imposed, at the first stage of or throughout the litigation:

Plaintiff -

Defendant Downey: All student records, including transportation information, is protected by FERPA and cannot be revealed without a court order.

Defendant Morrison: No discovery of Defendant Morrison's assets, income or net worth.

11

Defendant Graybill & Sweger: No discovery of Defendants' assets, income or net worth.

6.500 For each of the following discovery tools, recommend the per-side limitations (specify a number) that should be fixed, subject to later modification by stipulation or court order on an appropriate showing (where the parties cannot agree, set forth separately the limits recommended by Plaintiff(s) and by Defendant(s).

6.501 <u>Depositions (excluding experts) to be taken by</u>

Plaintiffs: 25   Per Defendant 25
Totals per defendant

6.502 <u>Interrogatories:</u>

Plaintiffs: 25 per set   Per Defendant 40   (Plaintiff 3 sets)
Totals per defendant

6.503 <u>Request for Production of Documents</u>:

Plaintiffs 25   Per Defendant 40

6.504 <u>Request for Admissions</u>:

Plaintiffs: 25   Per Defendant 40

6.600 <u>All discovery commenced in time to be completed by</u>:

November 30, 2001 - Graybill & Sweger
December 31, 2001 - Downey
December 31, 2001 - Plaintiff

6.700 <u>Reports from retained experts due:</u>

From plaintiffs:   November 30, 2001
From defendants:   October 31, 2001

12

From Defendant Downey - November 31, 2001

6.800 Supplementation due:     November 30, 2001 -
December 15, 2001 - Defendant Downey

7.0 <u>Protective Order</u>

    7.1 If entry of a protective order is sought, attach to this statement a copy of the proposed order.

    7.2 If there is a dispute about whether a protective order should be entered, or about certain terms and the proposed order, briefly summarize each party's position below:

8.0 <u>Certification of Settlement Authority (all parties shall complete the Certification)</u>

I hereby certify that the following individual(s) have settlement authority:
For Plaintiff:

<u>For plaintiffs</u>

Don Bailey, Esquire
4311 N. 6th Street
Harrisburg, PA 17110
(717) 221-9500

<u>For Defendant, Scott Downey</u>

Scott Downey
Capital Area Intermediate Unit
55 Miller Street
P.O. Box 489
Summerdale, Pa 17093-0489
(717) 732-8400

John Doherty
Network Adjusters, Inc.
306 Walnut Street
Philadelphia, PA 19016
(215) 627-5900

For Defendant, Graybill and Sweger

Steven J. Schiffman, Esquire
2080 Linglestown Road, Suite 201
Harrisburg, Pa 17110
(717) 540-9170

For Defendant, Roger Morrison

P. Daniel Altland, Esquire
P.O. Box 5950
3401 North Front Street
Harrisburg, PA 17110-0950
(717) 232-5000

9.0  **Scheduling**

    9.1  This case may be appropriate for trial in approximately:

        365 days from the filing date

    9.2  Suggested date for trial:

        March 2002

    9.3  Suggested date for Pretrial Conference:

        February 2002

9.4   Final date for joining additional parties:
      By Plaintiff, as per L.R. 14.2 or 14.3
      by Defendant, as per L.R. 14.1 or 14.3

9.5   Final date for amending pleadings: September 1, 2001

9.6   All potential dispositive motions should be filed by:

      30 days after the close of discovery
      December 31, 2001 - Defendant Downey

10.0  <u>Other Matters</u>

   Make any other suggestions for the case development process, settlement, or trial that may be useful or necessary to the efficient and just resolution of the dispute.

11.0  <u>Identification of Lead Counsel</u>

   Identify by name, address and telephone number lead counsel for each party:

For Plaintiffs:

Date: 4-30-01

_____
Don Bailey, Esquire
4311 N. 6th Street
Harrisburg, PA 17110
(717) 221-9500
(717) 221-9600 (FAX)

For Defendant Downey:
Date:_____

**Melinda B. Kaufmann, Esq.**
**Stock and Leader**
35 S. Duke Street
York, PA 17405-5167
(717) 846-9800
(717) 843-6134  (FAX)

15

For Defendants Graybill & Sweger:
Date:_____

                          **Steven Schiffman, Esquire**
                          **Serratelli, Schiffman, Brown and Calhoun, P.C.**
                          Suite 201 2080 Linglestown Road
                          Harrisburg, PA 17110
                          (717) 540-9170

For Defendant Morrison:
Date:_____

                          **P. Daniel Altland, Esquire**
                          **Mette, Evans and Woodside**
                          3401 N. Front Street
                          P.O. Box 5950
                          Harrisburg, PA 17110-0950
                          (717) 232-5000

10.0  Other Matters

    Make any other suggestions for the case development process, settlement, or trial that may be useful or necessary to the efficient and just resolution of the dispute.

11.0  Identification of Lead Counsel

    Identify by name, address and telephone number lead counsel for each party:

For Plaintiffs:

Date: 4/27/01

*[signature]*
Don Bailey, Esquire
4311 N. 6th Street
Harrisburg, PA 17110
(717) 221-9500
(717) 221-9600 (FAX)

For Defendants:

Date: _____

**Stephen S. Russell, Esquire**
**Stock and Leader**
35 S. Duke Street
York, PA 17405-5167
(717) 846-9800
(717) 843-6134 (FAX)
Counsel for Defendant Downey

Date: 4/27/01

*[signature]*
Steven Schiffman, Esquire
Serratelli, Schiffman, Brown and Calhoun, P.C.
Suite 201 2080 Linglestown Road
Harrisburg, PA 17110
(717) 540-9170
Counsel for Defendants Graybill and Sweger

Date: 4-27-01

*P. Daniel Altland* (signature)

P. Daniel Altland, Esquire
Mette, Evans and Woodside
3401 N. Front Street
P.O. Box 5950
Harrisburg, PA 17110-0950
Counsel for Defendant Morrison
(717) 232-5000

9.4   Final date for joining additional parties:
By Plaintiff, as per L.R. 14.2 or 14.3
by Defendant, as per L.R. 14.1 or 14.3

9.5   Final date for amending pleadings: September 1, 2001

9.6   All potential dispositive motions should be filed by:

30 days after the close of discovery
December 31, 2001 - Defendant Downey

10.0  Other Matters

Make any other suggestions for the case development process, settlement, or trial that may be useful or necessary to the efficient and just resolution of the dispute.

11.0  Identification of Lead Counsel

Identify by name, address and telephone number lead counsel for each party:

For Plaintiffs:

Date:___  _____

Don Bailey, Esquire
4311 N. 6th Street
Harrisburg, PA 17110
(717) 221-9500
(717) 221-9600 (FAX)

For Defendant Downey:
Date: 4/27/01

Melinda B. Kaufmann, Esq.
Stock and Leader
35 S. Duke Street
York, PA 17405-5167
(717) 846-9800
(717) 843-6134 (FAX)