IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BEVERLY BEAM, | : |
| | : CIVIL ACTION LAW |
| Plaintiff, | : |
| | : Docket No.: 1: CV-01-0083 |
| v. | : |
| | : (Judge McClure) |
| SCOTT DOWNEY, ROGER | : |
| MORRISON, DAVID GRAYBILL, | : |
| and MICHAEL SWEGER, | : |
| | : |
| Defendants. | : |

**DEFENDANTS GRAYBILL AND SWEGER'S REPLY BRIEF TO
PLAINTIFF'S BRIEF IN OPPOSITION TO MOTION TO DISMISS**

**I.    BACKGROUND**

Defendants Graybill and Sweger filed a Brief in Support of Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) or in the Alternative, a More Definite Statement Pursuant to Fed. R. Civ. P. 12(e) on March 28, 2001. On or about April 18, 2001, Plaintiff apparently filed a Brief in Opposition to Defendant Graybill and Sweger's Motion to Dismiss. However, Defendants did not receive copies of said Brief in Opposition as well as Plaintiff's Brief in

Opposition to Defendant Morrison's Motion to Dismiss until April 22, 2001, after counsel had contacted the Clerk of Court to inquire as to whether a brief had been filed. Also, Plaintiff has attached documents to her Brief in Opposition to Defendant Morrison's Motion to Dismiss not previously attached to her Complaint. A Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is to be decided only on the allegations contained within the Complaint and any attachments now submitted should be disregarded.

Throughout Plaintiff's Brief, she continues to make broad statements, without stating any specific facts that lend any truth to the allegations contained in her Complaint. Irrelevant statements that children and their parents have allegedly been hurt by actions taken by the CAIU compound this confusion. Also irrelevant to Plaintiff's claims are statements of an alleged racially motivated advertising scheme. These speculative assertions by Plaintiff do not pertain to her claims of Fourteenth Amendment violations, anti-trust violations or civil conspiracy. As a result, Plaintiff has again failed to state a claim upon which relief may be granted.

II. ARGUMENT

A. <u>Plaintiff has failed to set forth egregious conduct sufficient to state a claim for a due process violation.</u>

As stated previously, the due process clause of the Fourteenth Amendment is to protect against arbitrary government action and only the most egregious conduct can be said to be arbitrary. See <u>Boyanowski v. Capital Area Intermediate Unit</u>, 215 F.3d 396, 400 (3d Cir. 2000), *citing* <u>County of Sacramento v. Lewis</u>, 523 U.S. 883, 846, 118 S.Ct. 1061 (1998). The so-called wheel chair van scheme, which Plaintiff only now addresses as her basis for her due process claim, was developed entirely by the CAIU and was to be imposed equally upon the independent contractors.[1] Even if such policy had been implemented prior to awarding contracts for the 2000-2001 school year, a public contract, such as the transportation contracts awarded by the CAIU, do not confer upon Plaintiff a legitimate expectation of receiving the contract simply because she has placed a bid, and therefore she does not have a property interest protected under the due process clause. See <u>Independent Enterprises, Inc. v. Pittsburgh Water and Sewer</u>

---

[1] Even though Plaintiff admits in her Brief that the alleged "wheelchair van scheme" existed and failed prior to awarding transportation contracts for the 2000-2001 school year, these facts were not pled in her Complaint.

3

Authority, 103 F.3d 1165, 1179 (3d Cir. 1997). As such, Plaintiff has not pled sufficient facts in her Complaint to set forth a due process claim.

B. Plaintiff has failed to state an equal protection claim for which relief can be granted.

Plaintiff concedes in her Brief that this is not a "suspect category" case, as such the rational basis test must be applied to determine if Defendants violated her equal protection rights. The only alleged distinction she draws between herself and Defendants Graybill and Sweger is that they have a larger independent contracting business; however, she has not pled in her Complaint any facts to support those bare assertions. Thus, she has not pled one of the necessary elements of an equal protection claim and this claim must be dismissed.

C. Plaintiff failed to set forth the essential elements of an anti-trust violation.

According to the assertions contained within Plaintiff's Brief, Defendants are working together to monopolize the transportation industry. Clearly such is not the reality where Defendants Graybill and Sweger are just two of several

transportation contractors who provide services to the CAIU.[2] Furthermore, the CAIU is just one school within the Central Pennsylvania region that must provide transportation for students.

