


IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BEVERLY BEAM,<br>     Plaintiff | : |
| v. | : CIVIL ACTION NO.: 1:CV-01-0083 |
| SCOTT DOWNEY,<br>ROGER MORRISON,<br>DAVID GRAYBILL AND<br>MICHAEL SWEGER,<br>     Defendants | : (Judge McClure) |

## DEFENDANT MORRISON'S REPLY BRIEF TO PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT MORRISON'S MOTION TO DISMISS

I. BACKGROUND

    A.    On March 16, 2001, Defendant Roger Morrison ("Morrison") filed a Motion to Dismiss or in the Alternative, a Motion for More Definite Statement. Morrison's Brief was filed on March 30, 2001 and a copy was served by mail on Don Bailey, Esquire on March 30, 2001. Plaintiff's Brief in Opposition to

Defendant Morrison's Motion to Dismiss was filed with the Clerk on April 18, 2001.[1] Plaintiff's Brief was not filed in a timely matter. LR 7.6 requires that any party opposing a Motion file a Brief within fifteen days after service of the Movant's Brief. In that counsel for Morrison served his Brief by mail, Plaintiff is entitled to an additional three days pursuant to Fed. R. Civ. P. 6(e). Accordingly, Plaintiff's Brief in Opposition to Morrison's Motion to Dismiss was due on April 17, 2001. The Brief was filed late.

Accordingly, according to LR 7.6, Plaintiff shall be deemed not to oppose the Motion to Dismiss.

B.    Plaintiff does not oppose the Alternative Motion for More Definite Statement.

In her untimely Brief, Plaintiff did not address Morrison's Alternative Motion for More Definite Statement under Fed. R. Civ. P. 12(e).

---

[1] Although the Brief contains a Certificate of Service signed by Don Bailey certifying service by mail on counsel for Morrison and counsel for the other Defendants, a copy was not received by counsel for Morrison nor counsel for Graybill and Sweger. That a copy was in fact filed on April 18, 2001 was determined from the Clerk's Office. Subsequent to a telephone call to Don Bailey's office, a copy was received via facsimile at counsel for Sweger and Graybill's office who then forwarded a copy to counsel for Morrison.

2

Therefore, Plaintiff does not oppose Morrison's Alternative Motion. LR 7.6.

C.  Plaintiff's Brief in Opposition should be disregarded. In her Brief Plaintiff avers some facts which were not present in her Complaint. In addition she attached as Exhibit A an anonymous typewritten statement and a copy of a page from a newspaper.

On page 1 of her Brief, Plaintiff refers to an IU driver by name and stated facts regarding her inconsistent with what was alleged in the Complaint.

On page 4 Plaintiff states that "she and her husband actually purchased a 1998 Oldsmobile Silhouette van in order to comply with the game the defendants were playing." That allegation was not in her Complaint.

However, the most egregious attempt to improperly put facts before Your Honorable Court was her attachment of Exhibit "A" to the Brief. On page 2 of her Brief in Opposition to Morrison's Motion to Dismiss, Plaintiff explains the attached Exhibit "A" is a letter circulated to IU Superintendents in November 2000. It is not signed and its author is not identified. Remarkably, Plaintiff even states in her Brief that ". . . this document is not an Affidavit. . . ." Attachment of

3

that anonymous document and a copy of a newspaper page is not countenanced by the rules and is unprofessional.

In acting on Morrison's Motion to Dismiss under Fed. R. Civ. P. 12 (b)(6), only well-pleaded allegations in the Complaint are deemed to be accepted as true and viewed in the light most favorable to Plaintiff. Maio v. Aetna, Inc., et al., 221 F. 3d 472 (3d Cir. 2000), *citing* In re: Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1420 (3d Cir. 1997). The Court is to look only at the facts alleged in the Plaintiff's Complaint and its attachments, if any, when determining whether or not to grant a Motion to Dismiss. See, Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250 (3d Cir. 1994).

Plaintiff's Brief in Opposition recites facts not included within the Complaint and attaches two documents to the Brief, neither of which were attached to the Complaint. The allegations and documents must be ignored.

II.  ARGUMENT

    A.  PLAINTIFF HAS FAILED TO SET FORTH THE ELEMENTS OF A DUE PROCESS CLAIM AGAINST MORRISON.

"The deprivation of a property or liberty interest is a precondition to either a procedural or substantive due process claim." Labalokie v. Capital Area Intermediate Unit, 926 F. Supp. 503, 508 (M.D. Pa. 1996), *citing*, Logan v. Zimmerman Brush Company, 455 U.S. 422, 429, 102 S.Ct. 1148, 1154, 71 L.Ed. 2d 265 (1981). Only two types of contracts can give rise to a property interest: (1) those in which the contract confers a protected status; or (2) those in which the contract can be terminated only for cause. Fox Fuel v. Delaware County Schools Joint Purchasing Board, 856 F.Supp. 945, 949 (E.D. Pa. 1994).

