IN THE UNITED STATES DISTRICT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BEVERLY BEAM | ) | CIVIL ACTION LAW |
| | ) | |
| Plaintiff | ) | 1:CV-01-0083 |
| | ) | |
| vs. | ) | |
| | ) | |
| SCOTT DOWNEY, ROGER MORRISON, DAVID GRAYBILL AND MICHAEL SWEGER | ) | JURY TRIAL DEMANDED |
| Defendants | ) | |

FILED
FEB 1 9 2002
PER _____
HARRISBURG, PA  DEPUTY CLERK

**PLAINTIFFS RESPONSE TO DEFENDANTS MOTION
TO STAY PROCEEDINGS AS PER THE COURT'S
FEBRUARY 13, 2002 ORDER**

I.) **BACKGROUND**

A.) **PROCEDURAL HISTORY**

On January 16, 2001, the plaintiff filed her civil rights complaint. On March 14, 16, and 19, the defendants Downey, Morrison and Graybill and Sweger respectively filed motions to dismiss. These motions have not been ruled upon by the court to date. The parties conducted extensive discovery, and in fact applied for and were approved, for one enlargement. Discovery closed on February 1, 2002.

1

Normally, according to the case management order, dispositive motions would have been due on or before February 16, 2002. Instead of filing any summary judgment motions however the defendants chose to move the court to stay the case management schedule as to dispositive motions and instead rule on the pending 12(b)(6) motions. To support this unbriefed motion (plaintiff was awaiting a brief when the court granted the stay) the defendants conclusively asserted that any further motions would be "duplicative" and "impossible as the pleadings have not closed and once the court decides the 12 (b)(6) motions, further discovery may be necessary." On February 13, 2002, plaintiff received an order notifying her that the stay was granted ex-parte with no need for a brief, and that plaintiff was to file a response "as a procedural nature."

### B.) FACTUAL HISTORY

Motions to dismiss were filed in March and were not decided. Plaintiff understood the Court's instructions to engage in discovery and not deter discovery pending the outcome of discovery. Plaintiff believes that the defendants were also so advised. During discovery a great deal work was done by all party's. Although the plaintiff doesn't understand what exactly the court means by "a response to the motion as a procedural nature" the obvious implication is that a substantive response on the fruits of discovery is not desired by the court.

## II.) ISSUES

Should the Court, after the parties have engaged in extensive discovery, waive any dispositive motions based upon defendants' conclusory representations that any further motions would be duplicatable of the motions to dismiss and impossible (?) once the Court decides the 12 (b)(6) motions because once the Court does (ie. decide the 12 (b)(6) motions) "further discovery may be necessary."

Suggested Answer No.

## III.) ARGUMENT

Plaintiffs are not certain as to defendants intentions or meaning in paragraph 8 of their complaint. In fact, plaintiff has never been confronted with the circumstances raised by either the defendants or the Court. Plaintiff's counsel has seen a very few circumstances where motions to dismiss have been pending from pre-discovery, to the end of discovery but the court has always insisted on dispositive motions, meaning fact supported summary judgment, motions in those cases. In this case, the observation by defendants that if the court decides the pending motions (adverse to defendants) clearly means that defendants hope for a favorable response from the court, and in the absence thereof, will make a request for more discovery (plaintiff's counsel has never seen a federal court do so except upon concurrence of the parties). It also implies that the defendants fear that this Court may not dismiss the

3

matter based upon the motions to dismiss alone because of information learned during discovery. Procedurally its obviously within the Court's power to decide a pending motion when, as, and if it needs, or pleases. Here, where extensive discovery was engaged in, and where the motions to dismiss have not been decided, it seems, procedurally, that to decide the pending motions now, without the benefit of a Rule 56 analysis, given defendants' choice of words in their joint motion, will work to plaintiff's prejudice, but procedurally would still be in the Court's power. However this cuts, it's a no lose situation for defendants unless the Court makes them go to trial. However a common sense application of any standard guiding the fair and economic administration of justice, would suggest that a summary judgment motion would be the best way to proceed. Had defendants briefed their joint motion, or filed a summary judgment motion, the court, apparently in doubt, would not be where it is. Plaintiff obviously opposes the motion because discovery yielded significant fruit including overt evidence of selective favoritism in the providing of government largess to (a) private party(s). Which negatively impacted plaintiff, Regardless, whether any of the facts discovered during the underlying discovery period, would meet the Court's view of what the law required is simply not predictable. Procedurally, the Court can undoubtedly, decide the pending motions, but then procedurally plaintiff argues that justice dictates it shouldn't and would be a common