IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BEVERLY BEAM,                        :
          Plaintiff              :        No. 1:CV-01-0083
                       :        (Judge McClure)
                       :
          v.                   :
                       :
SCOTT DOWNEY, ROGER                  :
MORRISON, DAVID GRAYBILL             :
and MICHAEL SWEGER,                  :
          Defendants             :

**FILED**
WILLIAMSPORT, PA

APR 1 0 2002

MARY E. D'ANDREA, CLERK
Per_____
              DEPUTY CLERK

**M E M O R A N D U M**

April 10, 2002

**BACKGROUND**:

Plaintiff Beverly Beam commenced this civil rights action against

defendants with the filing of a complaint pursuant to 42 U.S.C. § 1983 and the

court's federal jurisdiction, 28 U.S.C. § 1331.   In her complaint, plaintiff alleges

violations of her substantive due process and equal protection rights, as well as a

violation of antitrust laws.  Additionally, plaintiff alleges pendent state claims of

civil conspiracy and breach of contract brought pursuant to the court's

supplemental jurisdiction, 28 U.S.C. § 1367.

Defendant Scott Downey (Downey) filed a partial motion to dismiss

pursuant to Fed. R. Civ. P. 12(b)(6) and to strike impertinent matter from the

complaint pursuant to Fed. R. Civ. P. 12(f).  Defendant Roger Morrison

(Morrison) filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) or, in the alternative, for a more definite statement pursuant to Fed. R. Civ. P. 12(e). Defendants David Graybill (Graybill) and Michael Sweger (Sweger) filed a separate motion to dismiss on the same grounds pursuant to Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 12(e).

For the reasons that follow, the motions of defendants will be granted.

**DISCUSSION**:

## I. STANDARDS OF REVIEW

### Fed. R. Civ. P. 12(b)(6)

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) admits the well-pleaded allegations of the complaint, but denies their legal sufficiency. Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976). In a reviewing a motion to dismiss under Rule 12(b)(6), the court must accept as true all factual allegations of the complaint and draw all reasonable inferences in the light most favorable to the plaintiff. Bd. of Trs. of Bricklayers & Allied Craftsmen Local 6 of New Jersey v. Wettlin Assoc., Inc., 237 F.3d 270, 272 (3d Cir. 2001) (citation omitted). However, a court "need not accept as true unsupported conclusions and unwarranted inferences." Doug Grant, Inc. v. Great Bay Casino Corp., 232 F.3d 173, 184 (3d Cir. 2000), cert. denied, 121 S.Ct. 2000 (2001) (citations and internal

quotation marks omitted).

"The complaint will be deemed to have alleged sufficient facts if it adequately put the defendants on notice of the essential elements of the plaintiff['s] cause of action." Langford v. City of Atlantic City, 235 F.3d 845, 847 (3d Cir. 2000). "A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations." Ramadan v. Chase Manhattan Corp., 229 F.3d 194, 195-96 (3d Cir. 2000) (citing Alexander v. Whitman, 114 F.3d 1392, 1398 (3d Cir. 1997)). "The issue [under Rule 12(b)(6)] is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Maio v. Aetna, Inc., 221 F.3d 472, 482 (3d Cir. 2000) (citations and internal quotation marks omitted). "The defendant bears the burden of showing no claim has been stated." Gould Elecs., Inc. v. United States, 220 F.3d 169, 178 (3d Cir. 2000) (citation omitted).

The court looks only to the facts alleged in the complaint and any attachments, without reference to any other parts of the record. Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994).

### Fed. R. Civ. P. 12(e)

A motion for a more definite statement under Fed. R. Civ. P. 12(e) is only

3

"appropriate when the pleading is 'so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith, without prejudice to himself.'" Abdulaziz v. City of Philadelphia, No. CIV.A. 00-5672, 2001 WL 818476, at *1 (E.D. Pa. June 26, 2001) (quoting Sun Co., Inc. v. Badger Design & Constructors, Inc., 939 F.Supp. 365, 374 (E.D. Pa. 1996)).  See also Hicks v. Arthur, 843 F.Supp. 949, 954 (E.D. Pa. 1994).

### Fed. R. Civ. P. 12(f)

"A court possesses considerable discretion in disposing of a motion to strike under Rule 12(f)." Krisa v. The Equitable Life Assurance Soc'y, 109 F.Supp.2d 316, 319 (M.D. Pa 2000) (quoting  River Road Devel. Corp. v. Carlson Corp.-Northeast, No. 89-7037, 1990 WL 69085, at *2 (E.D. Pa. May 23, 1990)).

