IN THE UNITED STATES DISTRICT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BEVERLY BEAM** | ) | CIVIL ACTION LAW |
| | ) | |
| | ) | FILED |
| | ) | 0083   WILLIAMSPORT, PA |
| **Plaintiff** | ) | 1:CV-01-~~0600~~   MAY 2 0 2002 |
| | ) | |
| vs. | ) | MARY E. D'ANDREA, CLERK |
| | ) | Per ___ Deputy Clerk |
| **SCOTT DOWNEY, ROGER** | ) | (JUDGE MCCLURE) |
| **MORRISON, DAVID** | ) | |
| **GRAYBILL AND MICHAEL** | ) | JURY TRIAL DEMANDED |
| **SWEGER** | ) | |
| **Defendants** | ) | |

### PLAINTIFF'S RESPONSE TO JUDGES ORDER DATED MAY 2, 2002

This Court has raised a question that counsel is duty bound to respond to in full. For years this Court has utilized every opportunity available to it to harm, injure, and treat plaintiffs counsel in such a way as to, in counsels personal and professional opinion, even go so far as to injure an innocent American citizen who at least should be entitled to have her work reviewed. This court, in the past, has fined plaintiff's counsel $300.00 because he, and a defense lawyer, who had made the initial request not to meet physically because he was from Scranton over which plaintiff's lawyer had no control, did not meet to discuss the exact same things they discussed on the telephone. The Court did not question or even sanction

opposing counsel. On another case this Court actually convened sanction hearings against plaintiff's counsel under circumstances that can only be described as simply incredulous. In that case, during the sanctions hearing, the defendants decided they should settle the case, and the hearings, which plaintiff's counsel's lawyer could not believe were even going forward, were ended. One of the plaintiffs in that case wished to appeal. Over the threats of opposing counsel, plaintiffs counsel did the appeal. The Third Circuit reversed this Court and wrote a 29 page opinion that has become frequently quoted throughout the nation.

This Court convened another hearing when a highly agitated client of plaintiff's who was fed up after suffering years of insulting racist mistreatment by the police in Williamsport wrote the Court a letter. This matter was the subject of a publicized hearing in open court, where, thankfully, the client totally exonerated plaintiffs's counsel of any questions of error. None of this needed, or ever deserved to be made a public spectacle of, but it was. If Attorney's behave this way they are sanctioned. Later, plaintiff's counsel filed an action against a Williamsport police officer. He subpoenaed the officers records based upon information indicating official duty related problems of a very serious nature. This Court denied plaintiff's counsel an opportunity to renew that discovery request even in- camera, and denied counsel and his client the discovery. A number of years later, in a totally different case, plaintiffs' counsel discovered that the

evidence was not only relevant, but would have been devastating in the case where this Court denied the opportunity to review the police officers records. Plaintiffs's counsel checked with another counsel who opined that the Court was in error and that a complaint to the Administrative Offices of the Federal Courts was in order. The client, and this attorney declined to take it further. More recently, plaintiffs counsel learned that during a side bar in a case where the U.S. government were prosecuting a former client of Mr. Bailey's, the Court sua sponte declared that it didn't want to hear Mr. Bailey go on and on and voice criticism of elected officials or some words to that effect, and subsequently make a decision to limit the extent of Mr. Bailey's testimony for the defense. This was during an offer before Mr. Bailey testified (and its been transcribed) It is plaintiff's counsel's opinion that these sentiments were unnecessary, were uncalled for, and not reasonable as a basis for limiting testimony, but were more related to this Court's opinion of Mr. Bailey's view of government in the United States. Lastly in this (16 months) and other cases, (over that) this Court has waited excessively long to decide motions to dismiss or for summary judgment. In one case, a defendants' attorney refused to allow plaintiff's counsel to tape record a deposition he had scheduled with a Videographer as on alternative means. After throwing the videographer out the attorney wouldn't let Mr. Bailey tap record.  Plaintiffs counsel had to proceed to process a summary judgment motion without that crucial testimony because this

Court would not enforce a plain discovery rule. Under these circumstances, where motions to dismiss were filed 16 months ago, and where discovery ensued which simply, in a phrase, totally designates the assumption made in this Court's order dismissing the case how can plaintiff be remotely asked to support a decision to concur in a stay? The defendants' are not prevailing parties under the law and if there are any costs beyond that, they are the fault of this Court. Lastly, if plaintiffs's were not mistaken, the defendants were out of time - how could plaintiff under any circumstances be asked or expected to concur in a stay. Under these circumstances plaintiff and her attorney would have to be foolish to agree.

Defendants had a duty to file their so-called collective relief that they're entitled to attorneys fee within 14 days of the dismissal. Plaintiff's appeal is separate and totally distinct from the underlying case. They are not one action or even a continuous action. Therefore defendants are out of time.

Respectfully Submitted,

_____
Don Bailey PAID# 23786
4311 N. 6th Street
Harrisburg, PA 17110
(717) 221-9500

May 18, 2002

## CERTIFICATE OF SERVICE

I hereby certify that on this **18th day of May 2002** true and correct copy of the foregoing DOCUMENT was served upon the following counsel of record by United States Mail, postage prepaid:

**Stephen Russell, Esquire**
**Stock and Leader**
35 S. Duke Street
P.O. Box 5167
York, PA 17405-5167

**Steven Schiffman, Esquire**
**Serratelli, Schiffman, Brown and Calhoun**, P.C.
2080 Linglestown Road
Harrisburg, PA 17110

**Daniel P. Altland, Esquire**
**Mette, Evans and Woodside**
3401 N. Front Street
Harrisburg, PA 17110

BY: _____
Don Bailey ID# 23786
4311 N. 6th Street
Harrisburg, PA 17110
(717) 221-9500