IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BEVERLY BEAM, :
    Plaintiff : No. 4:CV-01-0083
: (Judge McClure)
v. :
:
SCOTT DOWNEY, ROGER MORRISON, :
DAVID GRAYBILL, and MICHAEL :
SWEGER, :
    Defendants :

**ORDER**

May 30, 2002

FILED
WILLIAMSPORT, PA
MAY 3 0 2002
MARY E. D'ANDREA, CLERK
Per_____
    DEPUTY CLERK

**BACKGROUND**:

On April 10, 2002, the court entered an order dismissing the complaint as against all defendants. On April 16, 2002, plaintiff filed a notice of appeal from that order to the United States Court of Appeals for the Third Circuit. On April 24, 2002, defendant Roger Morrison filed a motion for attorney's fees and associated expenses. Also, on April 24, 2002, a motion was filed collectively on behalf of all defendants, including Roger Morrison, to enlarge the time to file for attorney's fees and costs until resolution of plaintiff's appeal. As counsel for Morrison signed both motions, it would appear that he is at least seeking a deferral of the briefing of his motion for attorney's fees and associated expenses until disposition of the pending appeal.

By order dated May 2, 2002, the court directed plaintiff to file a response stating her reasons for the nonconcurrence with defendants' collective motion to enlarge time to file attorneys' fees and costs. Plaintiff filed her response.

For the reasons that follow, defendants' collective motion will be granted.

**DISCUSSION**:

Preliminarily, the court notes that, in filing a response, plaintiff's counsel seized upon the opportunity to vent his spleen with a diatribe against the undersigned judge. It is not until the final page of plaintiff's four-page response that counsel sets forth any reasons for nonconcurrence with defendants' motion.

Generally, under Fed. R. Civ. P. 54(d), a motion for attorneys' fees, to be timely, must be served and filed no later than fourteen (14) days after the entry of judgment. Notably, however, the court has the authority under Fed. R. Civ. P. 54(d)(2)(B) to extend the time for filing a fee motion, for the 14-day deadline applies "[u]nless otherwise provided by statute or order of the court." Fed. R. Civ. P. 54(d)(2)(B). See Mints v. Educ. Testing Serv., 99 F.3d 1253, 1260 (3d Cir. 1996) (stating that "the time constraint provision in Rule 54(d)(2)(B) is not jurisdictional, [] the district court can extend the time for motions under that rule . . . ."). Under Fed. R. Civ. P. 6(b), a request for an extension of time within which to file a fee motion "should be made within the 14 days provided for filing the

2

fee motion itself." 10 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 54.151[2][b], p.218 (3d ed. 2000).

Despite plaintiff's assertion to the contrary, defendants' motion to extend the time within which to file their fee motion was timely filed on April 24, 2002, the fourteenth day after entry of judgment as against plaintiff on April 10, 2002. Defendants request that the court defer resolution of the fee issue until after the Third Circuit Court of Appeals has rendered its disposition of plaintiff's appeal. Plaintiff objects, offering nothing more than the bald statement that "[p]laintiff's appeal is separate and totally distinct from the underlying case." Plaintiff's Response to Judge's Order Dated May 2, 2002 (record doc. no. 37) at 4.

Quite frankly, the court is somewhat perplexed by plaintiff's objection on this point. It seems as though a decision to postpone any litigation on fees until after the Third Circuit has assessed plaintiff's appeal would only benefit plaintiff. Although the court may well be able to ascertain at this juncture the "prevailing party" for purposes of defendants' fee petition, it is the court's position that it clearly makes more sense to defer such determination until disposition of plaintiff's appeal. Only then may the "prevailing party" have been determined with any finality. A deferral of this dispute will conserve everyone's resources, to no one's prejudice.

3

Given the foregoing, defendants' motion to extend the time within which to file a motion for attorneys' fees will be granted pursuant to Fed. R. Civ. P. 54(d)(2)(B) until further order of the court pending disposition of plaintiff's appeal by the Third Circuit.

**NOW, THEREFORE, IT IS ORDERED THAT**:

1. Defendants' collective motion to enlarge time to file for attorneys' fees and costs (record doc. no. 34) is granted pursuant to Fed. R. Civ. P. 54(d)(2)(B), and said time is enlarged until further order of court pending disposition of plaintiff's appeal by the Third Circuit.

2. Briefing of defendant Morrison's separate motion (record document no. 33) is similarly deferred.

James F. McClure, Jr.
United States District Judge



UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

* * MAILING CERTIFICATE OF CLERK * *

May 30, 2002

Re:   1:01-cv-00083    Beam v. Downey

True and correct copies of the attached were mailed by the clerk to the following:

Don Bailey, Esq.
4311 N. 6th St.
Harrisburg, PA   17110

Stephen S. Russell, Esq.
Stock & Leader
35 South Duke St.
P.O. Box 5167
York, PA   17405-5167

Melinda B. Kaufmann, Esq.
Stock and Leader, PC
PO Box 5167
35 S. Duke Street
York, PA   17405

Steven J. Schiffman, Esq.
Serratelli, Schiffman, Brown, & Calhoon, P.C.
Suite 201
2080 Linglestown Road
Harrisburg, PA   17110

P. Daniel Altland, Esq.
Mette, Evans & Woodside
P.O. Box 5950
3401 North Front St.
Harrisburg, PA   17110-0950

Steven Jay Schiffman, Esq.
Serratelli Schiffman Brown & Calhoon, P.C.
2080 Linglestown Road
Suite 201
Harrisburg, PA   17101

```
cc:
Judge                          ( )              ( ) Pro Se Law Clerk
Magistrate Judge               ( )              ( ) INS
U.S. Marshal                   ( )              ( ) Jury Clerk
Probation                      ( )
U.S. Attorney                  ( )
Atty. for Deft.                ( )
Defendant                      ( )
Warden                         ( )
Bureau of Prisons              ( )
Ct Reporter                    ( )
Ctroom Deputy                  ( )
Orig-Security                  ( )
Federal Public Defender        ( )
Summons Issued                 ( )  with N/C attached to complt. and served by:
                                    U.S. Marshal ( )    Pltf's Attorney ( )
Standard Order 93-5            ( )
Order to Show Cause            ( )  with Petition attached & mailed certified mail
                                    to:  US Atty Gen  ( )    PA Atty Gen ( )
                                         DA of County ( )    Respondents ( )
Bankruptcy Court               ( )
Other_____press___            (✓)
                                              MARY E. D'ANDREA, Clerk

DATE: ____5/30/02____                  BY: _____
                                              Deputy Clerk
```