STOCK AND LEADER
Susquehanna Commerce Center East
6th Floor
221 W. Philadelphia Street                          Phone: (717) 846-9800
York, Pennsylvania 17404                            Fax:   (717) 843-6134

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BEVERLY BEAM,<br>   Plaintiff | :<br>:<br>: |
| v. | :   CIVIL ACTION NO.<br>:   NO.: 1:CV-01-0083<br>: |
| SCOTT DOWNEY,<br>ROGER MORRISON,<br>DAVID GRAYBILL<br>and MICHAEL SWEGER<br>   Defendants | :<br>:<br>:<br>:<br>: |

FILED
WILLIAMSPORT, PA

JAN 2 8 2003

MARY E. D'ANDREA, CLERK
Per_____
            DEPUTY CLERK

BRIEF IN SUPPORT OF DEFENDANT DOWNEY'S MOTION
FOR ATTORNEYS' FEES AND COSTS UNDER 42 U.S.C. § 1988

I.   FACTUAL AND PROCEDURAL HISTORY

This is a summary of the facts and procedural history as it is well known to the Court and Counsel.

Plaintiff filed this Complaint on or about January 16, 2001. The Complaint was dismissed in its entirety pursuant to Fed. R. Civ. P. 12(b)(6) on April 10, 2002. Plaintiff filed a Notice of Appeal on April 16, 2002. Defendants filed a joint Motion to Enlarge Time to File for Attorneys' Fees and Costs on April 24, 2002,

1

which was granted on May 30, 2002. On December 23, 2002, the Third Circuit Court of Appeals affirmed the District Court. Defendant Downey filed his Motion for Attorney Fees and Bill of Costs on January 21, 2003. This Brief is filed in support of that Motion.

## II. STATEMENT OF ISSUES PRESENTED

1. Should Defendant Downey be awarded attorneys' fees and costs under 42 U.S.C. § 1988.

Suggested Answer: Yes

## III. ARGUMENT

"In any action or proceeding to enforce a provision of sections 1983[], the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b). "A plaintiff may be liable for attorneys' fees under § 1988 when a court finds that his claim was frivolous, unreasonable, or groundless or that the plaintiff continued to litigate after it clearly became so." *Brown v. Borough of Chambersburg*, 903 F.2d 274, 277 (3d Cir. 1990), citing *Christiansburg Garment Co. v. E.E.O.C.*, 434 U.S. 412, 422, 98 S.Ct. 694, 701, 54 L.Ed.2d 648 (1978). "It is not necessary that the prevailing defendant establish that the plaintiff had subjective bad faith in bringing the action in order to recover attorney's fees." *The Barnes Foundation v.*

*Township of Lower Merion*, 242 F.3d 151, 158 (3d Cir. 2001). Such a determination should be made on a case-by-case basis. *Id.* Courts, however, have taken into account several factors when determining whether an unsuccessful civil rights claim was frivolous including: "whether the plaintiff established a prima facie case, the defendant offered to settle, the trial court dismissed the case prior to trial or the case continued until a trial on its merits.... whether the question in issue was one of first impression requiring judicial resolution, [and] the controversy is based sufficiently upon a real threat of injury to the plaintiff." *Id.* (internal citations omitted).

    Plaintiff filed her complaint on January 16, 2001, alleging violations of her substantive due process and equal protection rights and violation of antitrust laws. Plaintiff also alleged pendant state claims of civil conspiracy and breach of contract. Defendant Downey filed a Partial Motion to Dismiss and to Strike Impertinent Matter from the Complaint. By Order and Memorandum dated April 10, 2002, Plaintiff's Complaint was dismissed in its entirety pursuant to Fed. R. Civ. P. 12(b)(6). Under Fed. R. Civ. P. 12(b)(6) "A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proven with the allegations." *Ramadan v. Chase Manhattan Corp.*, 229 F.3d 194,

195-96 (3d, Cir. 2000), *citing Alexander v. Whitman*, 114 F.3d 1392, 1298 (3d. Cir. 1997).

To set forth her claim under 42 U.S.C. § 1983, Plaintiff had to allege and prove that Defendants, acting under color of state law, deprived her of her equal protection and/or due process rights. *See, e.g. Labalokie v. Capital Area Intermediate Unit*, 926 F. Supp. 503, 506 (M.D. Pa. 1996). In construing Plaintiff's Complaint in the light most favorable to her, this Court determined that she was attempting to allege "a deprivation of a protected property interest in the form of lost mileage due to a decrease in the transportation routes assigned to her pursuant to her contract as a driver with the CAIU." Memorandum Opinion pp. 10-11. It was clearly established law at the time the Complaint was filed that Plaintiff had no property interest in her contract with the CAIU. *See Labolokie*, 926 F.Supp. at 508.*supra* at 508. In light of the fact that there can be no property interest in her contract with the CAIU, there is clearly no property interest in specific transportation routes with the CAIU. This Court, therefore, held that "[t]here is no discernable claim of substantive due process violation." Memorandum Opinion p. 16.

