IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BEVERLY BEAM | ) | NO: 1:CV-01-0083 |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | (Judge McClure) |
| | ) | |
| SCOTT DOWNEY, ROGER | ) | |
| MORRISON, DAVID | ) | |
| GRAYBILL AND MICHAEL | ) | |
| SWEGER, | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendants | ) | |

**PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANTS
GRAYBILL AND SWEGER'S, AND DEFENDANT DOWNEY'S
MOTION FOR ATTORNEYS FEES AND COSTS**

I.) **BACKGROUND**

A.) **PROCEDURAL HISTORY**

Plaintiff filed her first complaint on January 16, 2001. On March 16, 2001 Downey answered the Complaint and on March 16, Morrison filed a motion to dismiss. On March 19, 2001 Graybill and Sweger filed a motion to dismiss. On April 20, 2001 the case management conference was held. During the conference (held more than a month after the last MTD was

1

filed) discovery was discussed and Judge McClure said to go ahead, over defense counsel's objections, and plaintiff's acquiescence. So the parties did what the court ordered. There had been no discovery by April 20, 2001 because defendants would not participate in discovery (pending motions). Regardless, after extensive discovery, which disclosed conspiratorial meetings and arbitrary capricious treatment of various independent contractors based upon the government defendants' selective special treatment for their friends (the private defendants) to reward them for their political support on the original wheelchair van plan (2 required of each IC- this was the original plan that the district court simply did not address, even though the plaintiff pointed out that the relative size of the contractors made a huge and significant difference, and in fact formed the material basis for the scheme to begin with. Because the district court did not permit any discovery to be used (see Memorandum page 5, 1st full paragraph), Judge McClure didn't learn, that well before (almost a year before) his April 10, 2002 Memorandum (see page 17 of the Memorandum 1st and 2nd full paragraph), the CAIU Board, in response to its member districts' efforts to investigate the 2 wheelchair van policy, stopped it because they found it to be absurd, unreasonable, ridiculous, and worse yet, the wheelchairs were unneeded (Judge McClure probably thought that everyone of the 900 or so

2

special needs children needed a wheelchair (the number us roughly 25-30). But these facts gleaned from discovery were never looked at. And neither did the 3rd Circuit look beyond the face of the complaint to the issue of how the case was handled procedurally, merely opining that the complaint was meritless. One difficulty with these jurists' cursory examination of the original complaint is that Downey only filed a "partial" motion to dismiss (See Memorandum page 1) and the district court never explained its decisional role in either the conduct of discovery, or the languishing of the motions to dismiss, let alone the stay on dispositive motions. Hence we now have a timely filed Complaint at 02-1797 with a clearly stated equal protections of the laws claim that includes timely discovered information on the defendants' manipulation of vehicle rate charges to injure Ms. Beam and others like her ie. the smallest IC's and those that fought the 2 wheelchair plan at the IU and won.

For a number of reasons defendants' motions are inappropriate. One reason is the fact that the case at 0083 was dismissed <u>without prejudice</u> so that, by definition, if a new case was filed, there could not be a prevailing party. Since a new claim was timely filed based upon similar fact allegations the attorneys' fees petitions are moot. Also, Judge McClure should have granted leave to amend, particularly after reading the information presented

to him (which it was) about how the defendants conspired to harm the plaintiff and defraud tax payers. Judge McClure's opinion on state action is likewise relegated to the recycle bin by virtue of the discovery he avoided analyzing. The new complaint at 02-1797 puts that issue to rest also. It is noted that the district court says, at the bottom of page 17 of the April 10, 2002 Memorandum, that plaintiff had a chance to respond to Morrison and Graybill and Sweger's briefs on equal protection and didn't do so adequately without mentioning that that was pre-discovery (as it subsequently failed to grant leave to amend)

After all, if the court says plaintiff didn't reply adequately in 0083, thus apparently prejudicing her, then if the defendants' can't explain by response in 02-1797, it by deduction should negatively affect them there.

