58
2/26/03
JS

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BEVERLY BEAM              :
                          :
            Plaintiff     :   CIVIL NO. 1: 01-CV-83
                          :   (Judge McClure)
    v.                    :
                          :
SCOTT DOWNEY, ET AL       :
                          :
            Defendants    :
                          :

FILED SCRANTON
FEB 2 5 2003
PER _____ DEPUTY CLERK

### CLERK'S TAXATION OF COSTS
February 25, 2003

Pending for taxation are two verified bills of costs. Defendants Graybill and Sweger are seeking $2,971.83 for costs incident to taking depositions ($2,940.33) and photocopying costs ($31.50). Defendant Downey has claimed $2,426.84 for deposition expenses.

Defendants Graybill and Sweger produced an itemized list of deposition expenses, but otherwise failed to submit any documentation which substantiates their claims for copying fees and deposition expenses. The plaintiff properly objects to taxation under the circumstances, as it is not possible to evaluate the reasonableness of the expenses claimed without supporting papers. See Fuszek v. Royal King Fisheries, Inc., 98 F.3d 514, 517 (9th Cir. 1996); Northbrook Excess & Surplus v. Proctor & Gamble, 924 F.2d 633, 643 (7th Cir. 1991). Therefore, a ruling on this bill of costs will be deferred, subject to the right of defendants Graybill and Sweger to file supplemental documents which describe more clearly

AO 72A
(Rev. 8/82)

whether the expenses are taxable under 28 U.S.C. § 1920 and the Local Rules of Court. See <u>Corsair Asset Management Inc. v. Moskovitz</u>, 142 F.R.D. 347, 352 (N.D.Ga. 1992).

Defendant Downey has supported his claim for reimbursement with copies of billing invoices from court reporter services. In timely filed objections the plaintiff has suggested that a related attorney fee petition "appears to indicate shared costs" for these services. This passing reference to the record (a record which doesn't appear to indicate that which the plaintiff suggests) falls well short of establishing that defendant Downey's claim is "incorrectly stated, unnecessary or unreasonable." LR 54.4(10).

**THEREFORE, IT IS ORDERED THAT** costs be taxed against the plaintiff and in favor of defendant Downey in the amount of $2,426.84. **IT IS ALSO ORDERED THAT** a ruling on the bill of costs filed by defendants Graybill and Sweger will be deferred pending their right, within ten (10) days of the date of this order, to submit supplemental materials in support of their claim for costs.

Any party may appeal this decision to the district court within five days. Written specifications of the items objected to and the grounds of objections must be filed and served within five days. LR 54.3.

*(signature)*
MARY E. D'ANDREA, Clerk

cc: All parties/counsel

AO 72A
(Rev. 8/82)

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BEVERLY BEAM

        Plaintiff    :    CIVIL NO. 1: 01-CV-83
                            :    (Judge McClure)

    v.

SCOTT DOWNEY, ET AL

        Defendants

FILED SCRANTON
FEB 25 2003
PER _____ DEPUTY CLERK

JUDGMENT

Pursuant to the court's order of dismissal entered April 10, 2002 and Federal Rule of Civil Procedure 54(d)(1), costs are hereby taxed against the <u>plaintiff Beverly Beam</u> and in favor of the <u>defendant Scott Downey</u> in the amount of <u>$2,426.84</u>.

ATTEST:

_Mary E. D'Andrea_
MARY E. D'ANDREA, Clerk

AO 72A
(Rev. 8/82)