**STOCK AND LEADER**
Susquehanna Commerce Center East
221 W. Philadelphia Street, 6th Floor                    Phone: (717) 846-9800
York, Pennsylvania 17404                                 Fax: (717) 843-6134

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BEVERLY BEAM, : | |
|           Plaintiff : | |
| : | |
| v. : | CIVIL ACTION NO. |
| : | NO.: 1:CV-01-0083 |
| : | |
| SCOTT DOWNEY, : | |
| ROGER MORRISON, : | |
| DAVID GRAYBILL : | |
| and MICHAEL SWEGER : | |
|           Defendants : | |

### DEFENDANT DOWNEY'S REPLY BRIEF IN SUPPORT OF MOTION FOR ATTORNEYS FEES AND COSTS

Plaintiff makes two arguments as to why an award for attorney's fees would be inappropriate. First, Plaintiff again renews her complaint that the District Court incorrectly awarded Defendant's Motion to Dismiss and that the Third Circuit incorrectly upheld that award. This appears to continue her argument that the Court should have ignored the Fed. R. Civ. Pro. 12(b)(6) standards and taken into account various information not contained within the pleadings. Second, Plaintiff argues that her Complaint was not frivolous and that the court should have *sua*

*sponte* granted her the right to amend her Complaint when it was dismissed. Both of Plaintiffs arguments are as meritless as her original Complaint.

Plaintiff once again attempts to include irrelevant and immaterial facts within the first several pages of her brief; facts that were not included with her Complaint. Plaintiff, however, has provided no support for these alleged facts. Beyond that, they are irrelevant because the Complaint was dismissed pursuant to Fed. R. Civ. Pro. 12(b)(6). Plaintiff then suggests that Defendants were not prevailing parties under 42 U.S.C. ' 1988 because the case was dismissed "without prejudice." Brief in Opposition p. 3. Plaintiff, however, misses the point. "[A] dismissal for failure to state a claim under Federal Rule of Civil Procedure is a judgment on the merits." *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394 n.3 (1981). Additionally, the final sentence of the April 10, 2002 Order directed the Clerk of Courts to close the case. As such, this was a final ruling on the merits.

Neither the facts that Plaintiff inappropriately includes in her Brief in Opposition nor any other facts she could establish changes the fact that there is no substantive due process claim based on the number of miles an individual is assigned to drive; there is no equal protection claim based on the size of one's business or on policies that are applied equally to all similarly situated individuals; there was never even a minimal showing of an antitrust violation; Plaintiff did not

even allege the existence of a contract to be able to establish a breach of contract or a conspiracy to do so.  As the Third Circuit recognized, Plaintiff's claims were "meritless."  Whether the words "with prejudice" followed the Order dismissing the claims or not is irrelevant in this case where no factual situation can change the frivolous nature of these claims.

Plaintiff then suggests that Defendants are not entitled to attorney's fees because "Judge McClure should have granted leave to amend." <u>Brief in Opposition</u>, p. 3.  Plaintiff, however, never requested permission to amend her Complaint.  Instead, she chose to file a new action against Defendants for virtually the same claims.  Plaintiff suggests that "[s]ince a new claim was timely filed based upon similar fact allegations the attorneys' fees petition are moot." <u>Brief in Opposition</u> p. 3.  Plaintiff, however, misses the point.  Once there was been a ruling on these issues any new claims are barred under *res judicata*.  In fact, Plaintiff's filing of the new case "based upon similar facts allegations" merely demonstrates yet another abuse of the system by Plaintiff.  Furthermore, on February 27, 2003, Judge Rambo dismissed Plaintiff's second claim in its entirety, with prejudice.  (Exs. 1 and 2).

Plaintiff cites *Christiansburg Garment Co. v. Equal Employment Opportunity Commission*, 434 U.S. 412, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978) and

*Hughes v.* Rowe, 449 U.S. 5, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980) to suggest that she should not be liable for attorneys fees.  Defendants respectfully submit that these two cases show that Defendants are entitled to attorneys' fees.  In *Christiansburg*, the Court held that a defendant may be awarded attorneys' fees as a prevailing party "upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in bad faith." *Id.* at 421, 98 S. Ct. 700.  The Court also stated that "if a plaintiff is found to have brought or continued such a claim in *bad faith*, there will be an even stronger basis for charging him with the attorney's fees incurred by the defense." *Id.* at 422, 98 S.Ct. 701.  The *Hughes* case cited by Plaintiff has little relevance to the current case.  *Hughes* addressed a pro se prisoner who was assessed attorney's fees.  The Court stated in that case that "[a]n unrepresented litigant should not be punished for his failure to recognize subtle factual or legal deficiencies in his claims." *Id.* at 15, 101 S.Ct. at 178.  The Court further noted that in that case "[e]ven those allegations that were properly dismissed for failure to state a claim deserved and received the careful consideration of both the District Court and the Court of Appeals.  Allegations that, upon careful examination, prove legally insufficient to require a trial are not, for that reason alone, 'groundless' or 'without foundation' as required by *Christianburg*." *Id.*

