IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BEVERLY BEAM,  Plaintiff | : : : | |
| v. | : : | CIVIL ACTION NO.: 1:CV-01-0083 |
| SCOTT DOWNEY, ROGER MORRISON, DAVID GRAYBILL AND MICHAEL SWEGER,  Defendants | : : : : : | (Judge McClure) |

**BRIEF IN SUPPORT OF DEFENDANT MORRISON'S
MOTION FOR ATTORNEYS' FEES AND ASSOCIATED EXPENSES**

**I.   FACTUAL AND PROCEDURAL HISTORY**

Beverly Beam ("Beam") filed her Complaint on or about January 16, 2001. The Complaint was dismissed as to all Defendants pursuant to Fed. R. Civ. P. 12(b)(6) on April 10, 2002. Beam filed a Notice of Appeal on April 16, 2002. Defendants filed a joint Motion to Enlarge Time to File for Attorneys' Fees and Costs on April 24, 2002.

By Order dated May 30, 2002, Judge McClure granted the aforesaid Motion, deferring Defendant Morrison's briefing of his separate Motion (record document no. 33) until further order of court.

On December 23, 2002, the Third Circuit Court of Appeals affirmed the District Court's dismissal of the Complaint.

Although no further order of court was issued with respect to the deferred briefing of Defendant Morrison's motion, the matter is ripe for disposition and the other Defendants have filed their motions for attorneys' fees.

## II.   STATEMENT OF QUESTION PRESENTED

Whether Defendant Morrison should be awarded attorneys' fees and costs under 42 U.S.C. § 1988.

Suggest Answer in the affirmative.

## III.   ARGUMENT

"In any action or proceeding to enforce a provision of sections 1983[], the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs."  42 U.S.C. § 1988(b).  "A plaintiff may be liable for attorneys' fees under § 1988 when a court finds that his claim was

frivolous, unreasonable, or groundless or that the plaintiff continued to litigate after it clearly became so." Brown v. Borough of Chambersburg, 903 F.2d 274, 277 (3d Cir. 1990), *citing* Christiansburg Garment Co. v. E.E.O.C., 434 U.S. 412, 422, 98 S.Ct. 694, 701, 54 L.Ed.2d 648 (1978).

"The Plaintiff's action must be meritless in the sense that it is groundless or without foundation." Hughes v. Rowe, 449 U.S. 5, 14, 101 S.Ct.173, 178 (1980). Implicit in this approach is the premise that plaintiff knew or should have known the legal or evidentiary deficiencies of his claim." Brown, supra at 277.

Beam filed her Complaint on or about January 16, 2001, alleging violations of her substantive due process and equal protection rights and violation of antitrust laws. She also alleged pendent state claims of civil conspiracy and breach of contract. Defendant Morrison filed a Motion to Dismiss or, In the Alternative for a More Definite Statement. By Order and Memorandum dated April 10, 2002, Beam's Complaint was dismissed in its entirety pursuant to Fed. R. Civ. P. 12(b)(6). Under Fed. R. Civ. P. 12(b)(6) " A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proven with the allegations." Ramadan v. Chase Manhattan Corp., 229 F.3d 194, 195-96 (3d, Cir. 2000), *citing* Alexander v. Whitman, 114 F.3d 1392, 1298 (3d. Cir. 1997).

To set forth a congnizable claim under 42 U.S.C. § 1983, Beam had to allege and prove that Defendants, acting under color of state law, deprived her of her equal protection and/or due process rights.  *See, e.g.* Labalokie v. Capital Area Intermediate Unit, 926 F. Supp. 503, 506 (M.D. Pa. 1996).  Defendant Morrison is a transportation contractor like Beam, not a state official.  Beam's claim under 42 U.S.C. § 1983 was dismissed as to Morrison in part because she failed to allege any specific agreement between Morrison and the other Defendants to violate her constitutional rights.  In construing Beam's Complaint in the light most favorable to her, this Court determined that she was attempting to allege "a deprivation of a protected property interest in the form of lost mileage due to a decrease in the transportation routes assigned to her pursuant to her contract as a driver with the CAIU." Memorandum Opinion pp. 10-11.  It was clearly established law at the time the Complaint was filed that Beam had no property interest in her contract with the CAIU.  *See* Labolokie, 926 F.Supp. at 508 *supra* at 508.  In light of the fact that there can be no property interest in her contract with the CAIU, there is clearly no property interest in specific transportation routes with the CAIU.  This Court, therefore, held that "[t]here is no discernable claim of substantive due process violation." Memorandum Opinion p. 16.

