ORIGINAL ᒿ ᕋ 𝑐𝑙

# IN THE UNITED STATES DISTRICT COURT FOR
# THE MIDDLE DISTRICT OF PENNSYVLANIA

| | | |
|---|---|---|
| **BEVERLY BEAM** | ) | **NO. 01-0083** |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | *mcClure* FILED |
| **SCOTT DOWNEY ET AL.** | ) | **JUDGE ~~RAMBO~~** HARRISBURG, PA |
| | ) | |
| | ) | APR 0 1 200? |
| **Defendants** | ) | MARY E. D'ANDREA, CLERK |
| | | Per _____ Deputy Clerk |

## PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT MORRISONS' MOTION FOR ATTORNEYS FEES AND ASSOCIATED EXPENSES

**I.)** **Background**

**A.)** **Procedural History**

On or about 4-24-02 according to the docket at case No 0083 of 2001 captioned above the defendant Morrison filed a motion for attorney's fees and expenses. At no time has plaintiff ever received a copy of plaintiff's motion but it was docketed at Docket item at #33. On or about 5-30-02 Judge James F. McClure Jr. who, in counsel's opinion quite obviously intentionally set up the situations for the attorneys fees in his desire to retaliate against plaintiff's counsel for successful appeals and constructive criticism, etc. granted the defendants' collective motion to extend time to file attorneys fees and costs, and in the 5-30-02 order specifically

extended the amount of time available to defendant Morrison's to brief the motion. Indeed, this Middle District court has done everything in its power to bend over backwards and even encourage the filing of attorneys fees and expenses along with numerous other forms of assistance, which has been documented along with the mistreatment of plaintiffs counsel because he has had the courage to speak out and stand up for the rights of American citizens and object to the practices of the authorities in Central Pennsylvania including criticism of the Middle District courts. On or about January 16, 2003 the third circuit court of appeals denied the plaintiff's appeal of the abuses alleged against plaintiff and affirmed the order of the district court, which had caused the extended discovery practice, and all the costs incurred in the previous case to take place by virtue of its obviously intentional inactivity. Regardless within 30 days of January 16, 2003, all of the defendants, with the exception of the defendant Morrison, filed motions and/or bill of costs and what not including brief's in support, of their motions for attorney's fees and associated expenses. On or about March 11, 2003 the defendant Morrison filed a brief in support of his motion for attorneys' fees at 0083 which he had filed on 4-24-02. The defendant Morrison also filed his supplemental materials to his motion for attorneys fees on or about the same date ie. March 11, 2003.

## B.)   **Factual History**

The procedural history related above imparts the necessary facts to understand the background of this brief in opposition with the exception of pointing out that in counsels opinion the federal district court, more specifically the Honorable James McClure Jr., intentionally created the scenario that laid the groundwork and then provided the encouragement and support for the defendants so that they could file for attorneys fees against the plaintiff as a matter of ulterior and intentional motive (based upon his history of hostile actions directed at plaintiffs counsel) to include allowing discovery to continue and not deny motions in the underlying case at 0083. What is insulting to counsel is the inference that it all happened by chance and not by plan. However, that is not at issue now, or at least here. IT does however need to be stated in a document of record.

## II.)   **Issues**

A.) Is the defendant Morrison's brief in support of his motion for attorneys' fees timely?

> Suggested Answer No!

B.) Should the Court grant defendant Morrison relief requested?

> Suggested Answer No!

## III.)   **Argument**

### A.)   **Timeliness**

The defendant Morrison filed his brief in support almost 60 days to the day after the United States Court of Appeals for the Third Circuit upheld the District Court. Since that time the Third Circuit Court of Appeals has dismissed the defendants request for attorney's fees. It is unjust and unfair to allow the defendant Morrison, at this late time, to attempt to collect attorneys fees in this matter submitted a brief 2 months after a deciding event is unfair to plaintiff.

### B.) Relief Requested

No where in defendant Morrison's brief nor in his supplemental materials does he break down, or discuss, or explain the actions, or activity efforts in a definitive enough form such that it is possible for the plaintiff to even begin to respond to whatever is being requested. For example no where in the brief is an amount mentioned that the defendant Morrison wishes to recover or why it is applicable as a recoverable item. At no place in that brief, which simply is a re-briefing of the case in chief, is there any reference to any detail of cost. There is no explanation of effort to respond to. The supplemental materials are simply not definitive enough to understand or allow the plaintiff an opportunity to respond. Matters aren't complained of except that they appear to be under the general heading of Beam. The plaintiff is left with a number of stark unexplained entries that have no detail by which the so called briefs or matters involved can even be evaluated, questioned or pared. It is not possible to review these matters

meaningfully with the information provided. For example, items pop up by name as to things like "transcript" then they are billed under some thing called a "component" then there are "units" and a "price" and a "value". It is impossible to even know what was involved, to know what units mean, what kind of work was done, etc. It is unfair and unjust to any opponent to be able to sort these bills out, be able to question them, or the amount requested. They are not in a form that makes it possible for any kind of defense or evaluation by an opposing party and this court should not continue to grant leave to defendant to be able to put together billings and affidavits etc so they can bring harm to the plaintiff in this case. Enough is enough.

The defendant Morrison's Brief and supplemental material should be discarded for failure to properly justify, explain or state discuss sufficiently the actions taken if any, by Mr. Morrison and they should also be set aside for failure to even request an amount in the brief appropriately tied to work expended.

**WHEREFORE** the Court should denied defendant Morrison's request for attorneys' fees.

Respectfully Submitted,

_____
Don Bailey Esquire
*BAILEY STRETTON & OSTROWSKI*
4311 N. 6th Street
Harrisburg, Pa 17110
(717) 221-9500

## CERTIFICATE OF SERVICE

I Don Bailey do hereby certify that on this **1st day of April 2003** a true and correct copy

of the foregoing *BRIEF IN OPPOSITION TO DEFENDANT MORRISONS MOTION FOR*

*ATTORNEYS FEES AND COSTS* was served upon the following counsel of record by United

States Mail, postage prepaid:

**Stephen Russell, Esquire**
**Stock and Leader**
35 S. Duke Street
P.O. Box 5167
York, PA 17405-5167

**Steven Schiffman, Esquire**
**Serratelli, Schiffman, Brown and Calhoun, P.C.**
2080 Linglestown Road
Harrisburg, PA 17110

**Daniel P. Altland, Esquire**
**Mette, Evans and Woodside**
3401 N. Front Street
Harrisburg, PA 17110

BY: _____
Don Bailey ID# 23786
4311 N. 6th Street
Harrisburg, PA 17110
(717) 221-9500