Plaintiff also failed to allege any effect on interstate commerce within the facts of her Complaint. Only in her Brief does she make any averment of such an effect. However, Plaintiff's reliance on the fact that the drivers use interstate highways to transport children does not have the effect on interstate commerce necessary for stating an anti-trust violation. See United States v. Yellow Cab Company, 332 U.S. 218, 230, 67 S.Ct. 1560, 1567, 91 L.Ed.2d 2010 (1947). Defendants operate a transportation service similar to that of the cab company, wherein individuals, in this case children, are transported from one place to another within state boundaries, specifically Dauphin, Cumberland and Perry Counties.

As for Plaintiff's statement that Defendants have misinterpreted City of Columbia, et al. v. Omni Outdoor Advertising, Inc., the U.S. Supreme Court plainly held that "federal anti-trust laws do not regulate the conduct of private individuals in seeking anti-competitive action from the government." City of Columbia, et al. v. Omni Outdoor Advertising, Inc., 499 U.S. 365, 111 S.Ct. 1344, 113 L.Ed.2d 382 (1991). In City of Columbia, appellant filed suit against

---

[2] See Defendant Downey's reply Brief to Plaintiff's Brief in Opposition to Defendant Downey's Partial Motion to Dismiss and Strike Impertinent Matter from the Complaint, p. 2

Columbia Outdoor Advertising after said company had lobbied for zoning ordinances to restrict billboard construction within the City of Columbia.

The facts in <u>City of Columbia</u> are easily compared with those of the instant case, where Plaintiff has alleged that Defendants Graybill and Sweger, and Morrison, have sought the restriction of transportation awards to larger independent contractors with the use of a wheel chair van scheme. Thus, any activities by Defendants to obtain anti-competitive action from the government, in this case the CAIU, are not subject to federal anti-trust laws. Simply stated, Plaintiff has failed to state a claim of ant-trust violations for which relief may be granted.

D. <u>Plaintiff has failed to allege an underlying tortuous act to establish her claim of civil conspiracy.</u>

In the Third Circuit's decision in <u>Boyanowki v. Capital Area Intermediate Unit</u>, the court unmistakably held that a claim for civil conspiracy must fail where plaintiff has not alleged the performance of an underlying tortuous act. As Plaintiff has failed to address the issues raised in Graybill and Sweger's Brief in Support of Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) or in the Alternative, a More Definite Statement Pursuant to Fed. R. Civ. P. 12(e), pages 14 thru 15 are incorporated by reference as if fully set forth herein. Based

on the holding in <u>Boyanowski</u>, and Plaintiff's failure to state an underlying tortuous act for which relief may be granted, Plaintiff's claim for civil conspiracy should be dismissed.

## III.   CONCLUSION

For the reasons stated above, Defendants Graybill and Sweger respectfully request that each of Plaintiff's claims be dismissed. In the alternative, if the Honorable Court finds that Plaintiff has made a claim for which relief may be granted, direct Plaintiff to make a more clear and definite statement of those claims.

            Respectfully submitted,

            **SERRATELLI, SCHIFFMAN, BROWN**
            **& CALHOON, PC**

        By _/s/ Melanie L. Erb_____
          Steven J. Schiffman, Esquire
          I.D. No.: 25488
          Melanie L. Erb, Esquire
          I.D. No.: 84445
          Suite 201, 2080 Linglestown Road
          Harrisburg, PA 17101
          (717) 540-9170

Dated: 7/30/01        Attorneys for Defendants David Graybill
          and Michael Sweger

## CERTIFICATE OF SERVICE

I, Melanie L. Erb, Esquire, hereby certify that I have served a true and correct copy of the foregoing document by depositing such in the regular U.S. Mail, addressed as follows:

Don Bailey, Esquire
4311 N. Sixth Street
Harrisburg, PA 17110

P. Daniel Altland, Esquire
Mette, Evans & Woodside
3401 N. Front Street
Harrisburg, PA 17110

Stephen S. Russell, Esquire
Stock and Leader
35 South Duke Street
York, PA 17405-5167

                                               _____
                                               Melanie L. Erb, Esquire
                                               Suite 201, 2080 Linglestown Road
                                               Harrisburg, PA 17110
                                               (717) 540-9170

Dated: April 30, 2001