Plaintiff has not addressed the deficiency of her due process claim which does not identify the protected property or liberty interest. She has not identified a concrete property interest which has been infringed by the alleged conduct of the Defendants. The Court in Independent Enterprises, Inc. v. Pittsburgh Water and Sewer Authority, 103 F.3d 1165 (3d Cir. 1997) held that the following property interests are not worthy of substantive due process protection:

5

- Interest in prompt receipt of payment for professional services provided to the state

- State law entitlement to water and sewer services

- A student's right to continued enrollment in a graduate program.

Plaintiff's claim that she has been deprived of certain transportation routes is similar in "quality" as prompt receipt of payment for professional services provided to the state and entitlement to water and sewer services. Accordingly, it is not a property interest worthy of substantive due process protection.

In her Brief addressing the due process issues, Plaintiff cites only two cases, neither of which dealt with the particular quality of property or liberty interest involved. The two cases cited dealt more with the type of conduct involved as opposed to the property interest implicated. Daniels v. Williams, 474 U.S. 327 (1986), cited at page 5 of Plaintiff's Brief, held that the due process clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty or property. The case had nothing to do with the particular quality of property interest involved.

That Plaintiff does not understand that deprivation of a property or liberty interest is a precondition to a due process claim is exemplified by the first full sentence at the top of page 5 of her Brief which reads as follows:

> The egregious misconduct engaged in must rise to the level of constitutional violations and, *ideally at least, should implicate the deprivation of some other constitutional interest* (such as a right to contract or a loss or destruction of property).

Plaintiff cites no authority that a due process claim can exist without deprivation of some other constitutional interest. It is not an <u>ideal</u> that a due process claim involve the deprivation of a property or liberty interest. It is a precondition to either a procedural or substantive due process claim.

Plaintiff's Complaint contains no allegations to determine whether or not her contract (the terms of which were not pled nor was it attached) gives rise to a property interest. Plaintiff continues to speak in broad generalizations implying at page 5 of her Brief that "a right to contract" is a constitutional interest. Again, there are no specifics nor any authority cited for such a broad proposition.

B.   PLAINTIFF HAS NOT PLED AN EQUAL PROTECTION CLAIM.

Plaintiff has not responded with any authority to Morrison's argument that the Complaint does not set forth a viable equal protection claim. Not only does Plaintiff's Complaint not show her membership in a protected class, but in her Brief she states that this is not a "suspect category" case. (Plaintiff's Brief in Opposition to Defendant Morrison's Motion to Dismiss, Page 6).

Furthermore, Plaintiff's description of the alleged conduct by Downey in applying one set of rules to one part of a group is inapposite. Even reading her description of what she believes occurred and other portions of her Brief, this case is not about different rules for different groups, but rather the same rules being applied to all independent transportation contractors.

There is no allegation that Plaintiff is a member of a protected class nor is there any allegation establishing a fundamental right to particular routes and schedules for transportation.

C.  THERE IS NO FACTUAL BASIS IN PLAINTIFF'S COMPLAINT TO ESTABLISH ANY ANTI-TRUST VIOLATION.

As with some of her other positions, Plaintiff relies upon factual averments made for the first time in the Brief, not appearing in the Complaint. For example, at page 7 of her Brief in attempting to state that the Complaint sets forth the requisite effect on interstate commerce, she references federal funding flowing into Pennsylvania to fund education programs including transportation and the independent contractors and the CAIU getting tax-free gasoline. Those averments are not in the Complaint. Plaintiff then claims that in any event, "such detail need not be pled at this stage in any event." Plaintiff's Brief in opposition to Defendant Morrison's Motion to Dismiss page 7.

To the contrary, without the requisite nexus to interstate commerce, the claimed anti-trust violations fail to state a claim upon which relief can be granted. United States v. Yellow Cab Co., 332 U.S. 218, 230, 67 S.Ct. 1560, 91 L.Ed.2d 2010 (1947), was decided in part upon a Motion to Dismiss for failure to state claim upon which relief could be granted. The Court there held that when local taxi cabs merely conveyed interstate train passengers between their homes and the

9

railroad station in the normal course of their independent local service, that service is not an integral part of interstate transportation and a restraint on or monopoly of that general local service, without more, is not proscribed by the Sherman Act.

Accordingly, the Supreme Court affirmed the lower court's dismissal of that portion of the Complaint addressing the local taxi cab business as failing to state a claim upon which relief could be granted. Even though heightened pleading standards may not be applicable for anti-trust violations, there must be some allegation of an effect on interstate commerce.

There is nothing of record for the Court to consider to establish interstate commerce. All parties, material witnesses and events are common to Cumberland, Dauphin and Perry Counties within the Commonwealth of Pennsylvania. The students transported to the CAIU reside in the Commonwealth of Pennsylvania. There is no allegation of transportation of students across state boundaries.