"Motions to strike matters from pleadings, pursuant to [Fed. R. Civ. P.] 12(f), are disfavored by the courts and should not be granted, even in cases where averments complained of are literally within provisions of federal rule providing for striking of redundant, immaterial, impertinent or scandalous matter, in absence of demonstration that allegations attacked have no possible relation to controversy and may prejudice other party." Wright v. Philadelphia Gas Works, No. CIV.A. 01-2655, 2001 WL 1169108, at *2 (E.D. Pa. Oct. 2, 2001) (citing United States v. $200,226.00 in U.S. Currency, 864 F.Supp. 1414 (D.P.R. 1994), vacated on other

4

grounds, 57 F.3d 1061 (1st Cir. 1995)); see also Tonka Corp. v. Rose Art

Industries, Inc., 836 F.Supp 200 (D.N.J. 1993); 5A Charles Alan Wright & Arthur

R. Miller, Federal Practice and Procedure § 1382 (2d ed. 1990).

"'Partly because of the practical difficulty of deciding cases without a

factual record it is well established that striking a pleading should be sparingly

used by courts.  It is a drastic remedy to be resorted to only when required for the

purposes of justice.'" Krisa, 109 F.Supp.2d at 319 (quoting United States v.

Consolidation Coal Co., No. 89-2124, 1991 WL 333694, at *1 (W.D. Pa. July 5,

1991)).

## II. STATEMENT OF FACTS

We accept as true the following averments in plaintiff's complaint:[1]

Plaintiff is an independent contract driver who has provided transportation

services to the Capital Area Intermediate Unit ("CAIU") for fifteen years.[2]

---

[1] We find the factual averments in plaintiff's complaint to be confusing, disjointed, and rambling in nature.

[2] Given that plaintiff's complaint lacked factual information pertaining to the CAIU, we provide the following supplemental information adopted from Boyanowski, 215 F.3d 396, 398 (3d Cir. 2000):

> The CAIU is a governmental entity operating under Pennsylvania's public school laws.  Intermediate units ('IUs') are part of the state's public school system and operate service programs that are open to the local public school districts assigned to each intermediate unit. See Pa. Stat. Ann. tit. 24 § 9-951 et seq. . . . The CAIU provides

5

Plaintiff has averaged approximately 400 miles over the past four to five years.

Last year plaintiff's miles were approximately 530.  For the year 2000-2001,

plaintiff's miles were approximately 190.

Morrison, Graybill and Sweger are also independent transportation

contractors who provide services to the CAIU.  Downey is Transportation

Supervisor of the CAIU.[3]

According to plaintiff, Morrison, Graybill and Sweger are all large

independent contractors who, along with Downey, are attempting to force smaller

independent contractors like herself out of business.  Plaintiff claims that Downey

has taken "runs," referring to "regularly scheduled trips to pick children up,

transport them to education sites and return them home," from her and has given

those "runs" to Morrison, Sweger and Graybill.  Plaintiff claims that the actions of

defendants, including the changing of her routes, are being done to provide more

money "to the group of favorites, including Morrison."

---

transportation for disabled children to and from classes and programs
throughout the unit's region.  It does so through a combination of
employees and independent contractors.

Id.

[3] In her complaint, plaintiff characterizes Downey's title as that of
"Transportation Director."  Plaintiff's Complaint at ¶ 1.  In his answer, however,
Downey clarifies that he is "Transportation Supervisor."

Plaintiff makes specific reference to one route involving her transportation of a number of deaf children for a number of years. Purportedly, Downey has given that route to Graybill and Sweger, again, in an attempt to force plaintiff out of business.

Plaintiff goes on to claim that Downey and some of the large independent contractors implemented a wheelchair policy requiring each independent contractor to acquire at least two wheelchair vans. According to plaintiff, this policy was pretextual and unnecessary; and was designed specifically to force plaintiff and other small independent contractors out of business. Plaintiff purchased a wheelchair van for conversion purposes, allegedly causing her to incur substantial financial loss.