As to the claim for equal protection, Plaintiff was required to "prove the existence of purposeful discrimination and demonstrate that [s]he received

4

treatment different from that accorded to other individuals similarly situated." *Wood v. Rendell*, Civ. A. No. 94-1489, 1995 WL 676418 at 4 (E.D. Pa. Nov. 3, 1995) (internal citations omitted). Plaintiff failed to do so. There is no legal support for the contention that Plaintiff is the member of a protected class on the basis of the size of her business. Furthermore, she failed to complain of any unequal treatment. Rather, she merely complained of a policy whereby all independent contractors were required to purchase two wheelchair vans. In dismissing Plaintiff's § 1983 equal protection claims, this Court stated that "Plaintiff does not even remotely state facts sufficient to support a *prima facie* claim." Memorandum Opinion p. 18.

Plaintiff's final federal claim is an antitrust violation claim. It is recognized that "summary procedures should be used sparingly in complex antitrust litigation where motive and intent play leading roles ..." *Poller v. Columbia Broad System*, 368 U.S. 464, 473, 82 S.Ct. 486, 491, 7 L.Ed.2d 458 (1962). Plaintiff, however, failed to even set forth any specific federal or state antitrust statute upon which she was basing her conclusory claim. This claim, therefore, was dismissed even under the heightened pleading standard of *Poller*.

Plaintiff's pendant state claims were also meritless and were dismissed by this Court. Plaintiff failed to plead the existence of a contract with Defendant

5

Downey (or the CAIU, his employer). Plaintiff similarly failed to allege an underlying tort that could form the basis of a claim for conspiracy. Memorandum Opinion p. 20, 22.

Plaintiff appealed the dismissal of her claims to the Third Circuit on April 16, 2002. On December 23, 2002, the Third Circuit Court of Appeals issued an Order and Judgment, affirming the District Court's dismissal of Plaintiff's Complaint. This Opinion of the Court was entered without oral argument of the parties and held that "Beam's arguments are meritless."

If a court finds that a plaintiff's claims are frivolous, unreasonable, meritless, or without foundation, the plaintiff may be liable for attorneys' fees to the defendant pursuant to 42 U.S.C. § 1988. *See Brown,* 903 F.2d at 277; *The Barnes Foundation,* 242 F.3d at 158. Here, Plaintiff failed to establish a prima facie case, the trial court dismissed the case prior to trial, the case did not present a question of first impression and the controversy was not based sufficiently upon a real threat of injury to plaintiff. *Id.* As such, Plaintiff's claims were frivolous, unreasonable and meritless and it would also appear that they were brought in bad

faith.[1]  Even the Third Circuit noted that Plaintiff's claims were "meritless." Plaintiff's belief that "the U.S. Court of Appeals panel missed the entire point of the appeal since the District Court abused its discretion and significantly caused the costs, which was the issue on appeal" does not change the fact that the claim is meritless and frivolous.  <u>Appellants Response in Opposition to Attorney's Fees and Associated Expenses by Appellees Graybill and Sweger</u> ¶ 9.  As such, Defendant Downey, as a prevailing party in this action, is entitled to reasonable attorneys' fees.

---

[1] Especially as evidenced by the fact that Plaintiff, while her appeal was still pending at the Third Circuit Court of Appeals, filed a new case under a new docket number alleging the identical facts and identical claims, while adding three additional Defendants and a First Amendment retaliation theory into the Complaint in an attempt to resurrect this claim after it had been dismissed.

## VI. CONCLUSION

For the reasons stated above, Defendant Downey respectfully requests that he be awarded attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

                                  Respectfully submitted,

                                  STOCK AND LEADER

                                  By: *(signature)*
                                  Stephen S. Russell, Esquire
                                  I.D. No. 17102
                                  Melinda B. Kaufmann, Esquire
                                  I.D. No. 82088
                                  Susquehanna Commerce Center East
                                  221 W. Philadelphia Street, 6th Floor
                                  York, PA 17404

Dated: January 27, 2003              (717) 846-9800

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BEVERLY BEAM,    :
       Plaintiff    :
           :
v.    :    CIVIL ACTION NO.
           :    NO.: 1:CV-01-0083
           :
SCOTT DOWNEY,    :
ROGER MORRISON,    :
DAVID GRAYBILL    :
and MICHAEL SWEGER    :
       Defendants    :

### CERTIFICATE OF SERVICE

AND NOW, this 27th day of January, 2003, I, Stephen S. Russell, Esquire, of the law firm of Stock and Leader, attorneys for the Defendant, Scott Downey, hereby certify that I served the foregoing BRIEF IN SUPPORT OF DEFENDANT DOWNEY'S MOTION FOR ATTORNEYS' FEES AND COSTS UNDER 42 U.S.C. § 1988 this day by depositing the same in the United States first-class mail, postage prepaid, in York, Pennsylvania, addressed to:

Don Bailey, Esquire
4311 N. 6th Street
Harrisburg, PA 17110

Steven J. Schiffman, Esquire
2080 Linglestown Road
Harrisburg, PA 17110

P. Daniel Altland, Esquire
3401 N. Front Street
Harrisburg, PA 17110

                    STOCK AND LEADER

                    By: _____
                    Stephen S. Russell, Esquire
                    I.D. # 17102
                    Susquehanna Commerce Center East
                    221 W. Philadelphia Street, 6th Floor
                    York, PA 17404
                    Telephone: (717) 846-9800