But there are further reasons why the defendants should not be granted attorney's fees. To be a prevailing party under 42 U.S.C. §1988 a defendant must show that the plaintiffs' action is;

> "Unreasonable, frivolous, merit less, or vexatious with regard to this standard, the term "meritless" means groundless or without foundation, rather than simply that the plaintiff has ultimately lost his case, and the term "Vexatious" in no way implies that the plaintiffs' subjective bad faith is a necessary prerequisite to a fee award against him,"

Christiansburg Garment Co v. Equal Employment Opportunity Commission, 434 U.S. 412, 98 S.Ct. 694; 54 L.Ed 2d 648 (1978) head note

16. Christiansburg, although an employment discrimination case, is the precedent setting standard by which prevailing defendant attorney fee cases are judged, including 1988 cases. See Hensley v. Eckerhart, 461, U.S. 424, at 433 n. 7. Christiansburg has been cited with approval many many times. It is the governing standard in this case. See also Jane L. v. Bangerter, 61 F. 3d 1505 (10th Cir) (1995). Bangerter also addresses another issue in this case. Plaintiffs believe that their claims were not unreasonable or without foundation. The Bangerter Court, in analyzing Christiansburg refers to page 421-22 of that decision:

> " a finding that the plaintiff's action was frivolous
> unreasonable, or without foundation, even though
> not brought in subjective bad faith" enabled
> defendants' to recover attorneys' fees. Christiansburg
> 434 U.S. 1t 421. In setting forth this standard, the Court
> underscored that district courts must resist the
> understandable temptation to engage in post hoc
> reasoning by concluding that, because a plaintiff
> did not ultimately prevail, his action must have
> Been unreasonable or without foundation. This
> kind of hindsight logic could discourage all but
> The most airtight claims, for seldom can a prospective
> plaintiff be sure of ultimate success."

Id at page 1513, citing Christiansburg and, also at page 1513 of the Jane L. Bangerter decision, the 10th Circuit cites Hughes v. Rowe, 449 U.S. 5, 15-16, 101S.Ct. 173, 66 L.Ed 2d 163 (1980), for the proposition that seems most on point for this case:

> "Those claims dismissed on 12(b)(6) motions that receive "careful consideration," especially as Evidenced by lengthy, detailed, and reasoned Orders or opinions, are not "groundless" or "Without foundation.""

See the April 10, 2002 Memorandum Opinion. Surely the Court would not argue that its 25 page Opinion wasn't given "careful consideration", isn't lengthy, isn't detailed, and conversely is groundless? One thing the court clearly did by deferring to defendants' request for relief in the forum of not having to do "more discovery" (perhaps a confusion with state practice) was put itself in the position of not learning of the specific meetings and plans among defendants to provide special help for the preferred group of contractors like Morrison and G & S. By doing so the Court not only erred but costs suspicious on this follow up attempt to collect attorneys fees almost as if the Court engineered their effort tacitly, if at all of course.

Further, in light of the Courts refusal to allow discovery material to be consulted when it resurrected the motions for summary judgment and dismissal (incredulously, one, Downey's, only a partial summary judgment was converted to a combination summary judgment/motion to dismiss without allowing the use of discovery). Thus the prevailing party argument cannot be made.

There are, even so, more fundamental reasons for denying the defendants' request for attorneys' fees. This Court should have granted leave to Amend. See *Shane v. Faune*, 213 F.3d 113. And on the circumstances of where leave to amend should be granted see *Williamson v. Allstate Ins. Co.*, 204 F.R. D. 641 2001, U.S. Dist. LEXIS 22076, *Bryant et al v. Dupree et al*, 252 F.3d 1161 (11th Cir 2001), *Czeremcha v. IAMWU* ( 11th Cir 1984) 1984 U.S. App LEXIS 25413. If the 3rd Circuit reviewed the appeal in this matter de novo, they should have seen through this.

**WHEREFORE** this Court is regretfully requested to dismiss defendant requests for attorneys fees.

Respectfully Submitted,

**BAILEY STRETTON & OSTROWSKI**

*/s/ Don Bailey*

Don Bailey Esquire
4311 N. 6th Street
Harrisburg, Pa  17110
(717) 221-9500

7

## CERTIFICATE OF SERVICE

I, Don Bailey do hereby certify that on this *17TH day of February 2003* I served a true and correct copy of *PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANTS MOTION FOR ATTORNEYS FEES* to the attorney below by First class-postage prepaid mail:

*P. DANIEL ALTLAND ESQUIRE*
*METTE EVANS*
*3401 NORTH FRONT STREET*
*HARRISBURG, PA 17110*

*STOCK AND LEADER*
*STEPHEN RUSSELL ESQUIRE*
*SUSQUEHANNA COMMERCE CENTER EAST*
*221 W. PHILADELPHIA STREET*
*YORK, PA 17404*

*MELANIE ERB, ESQUIRE*
*SERRATERRLI SCHIFFMAN*
*SUITE 201*
*2080 LINGLESTOWN ROAD*
*HARRISBURG, PA 17110*

RESPECTFULLY SUBMITTED,

**BAILEY STRETTON & OSTROWSKI**

DON BAILEY, ESQUIRE
4311 N. 6th Street
Harrisburg, PA 17110
(717) 221-9500