Unlike the Plaintiffs in *Christianburg* and *Hughes*, however, Plaintiff's claims in the current case were "clearly frivolous, unreasonable, [and] without foundation." The Third Circuit recognized as much when it stated that Plaintiff's "arguments are meritless." In addition, Plaintiff's claims appear to have been brought in bad faith as demonstrated by Plaintiff's continued pursuit of these claims in another Complaint, docketed at No. 1:CV 02-1797, following this Court's dismissal of her Complaint and the Third Circuit's affirmation of that dismissal. Plaintiff's renewed suggestion that this Court somehow "engineered [Defendant's] efforts" to collect attorneys' fees sheds further light on Plaintiff's bad faith in this matter. Brief in Opposition p. 6.

Plaintiff suggests that this Court should follow the Tenth Circuit's decision in *Jane L. v. Bangerter*, 61 F.3d 1505 (10th Cir. 1995) for the alleged proposition that since the Court wrote a twenty-five (25) page Memorandum Opinion dismissing Plaintiff's Complaint that it was not groundless. Brief in Opposition pp. 5-6. The Third Circuit, in *The Barnes Foundation v. Township of Lower Merion*, 242 F.3d 151, 158 (3d Cir. 2001), set forth the types of things that a court should look at when determining if a claim is frivolous. These include: "whether the plaintiff established a prima facie case, the defendant offered to settle, the trial court dismissed the case prior to trial or the case continued until a trial on its merits

… whether the question was one of first impression requiring judicial resolution, [and] the controversy is based sufficiently upon a real threat of injury to the plaintiff." *Id.* (internal citations omitted). Under this standard, the length of the Court's Memorandum Opinion is largely irrelevant. What matters is the frivolousness of Plaintiff's claims. They were clearly frivolous and groundless and most likely brought in bad faith. As such, Defendants are entitled to attorneys' fees as the prevailing party under 42 U.S.C. ' 1988.

                                        Respectfully submitted,

                                        STOCK AND LEADER

Date:    March 4, 2003            By:   /s/
                                        Stephen S. Russell, Esquire
                                        I.D. #17102
                                        Melinda B. Kaufmann, Esquire
                                        I.D. #82088
                                        Susquehanna Commerce Center East
                                        221 W. Philadelphia Street, 6th Floor
                                        York, PA  17404
                                        (717) 846-9800

**STOCK AND LEADER**
Susquehanna Commerce Center East
221 W. Philadelphia Street, 6th Floor                    Phone: (717) 846-9800
York, Pennsylvania 17404                                 Fax: (717) 843-6134

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BEVERLY BEAM,** : | |
|     **Plaintiff** : | |
| : | |
| v. : | **CIVIL ACTION NO.** |
| : | **NO.: 1:CV-01-0083** |
| : | |
| **SCOTT DOWNEY,** : | |
| **ROGER MORRISON,** : | |
| **DAVID GRAYBILL** : | |
| **and MICHAEL SWEGER** : | |
|     **Defendants** : | |

### CERTIFICATE OF SERVICE

AND NOW, this <u>4th</u>day of <u>March</u> 2003, I, Stephen S. Russell, Esquire, of the law firm of Stock and Leader, attorneys for the Defendant, Scott Downey, hereby certify that I served the foregoing DEFENDANT DOWNEY'S REPLY BRIEF IN SUPPORT OF MOTION FOR ATTORNEYS FEES AND COSTS this day by depositing the same in the United States first-class mail, postage prepaid, in York, Pennsylvania, addressed to:

Don Bailey, Esquire                          Steven J. Schiffman, Esquire
4311 N. 6th Street                           2080 Linglestown Road
Harrisburg, PA  17110                        Harrisburg, PA  17110

P. Daniel Altland, Esquire
3401 N. Front Street
Harrisburg, PA  17110

                        STOCK AND LEADER

                        By:___/s/_____
                        Stephen S. Russell, Esquire
                        I.D. # 17102
                        Susquehanna Commerce Center East
                        221 W. Philadelphia Street, 6th Floor
                        York, PA  17404
                        Telephone:  (717) 846-9800