As to the equal protection claim, Beam was required to "prove the existence of purposeful discrimination and demonstrate that [s]he received treatment different from that accorded to other individuals similarly situated." Wood v. Rendell, Civ. A. No. 94-1489, 1995 WL 676418 at 4 (E.D. Pa. Nov. 3, 1995) (internal citations omitted). Beam failed to do so. There is no legal support for the contention that Beam is the member of a protected class on the basis of the size of her business. Furthermore, she failed to complain of any unequal treatment. Rather, she merely complained of a policy whereby all independent transportation contractors were required to purchase two wheelchair vans. In dismissing her § 1983 equal protection claims, this Court stated that "Plaintiff does not even remotely state facts sufficient to support a *prima facie* claim." Memorandum Opinion p. 18.

Beam's only other federal claim was an antitrust violation claim. It is recognized that "summary procedures should be used sparingly in complex antitrust litigation where motive and intent play leading roles ..." Poller v. Columbia Broad System, 368 U.S. 464, 473, 82 S.Ct. 486, 491, 7 L.Ed.2d 458 (1962). However, Beam failed to even set forth any specific federal or state antitrust statute upon which she was basing her conclusory claim. This claim, therefore, was dismissed even under the heightened pleading standard of Poller.

Beam's pendent state claims were also meritless and were dismissed by this Court. She failed to plead the existence of a contract with Defendant Morrison (or any other Defendant). Beam similarly failed to allege an underlying tort that could form the basis of a claim for conspiracy. Memorandum Opinion p. 20, 22.

Beam appealed the dismissal of her claims to the Third Circuit on April 16, 2002. On December 23, 2002, the Third Circuit Court of Appeals issued an Order and Judgment, affirming the District Court's dismissal of Plaintiff's Complaint. This Opinion of the Court was entered without oral argument of the parties and held that "Beam's arguments are meritless."

If a court finds that a plaintiff's claims are frivolous, unreasonable, meritless, or without foundation, the plaintiff may be liable for attorneys' fees to the defendant pursuant to 42 U.S.C. § 1988. *See* Brown, 903 F.2d at 277; The Barnes Foundation, 242 F.3d at 158. Here, Beam failed to establish a prima facie case, the trial court dismissed the case prior to trial, the case did not present a question of first impression and the controversy was not based sufficiently upon a real threat of injury to plaintiff. Id. As such, Beam's claims were frivolous, unreasonable and meritless.

If Beam's Complaint had any merit, such that it should not have been dismissed in response to a Rule 12(b)(6) Motion, the Court of Appeals would not have described Beam's arguments as "meritless."

## IV. CONCLUSION

Based upon the foregoing, Defendant Morrison respectfully requests that he be awarded attorneys' fees and costs in accordance with 42 U.S.C. § 1988.

        Respectfully submitted,

        METTE, EVANS & WOODSIDE

By:   s/ P. Daniel Altland
       P. Daniel Altland, Esquire
       Sup. Ct. I.D. #25438
       3401 North Front Street
       P.O. Box 5950
       Harrisburg, PA 17110-0950
       (717) 232-5000

       Attorneys for Defendant, Roger Morrison

DATE: March 11, 2003

## CERTIFICATE OF SERVICE

  I certify that I am this day serving a copy of the foregoing document upon the person(s) and in the manner indicated below, by depositing a copy of same in the United States Mail at Harrisburg, Pennsylvania, with first-class postage, prepaid, as follows:

| | |
|---|---|
| Don Bailey, Esquire<br>4311 N. 6th Street<br>Harrisburg, PA 17110 | Steven J. Schiffman, Esquire<br>2080 Linglestown Road<br>Harrisburg, PA 17110 |

  The following is registered as a Filing User in the Middle District of Pennsylvania's Electronic Case Files System (ECF):

Stephen S. Russell, Esquire

            METTE, EVANS & WOODSIDE

          By: s/ P. Daniel Altland
            P. Daniel Altland, Esquire
            Sup. Ct. I.D. #25438
            3401 North Front Street
            P.O. Box 5950
            Harrisburg, PA 17110-0950
DATE: March 11, 2003     (717) 232-5000
            Attorneys for Defendant, Roger Morrison

:320100 _1