In order to establish federal jurisdiction, the alleged misconduct must have a "substantial effect" on interstate commerce. Summit Health, Ltd. v. Pinks, 500 U.S. 322, 328-333 (1990). There is no allegation of any effect, substantial or

otherwise, upon interstate commerce. Mere use of highways, does not establish the requisite effect on interstate commerce.

Therefore, Plaintiff's generalized assertions of a violation of anti-trust statutes must be dismissed.

D.  THE PLAINTIFF'S COMPLAINT FAILS TO SET FORTH AN ACTIONABLE CLAIM OF CIVIL CONSPIRACY.

Counsel for Plaintiff misstates the Third Circuits holding and the implication of <u>Boyanowski v. Capital Area Intermediate Unit</u>, 215 F.3d 396 (3d Cir. 2000). At page 8 of her Brief, Plaintiff states that the Third Circuit opined that the Supreme Court of Pennsylvania would hold, if given the opportunity, that without the underlying tort, a state claim for civil conspiracy would not be in order. What the Third Circuit in fact said was that it had to predict whether the Pennsylvania Supreme Court would apply a rule that is normally employed at the pleading stage to overturn a jury verdict for civil conspiracy in a plaintiff's favor where the jury found in favor of the defendant in the underlying tort. The Third Circuit predicted that the Pennsylvania Supreme Court would do so.

However, the Court in <u>Boyanowski v. Capital Area Intermediate Unit</u>, <u>supra</u>, pointed to substantial Pennsylvania precedent holding that a claim of civil

11

conspiracy <u>cannot be pled without also alleging an underlying tort</u>. See, eg, <u>Nix v. Temple University</u>, 596 A.2d 1132, 1137 (Pa. Super. Ct. 1991); <u>Pelagatti v. Cohen</u>, 536 A.2d 1337, 1342 (Pa. Super. Ct. 1987). That Court also cited another Third Circuit case, <u>In re: Orthopaedic Bone Screw Products Liability Litigation</u>, 193 F.3d 781, 789 and note 7 (3d Cir. 1999) collecting the cases holding that civil conspiracy may not exist without an underlying tort.

Plaintiff alleges that an allegation of substantive due process and privileges and immunities are constitutional torts which underlie a civil conspiracy claim. Not surprisingly, Plaintiff is unable to cite authority for this position. She also states a breach of contract would support a civil conspiracy. Again, Plaintiff can offer no authority. Finally, Plaintiff says that "perhaps" there is an allegation of tortious interference with contract which would support the civil conspiracy claim. That Plaintiff could not state with certainty that her own Complaint set forth a claim for tortious interference with a contract acknowledges that such a claim is not included within the paragraphs of her Complaint. Plaintiff offers no explanation as to what paragraphs of her Complaint satisfy the requisite elements for a claim of tortious interference with contract.

III.  CONCLUSION

For the foregoing reasons, Defendant Morrison respectfully requests that the Complaint against him be dismissed in its entirety for Plaintiff's failure to set forth any cognizable theory and facts in support of such theories in her Complaint. The vague and conclusory statements in the Complaint are not supported by the facts and warrant the sanction of the dismissal under Fed. R. Civ. P. 12(b)(6).

In the alternative, if it is determined that Plaintiff has made a valid claim somewhere within the Complaint, it is submitted that Plaintiff must be directed to make a more clear and definite statement of such claim or claims in that Plaintiff has not opposed Defendant Morrison's Motion for a More Definite Statement under Fed. R. Civ. P. 12(e).

Respectfully submitted,
METTE, EVANS & WOODSIDE

By: *P. Daniel Altland*
P. Daniel Altland, Esquire
Sup. Ct. I.D. #25438
3401 North Front Street
P.O. Box 5950
Harrisburg, PA 17110-0950
(717) 232-5000
Attorneys for Defendant, Roger Morrison

DATE: May 2, 2001

## CERTIFICATE OF SERVICE

I certify that I am this day serving a copy of the foregoing document upon the person(s) and in the manner indicated below, by depositing a copy of same in the United States Mail at Harrisburg, Pennsylvania, with first-class postage, prepaid, as follows:

Don Bailey, Esquire
4311 N. 6th Street
Harrisburg, PA 17110

Steven J. Schiffman, Esquire
2080 Linglestown Road
Harrisburg, PA 17110

Stephen S. Russell, Esquire
35 South Duke Street
P.O. Box 5167
York, PA 17405-5167

METTE, EVANS & WOODSIDE

By: _P. Daniel Altland_
P. Daniel Altland, Esquire
Sup. Ct. I.D. #25438
3401 North Front Street
P.O. Box 5950
Harrisburg, PA 17110-0950
(717) 232-5000
Attorneys for Defendant, Roger Morrison

DATE: May 2, 2001