Downey has assisted Morrison, Sweger, Graybill, and others, in building their independent contractor business through a purported pattern of preferential treatment. Plaintiff claims that, not only has Downey assigned CAIU drivers and vehicles to help Morrison, Downey has even helped Morrison avoid contract requirements on racial issues, making it possible for Morrison to exaggerate his empty mileage and "pad," or increase run mileage, thereby maximizing profits for Morrison.

Downey assisted Morrison in writing a newspaper advertisement placed in

7

newspapers in Northern Dauphin County for the purpose of hiring drivers. Plaintiff avers that this advertisement was written for the purpose of ensuring that all of Morrison's drivers were Caucasian. Specifically, according to plaintiff, the advertisement was run in Northern Dauphin County to avoid hiring African-American drivers and to ensure that long runs with vehicles stationed in Northern Dauphin County would maximize mileage. Furthermore, plaintiff asserts that the conspiracy of Downey and Morrison to give special assistance to their business, in effect, denied many African-American residents of Harrisburg employment opportunities with the CAIU.

### III. DEFENDANTS' MOTIONS

Morrison, Sweger and Graybill move, by two separate motions, to dismiss plaintiff's complaint for failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6), or, in the alternative for a more definite statement under Fed. R. Civ. P. 12(e). Downey filed a partial motion to dismiss plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6), and to strike impertinent material pursuant to Fed. R. Civ. P. 12(f). To the extent that defendants' arguments are similar, if not identical, we will discuss simultaneously the issues raised in their motions.

8

**1. Section 1983 Claims**

42 U.S.C. § 1983 provides a means to obtain relief for the violation of a federal constitutional or statutory right, and is not itself a source of any new substantive rights. Gruenke v. Seip, 225 F.3d 290, 298 (3d Cir. 2000) (citing Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)). To launch successfully a claim under 42 U.S.C. § 1983, plaintiffs must allege that defendants "deprived [them] of a federal constitutional or statutory right while acting under color of state law." Labalokie v. Capitol Area Intermediate Unit, 926 F.Supp. 503, 506 (M.D. Pa. 1996) (citing Carter v. City of Philadelphia, 989 F.2d 117, 119 (3d Cir. 1993)).

In this case, Morrison, Graybill and Sweger are not state officials, but, rather, are independent transportation contractors for the CAIU. Black v. Indiana Area Sch. Dist., 985 F.2d 707, 710-711 (3d Cir. 1993) (citing Rendell-Baker v. Kohn, 457 U.S. 830 (1982)). Plaintiff contends that by virtue of their employment with Downey, a state actor as Transportation Supervisor for CAIU, they are acting under color of state law. See Plaintiff's Brief in Opposition to Defendant Morrison's Motion to Dismiss (record doc. no. 16) at 6. We disagree.

Here, although plaintiff references a "plan" to take actions to force plaintiff out of business, and alleges that Downey and Morrison "conspire to give special

9

assistance to their business," plaintiff does not allege that there exists any specific agreement between Morrison, Graybill, Sweger and Downey to violate her constitutional rights. See Adickes v. Kress, 398 U.S. 144, 152 (1970) ("A private party involved in [] a conspiracy, even though not an official of the State, can be liable under § 1983. Private persons, jointly engaged with state officials in the prohibited action, are acting 'under color' of law for purposes of the statute."). Thus, we cannot find that Morrison, Graybill and Sweger acted under color of state law.

As such, plaintiff's § 1983 claims against them must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). Only the claims against Downey survive the state action prerequisite to plaintiff's § 1983 claims.

We turn now to the merit of plaintiff's substantive due process and equal protection claims, and address those claims as against all defendants as if each satisfies the state action prerequisite under § 1983.

### A. Substantive Due Process

On the face of plaintiff's complaint, it is difficult to determine what due process rights she believes to have been violated by defendants. However, in an attempt to construe her complaint, we believe plaintiff is alleging a deprivation of a protected property interest in the form of lost mileage due to a decrease in the

transportation routes assigned to her pursuant to her contract as a driver with

CAIU.[4]  Nowhere in the complaint does plaintiff allege the abridgment of a liberty

interest.

All defendants challenge plaintiff's substantive due process rights on

contractual grounds, stating essentially that there is no property interest in her

contract with the CAIU.  We agree.

To succeed on a substantive due process claim pursuant to § 1983, a

plaintiff must establish that he or she has a property interest protected by the

Fourteenth Amendment's Due Process Clause.  <u>Woodwind Estates, Ltd. v.</u>

<u>Gretkowski</u>, 205 F.3d 118, 123 (3d Cir. 2000).  A property interest that is

protected by the Fourteenth Amendment's Due Process Clause may not be taken

away by the state for reasons that are "'arbitrary, irrational, or tainted by improper

motive.'"  <u>Id.</u> at 124 (quoting <u>Bello v. Walker</u>, 840 F.2d 1124, 1129 (3d Cir.

---

[4] Plaintiff does not specify in the complaint whether she alleges a violation of her procedural or substantive due process rights.  "The essential principle of procedural due process is that a deprivation of life, liberty or property should be preceded by 'notice and opportunity for a hearing appropriate to the nature of the case.'" <u>King v. Sch. Dist. of Philadelphia</u>, No. 00-CV-2503, 2001 WL 856948, at *7 (E.D. Pa. July 26, 20010) (quoting <u>Cleveland Bd. of Educ. v. Loudermill</u>, 470 U.S. 532, 542 (1985)).  Plaintiff does not allege that she was not given notice or an opportunity to be heard prior to the alleged deprivation of a purported property interest in lost mileage.  Hence, we construe her due process claim as one alleging a violation of her substantive due process rights.

11

1988)).

"Not all property interests worthy of procedural due process protection are protected by the concept of substantive due process."  Nicholas v. Pennsylvania State Univ., 227 F.3d 133, 139 (3d Cir. 2000) (declining to find fundamental property interest in tenured public employment).  When a plaintiff challenges a non-legislative state action, it is necessary to determine whether the property interest allegedly being deprived is "fundamental" under the United States Constitution.  Id. at 142.  "Fundamental property interests are those that are 'deeply rooted in the Nation's history and traditions,' or are 'implicit in the concept of ordered liberty like personal choice in matters of marriage and family.'"  King, 2001 WL 856948, at *8 (quoting Nicholas, 227 F.3d at 143).

In this case, we find that an independent contractor's interest in not being deprived of mileage from her transportation route under contract with CAIU is not the sort of "fundamental" interest entitled to the protection of substantive due process.  Similar to the interest in a state-law contract right in the form of continued university enrollment asserted by the respondent in Regents of Univ. of Michigan v. Ewing, 474 U.S. 214 (1985), the interest asserted by plaintiff:

> bears little resemblance to the fundamental interests that
> previously have been viewed as implicitly protected by

12

the Constitution.  It certainly is not closely tied to
'respect for the teachings of history, solid recognition of
the basic values that underlie our society, and wise
appreciation of the great roles that the doctrines of
federalism and separation of powers have played in
establishing and preserving American freedoms.'

Nicholas, 227 F.3d at 140 (quoting Justice Powell's concurrence in  Ewing, 474
U.S. at 229-230).

Curiously, the Third Circuit has "so far limited non-legislative substantive
due process review to cases involving real property ownership."  Nicholas, 227
F.3d at 141 (citing DeBlasio v. Zoning Bd. of Adjustment, 53 F.3d 592, 600 (3d
Cir. 1995)).  See also Woodwind Estates, Ltd., 205 F.3d 118 (finding protected
property interest in approval of development plans under township's subdivision
ordinance); Independent Enterprises, Inc. v. Pittsburgh Water & Sewer Authority,
103 F.3d 1165 (3d Cir. 1997) (noting that cases "involv[ing] zoning decisions,
building permits, or other governmental permission required for some intended
use of land owned by plaintiffs ... implicat[e] the "fundamental property interest in
the ownership of land").

Thus, we cannot – and do not – find a fundamental property interest in the
number of miles that plaintiff, as an independent contractor, is assigned each year
under her contract with CAIU.  Cf. Labalokie v. Capitol Area Intermediate Unit,

13

926 F.Supp. 503, 508 (M.D. Pa. 1996) (holding that "there can be no property interest in obtaining future government contracts, and that suspension or debarment from bidding on such contracts only implicates a liberty interest if it is based on charges of fraud or dishonesty.").

Moreover, even if plaintiff alleges a property interest worthy of substantive due process, she has not alleged sufficiently that such interest has been taken away by arbitrary governmental activity. "[C]ases dealing with abusive executive action have repeatedly emphasized that only the *most egregious* official conduct can be said to be 'arbitrary in the constitutional sense . . . .'" Boyanowski v. Capital Area Intermediate Unit, 215 F.3d 396, 400 (3d Cir. 2000) (quoting County of Sacramento v. Lewis, 523 U.S. 833, 846 (1998) (further citation and internal quotation marks omitted) (emphasis added). In discussing the level of executive abuse of power necessary to recognize a substantive due process right, the Third Circuit in Boyanowski looked to the reasoning articulated in Lewis:

> For executive conduct, the Supreme Court has 'for half a century now . . . spoken of the cognizable level of executive abuse of power as that which shocks the conscience.' [Lewis, 523 U.S. at 846.] Determining whether the challenged action rises to this level has been described as a "threshold" question in a challenge to an executive action. See id. at 847 n.8, . . . ('[T]he threshold question is whether the behavior of the governmental officer is so egregious, so outrageous, that

14

> it may fairly be said to shock the contemporary
> conscience . . . . Only if the necessary condition of
> egregious behavior were satisfied would there be a
> possibility of recognizing a substantive due process right
> to be free of such executive action . . . .").

Boyanowski, 215 F.3d at 400-01.

Plaintiff's complaint does not allege specifically that Downey engaged in arbitrary conduct to deprive her of transportation routes. In construing her complaint, with additional insight obtained from Plaintiff's Brief in Opposition to Defendants Graybill's and Sweger's Motion to Dismiss (record doc. no. 15)[5], plaintiff argues that the policy requiring independent contractors to acquire at least two wheelchair vans was an arbitrary and egregious application of power designed to force smaller independent contractors like plaintiff out of business.

Plaintiff's allegation does not rise to the level of truly egregious conduct required for a substantive due process claim as described by the United States Supreme Court in Lewis. Indeed, plaintiff indicates that the two wheelchair van policy was applied to *all* independent contractors, not just to small independent contractors like plaintiff. Thus, there is nothing arbitrary or inconsistent about the policy as applied. Furthermore, requiring independent contractors who provide

---

[5] Plaintiff's Brief in Opposition to Downey's Partial Motion to Dismiss (record doc. no. 14) fails to reference any specific arbitrary governmental action.

transportation for disabled school children to and from classes to acquire two wheelchair vans is certainly not conduct that "shocks the conscience" of this court.

There is no discernable claim of substantive due process violation here. Thus, even if Morrison, Graybill and Sweger were found to meet the state action prerequisite for purposes of § 1983, their motions to dismiss would be granted with respect to plaintiff's due process claim. Downey's partial motion to dismiss with respect to this claim will likewise be granted.

### B. Equal Protection

Similar to her due process claim, the specifics of plaintiff's equal protection claim are unclear to the court. In construing her complaint; however, plaintiff's claim is viewed as one alleging discrimination resulting from the two wheelchair van policy mentioned above, as applied to her as a small independent contractor.

In order to succeed on a claim under § 1983 for denial of Equal Protection under the Fourteenth Amendment, a plaintiff must "prove the existence of purposeful discrimination and demonstrate that [s]he received treatment different from that accorded other individuals similarly situated." Wood v. Rendell, Civ.A. No. 94-1489, 1995 WL 676418, at *4 (E.D. Pa. Nov. 3, 1995) (citing Keenan v. City of Philadelphia, 983 F.2d 459, 465 (3d Cir. 1992); Andrews v. City of Philadelphia, 895 F.2d 1469, 1478 (3d Cir. 1990)). Stated another way, plaintiff

must show that she: "was a member of a protected class, was similarly situated to members of an unprotected class, and was treated differently from the unprotected class." Wood v. Cohen, Civ.A. Nos. 96-3707, 97-1548, 1998 WL 88387, at *8 (E.D. Pa. March 2, 1998), aff'd, 205 F.3d 1331 (3d Cir. 1999).

Plaintiff has not alleged that she is a member of a protected class. Plaintiff has also failed to allege facts to support a claim of purposeful discrimination, or that she received treatment different from that afforded similarly situated individuals. To the contrary, as noted above, plaintiff avers that all independent contractors were required to acquire at least two wheelchair vans, not just plaintiff. As such, plaintiff has failed to allege facts to support an equal protection claim.

Accordingly, like plaintiff's due process claim, her equal protection claim would be dismissed for failure to state a claim upon which relief can be granted as against Morrison, Graybill and Sweger, should they satisfy § 1983's state action requirement.

We note that Downey did not move to dismiss plaintiff's equal protection claim. However, Morrison, Graybill and Sweger fully briefed the viability of plaintiff's equal protection claim. Likewise, plaintiff had full and fair opportunity to respond to those briefs, and to assert why she believes she has stated an equal protection claim upon which relief can be granted. With respect to our analysis of

plaintiff's equal protection claim as against Morrison, Graybill and Sweger, it is clear there is no basis for equal protection liability as alleged in plaintiff's complaint. Plaintiff does not even remotely state facts sufficient to support a *prima facie* claim of an equal protection violation against any of the four defendants, including Downey. As such, to require Downey to file a subsequent motion for summary judgment on that claim alone would be an absolute waste of judicial resources.

Accordingly, we will dismiss plaintiff's equal protection claim as against Downey.

### 2. Antitrust Claim

In her complaint, plaintiff alleges that she has a "right to be free of protections afforded by the anti-trust [sic] laws," as well as a "right to contract free of anti-trust [sic] violations." Plaintiff's Complaint (record doc. no. 1) at ¶ 1, p.10.

When confronted with an antitrust claim, the standard for dismissal is somewhat higher than the standard for dismissal under Rule 12(b)(6), since "[s]ummary procedures should be used sparingly in complex antitrust litigation where motive and intent play leading roles, the proof is largely in the hands of the alleged conspirators, and hostile witnesses thicken the plot." Poller v. Columbia Broad Sys., 368 U.S. 464, 473 (1962). On the other hand, in an antitrust context,

18

the plaintiff must still allege facts sufficient to overcome a motion under Rule

12(b)(6).  Commonwealth of Pennsylvania v. Pepsico, Inc., 836 F.2d 173, 179 (3d

Cir. 1988).  We need not accept as true "unsupported conclusions and unwarranted

inferences."  Schuylkill Energy Resources, Inc. v. Pennsylvania Power & Light,

113 F.3d 405, 417 (3d Cir. 1997).

Nowhere in her complaint does plaintiff identify a specific federal or state

antitrust statute relied on as a basis for relief.  Plaintiff offers nothing more than an

entirely conclusory allegation of an antitrust violation.  As such, we cannot find

that plaintiff has stated a claim of an antitrust violation upon which relief can be

granted.[6]  See Northland Equities, Inc. v. Gateway Ctr. Corp., 441 F.Supp. 259,

264 (E.D. Pa. 1977) (finding a complaint alleging a violation under "the Antitrust

Laws of the United States" insufficient to state a valid antitrust claim).[7]

---

[6] In her briefs in opposition to defendants' motions, plaintiff claims
violations of the Sherman Act and Clayton Act, and makes reference to a
monopoly and restraint of trade engaged in by defendants; however, plaintiff does
not point to specific provisions of these acts, nor make direct reference to a
monopoly or restraint of trade in her complaint.  Because we look only to the facts
alleged in the complaint and any attachments, without reference to any other parts
of the record, see Jordan, 20 F.3d at 1261, we cannot find that plaintiff has stated
a viable antitrust claim.

[7] Since we find plaintiff has failed to state a valid antitrust claim, we need
not address the immunity defense raised by defendants Morrison, Sweger and
Graybill.

19

Defendants' motions to dismiss, and Downey's partial motion to dismiss, will be granted with respect to this claim.

### 3. Civil Conspiracy and Breach of Contract Claims

In her complaint, plaintiff alleges a civil conspiracy claim as well as a breach of contract claim. We address each claim in turn.

A. Civil Conspiracy

In Pennsylvania, a civil conspiracy can be pleaded when "two or more persons combined or agreed with intent to do an unlawful act or to do a lawful act by unlawful means." Pierce v. Montgomery County Opportunity Bd., 884 F.Supp 965, 974 (E.D. Pa. 1995)) (citing Denenberg v. American Family Corp., 566 F.Supp. 1242, 1253 (E.D. Pa. 1983) (further citation and internal quotation marks omitted). Additionally, a claim of civil conspiracy cannot be pled without also alleging an underlying tort. Boyanowski, 215 F.3d at 405. Indeed, "[t]he rule that civil conspiracy may not exist without an underlying tort is a common one." Id. (citing In re Orthopedic Bone Screw Prods. Liab. Litig., 193 F.3d 781, 789 & n.7 (3d Cir. 1999)).

Plaintiff has not alleged in her complaint an underlying tort on which her claim for civil conspiracy claim must be based. In her brief in opposition to Morrison's motion, plaintiff asserts that "there is an allegation of an underlying

number of constitutional torts (substantive due process and privileges and immunities) and breach of contract or perhaps 'tortious interference with contract,' that would support civil conspiracy as a tort here."  Plaintiffs [sic] Brief in Opposition to Defendant Morrison's Motion to Dismiss (record doc. no. 16) at 8, 9.  Regardless, under <u>Jordan</u>, 20 F.3d at 126, we once again decline to look beyond the complaint and any attachments thereto in considering plaintiff's factual averments.

Accordingly, plaintiff has failed to state a civil conspiracy claim upon which relief can be granted.  This claim will be dismissed as against all defendants.

<u>B. Breach of Contract</u>

The only reference to a breach of contract claim made in plaintiff's complaint is the one made in the last paragraph where she asserts: "[P]laintiff's rights, as supplemental state claims, to be free of breach of contract violations and civil conspiracies has [sic] been violated by the defendants and she demands judgement [sic] therefore."  As such, plaintiff fails to allege sufficient facts to support a breach of contract claim.

In order to state a valid claim for breach of contract under Pennsylvania law, plaintiff must allege: "(1) the existence of a valid and binding contract to which [s]he and the defendants were parties; (2) the contract's essential terms; (3) that

21

[s]he complied with the contract's terms; (4) that the defendants breached a duty imposed by the contract; and (5) damages resulting from the breach." <u>Gundlach v. Reinstein</u>, 924 F.Supp. 684, 688 (E.D. Pa. 1996) (further citation and internal footnote omitted).

Plaintiff does not identify a written contract between herself and the defendants.   Further, she has not pled any essential terms of a contract or identified the specific manner in which defendants allegedly breached a contract. Thus, we conclude that the complaint fails to state a claim for relief under contract theory.

This claim will be dismissed as against all defendants.

### 4. Downey's Motion to Strike

Downey moves under Fed. R. Civ. P. 12(f) to strike from the record the racial issues raised in ¶¶ 37-40, 42-44 of plaintiff's complaint.[8]  Specifically, Downey finds "extremely inflammatory" the alleged plot by Downey and other defendants to deprive African American residents of Harrisburg, Pennsylvania specific employment opportunities with the CAIU.

Rule 12(f) allows a court to strike from any pleading, either by motion by a

---

[8] Although it is unnecessary for us to address Downey's motion to strike in light of our aforementioned holding that all of plaintiff's claims as against him will be dismissed, we do so for the sake of thoroughness.

party or on its own initiative, "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Although the granting of a motion to strike is generally disfavored, see Wright, 2001 WL 1169108, at *2 (E.D. Pa. Oct. 2, 2001), it appears to be an appropriate remedy in this instance. Specifically, we will grant Downey's motion to strike with respect to the aforementioned paragraphs of plaintiff's complaint as immaterial and impertinent.

"'Immaterial' matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded, or a statement of unnecessary particulars in connection with and descriptive of that which is material." 5A CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE, § 1382, at 706-07 (2d ed. 1990). "'Impertinent' matter consists of statements that do not pertain, and are not necessary, to the issues in question. Thus, there is considerable overlap between the concepts of 'impertinent' and 'immaterial' matter." Id. at 711. In determining whether an allegation in a pleading is immaterial and impertinent within the ambit of Rule 12(f), "[o]ne test that has been advanced . . . is whether proof concerning it could be received at trial; if it could not, then the matter is immaterial and impertinent." Id. at 711-12.

Plaintiff's averments pertaining to discriminatory hiring practices by

Downey based on race do not relate in any conceivable way to the due process, equal protection, antitrust, and breach of contract claims pleaded by plaintiff.  This is particularly true with respect to the equal protection claim in light of the fact that plaintiff is not an African-American.  Should plaintiff's case proceed to trial, proof concerning the purported discriminatory hiring practices would not be received at trial because such proof is irrelevant to plaintiff's instant claims.   As such, ¶¶ 37-40, 42-44 of plaintiff's complaint implying racially motivated discriminatory hiring practices will be stricken from the complaint as immaterial and impertinent pursuant to Fed. R. Civ. P. 12(f).

Downey's motion to strike will be granted.

## IV. CONCLUSION

For the foregoing reasons, the motions to dismiss of defendants Sweger and Graybill; and Morrison will be granted pursuant to Fed. R. Civ. P. 12(b)(6).[9] Downey's partial motion to dismiss and to strike impertinent material will be granted pursuant to Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 12(f).[10]

---

[9] Because defendants' motions to dismiss will be granted, it is unnecessary to address their alternative motions for a more definite statement under Fed. R. Civ. P. 12(e).

[10] Given our aforementioned ruling with respect to plaintiff's equal protection claim, all claims will be dismissed as against Downey despite his partial motion to dismiss.

An appropriate order will issue.

James F. McClure, Jr.
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BEVERLY BEAM,                      :
           Plaintiff          :          No. 1:CV-01-0083
                   :          (Judge McClure)
                   :
           v.               :
                   :
SCOTT DOWNEY, ROGER          :
MORRISON, DAVID GRAYBILL    :
and MICHAEL SWEGER,             :
           Defendants        :

**FILED**
WILLIAMSPORT, PA

APR 1 0 2002

MARY E. D'ANDREA, CLERK
Per_____
                   DEPUTY CLERK

<u>**O R D E R**</u>

April 10, 2002

For the reasons set forth in the accompanying memorandum,

**IT IS ORDERED THAT:**

1.    Defendant Scott Downey's partial motion to dismiss and to strike

impertinent matter from the complaint (record doc. no. 7) is granted pursuant to

Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 12(f).

      1.1 Given the court's holding on plaintiff's equal protection claim, all

of plaintiff's claims are dismissed as against defendant Downey.

      1.2 Downey's motion to strike impertinent matter from plaintiff's

complaint is granted in its entirety.

2.    Defendant Roger Morrison's motion to dismiss (record doc. no. 10) is

granted pursuant to Fed. R. Civ. P. 12(b)(6).

2.1  All of plaintiff's claims are dismissed as against defendant

Morrison.

3.      Defendants David Graybill's and Michael Sweger's motion to dismiss

(record doc. no. 11) is granted pursuant to Fed. R. Civ. P. 12(b)(6).

3.1  All of plaintiff's claims are dismissed as against defendants

Graybill and Sweger.

4.      The clerk is directed to close the case file.

James F. McClure, Jr.
United States District Judge

2

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

* * MAILING CERTIFICATE OF CLERK * *

April 10, 2002

Re:  1:01-cv-00083   Beam v. Downey

True and correct copies of the attached were mailed by the clerk
to the following:

Don Bailey, Esq.
4311 N. 6th St.
Harrisburg, PA  17110

Stephen S. Russell, Esq.
Stock & Leader
35 South Duke St.
P.O. Box 5167
York, PA  17405-5167

Melinda B. Kaufmann, Esq.
Stock and Leader, PC
PO Box 5167
35 S. Duke Street
York, PA  17405

Steven J. Schiffman, Esq.
Serratelli, Schiffman, Brown, & Calhoon, P.C.
Suite 201
2080 Linglestown Road
Harrisburg, PA  17110

P. Daniel Altland, Esq.
Mette, Evans & Woodside
P.O. Box 5950
3401 North Front St.
Harrisburg, PA  17110-0950

Steven Jay Schiffman, Esq.
Serratelli Schiffman Brown & Calhoon, P.C.
2080 Linglestown Road
Suite 201
Harrisburg, PA  17101

```
cc:
Judge                        (  )                    (  ) Pro Se Law Clerk
Magistrate Judge             (  )                    (  ) INS
U.S. Marshal                 (  )                    (  ) Jury Clerk
Probation                    (  )
U.S. Attorney                (  )
Atty. for Deft.              (  )
Defendant                    (  )
Warden                       (  )
Bureau of Prisons            (  )
Ct Reporter                  (  )
Ctroom Deputy                (  )
Orig-Security                (  )
Federal Public Defender      (  )
Summons Issued               (  ) with N/C attached to complt. and served by:
                                  U.S. Marshal (  )    Pltf's Attorney (  )
Standard Order 93-5          (  )
Order to Show Cause          (  ) with Petition attached & mailed certified mail
                                  to:  US Atty Gen  (  )  PA Atty Gen (  )
                                       DA of County (  )  Respondents (  )
Bankruptcy Court             (  )
Other_____press____(✓)
                                                  MARY E. D'ANDREA, Clerk

      DATE:  ____4/10/02_____           BY:  _____
                                                    Deputy Clerk
```