IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BEVERLY BEAM, | : | |
|      **Plaintiff** | : | |
| | : | |
|     **v.** | : | **CIVIL ACTION NO.: 1:CV-01-0083** |
| | : | |
| SCOTT DOWNEY, | : | (Judge McClure) |
| ROGER MORRISON, | : | |
| DAVID GRAYBILL AND | : | |
| MICHAEL SWEGER, | : | |
|      **Defendants** | : | |

**BRIEF OF DEFENDANT MORRISON IN REPLY TO PLAINTIFF'S
BRIEF IN OPPOSITION TO MORRISON'S
MOTION FOR ATTORNEYS' FEES**

## I.    FACTUAL AND PROCEDURAL HISTORY

Subsequent to the dismissal of the Complaint on April 10, 2002, Defendant

Morrison filed a Motion for Attorneys' Fees and Associated Expenses.  The

Motion was filed on April 24, 2002 and served on all counsel.  A copy of the

Motion along with the Certificate of Service indicating service on Plaintiff's

counsel is attached hereto as Exhibit "A."  Despite the argument of counsel for the

Plaintiff that he did not receive the Motion, as indicated by the Certificate of Service it was served on him by regular mail at his office.  Furthermore, the document addressed to him was not returned as undeliverable.

On the same date when Defendant Morrison filed his Motion, he also joined in the Motion of the other Defendants for Enlargement of Time to File for Attorneys' Fees and Costs.  The Defendants' collective motion to enlarge time to file for attorneys' fees was granted by order dated May 30, 2002.  (Record Doc. No. 38) Briefing of Defendant Morrison's separate Motion (Record Doc. No. 33) was deferred "... until further Order of Court pending disposition of plaintiff's appeal by the Third Circuit."

The Third Circuit affirmed the dismissal on December 23, 2002.  On January 14, 2003 a Certified Judgment was issued in lieu of a formal mandate.  There was no further order from this Court setting a deadline by which Defendant Morrison had to file his brief and supporting documents in support of his Motion for Attorneys' Fees and Associated Expenses.

Defendant Morrison filed his brief and supporting documents on March 11, 2003 and copies were served on counsel for the Plaintiff.   On April 1, 2003, Plaintiff filed her Brief in Opposition to Defendant Morrison's Motion for Attorneys Fees and Associated Expenses.  Plaintiff argued that Defendant

Morrison's Brief was not filed in a timely manner and that the brief and
supplemental materials do not break down, discuss or explain the actions or activity
of counsel for Defendant Morrison.

This Brief is filed in reply to Plaintiff's two arguments.

## II.    STATEMENT OF QUESTION PRESENTED

A.    Whether Defendant Morrison's Brief and documents in support of his
Motion for Attorneys' Fees and Associated Expenses was timely filed.

Suggested Answer in the affirmative.

B.    Whether the Court should grant Defendant Morrison's request for
attorneys' fees and associated expenses.

Suggested Answer in the affirmative.


## III.    ARGUMENT

A.    Defendant Morrison's Brief and documents in support of his Motion
for Attorneys' Fees and Associated Expenses filed before the Court entered an
Order setting a definitive deadline by which the Brief had to be filed was filed
timely.

The Order of the Honorable James F. McClure, Jr. dated May 30, 2002
(Record Doc. No. 38) ordered that the briefing of Defendant Morrison's separate

Motion (Record Doc. No. 33) was deferred "... until further order of court pending disposition of plaintiff's appeal by the Third Circuit."  The brief of Defendant Morrison and supporting documents were filed on March 11, 2003, prior to entry of any further order by the Court setting a specific deadline by which Defendant Morrison had to file his brief.

Plaintiff argues that it would be unjust and unfair to allow Defendant Morrison to collect attorneys' fees because his brief was filed two months after a deciding event.  To the contrary, it would be unfair to reject Defendant Morrison's claim for attorneys' fees and associated expenses where the brief was filed before any deadline was established for the filing of same.

Accordingly, it is respectfully submitted that Defendant Morrison's Brief and supporting documents filed on March 11, 2003 were timely.

B.    It is unrefuted that Defendant Morrison is entitled to attorneys' fees and costs under 42 U.S.C. §1988.

Although Plaintiff argues about the date on which Defendant Morrison filed his Brief in Support of his Motion for Attorneys' Fees and Associated Expenses, she made no argument whatsoever that Defendant Morrison was not entitled as a matter of law to attorneys' fees and associated expenses.  Accordingly, for the

4

reasons set forth in Defendant Morrison's brief he is entitled to attorneys' fees and costs.

The only substantive challenge to the claim to attorneys' fees and expenses by Plaintiff was her claim that neither the brief nor supplemental materials break down, discuss or explain the actions or activity in a definitive enough form for Plaintiff to respond. To the contrary, it is respectfully submitted that the billing records submitted by Defendant Morrison are more than detailed enough for Plaintiff to respond.

The submitted documentation listed every toll telephone call by date, elapsed time and price. Similarly, the cost entries for photocopy charges reflected the date, the number of pages and the price per page. Telecopy charges also are reflected by the date and number of pages. Not only are billing records for the transcripts provided, but the statements submitted by the court reporter were attached in support thereof.

The time record component of the billing records itemizes each activity by date, description of services, time expended, and the rate.

Plaintiff's assertion that the supplemental materials are simply not definitive enough to understand is meritless. The billing records submitted are the actual billing records grouping the charges by telephone toll charges, photocopy charges,

telecopy charges, parking and courier fees, transcript fees, and professional

services.  The dated description of professional services clearly sets forth the

activity for which the charge was made.

If the submissions suffer from any short coming, it is the fact that because of

the detail provided they could be confusing to one who did not take the time to read

the entries.

Although the billing records submitted total more than the costs and fees

claimed in Defendant Morrison's motion, he would be satisfied with the

$13,660.07 claimed in his Motion (Record Doc. No. 33).  The actual costs billed,

when adding the subtotals for all of the various components set forth on the billing

records is $2,504.44.  Similarly, the actual attorneys' fees billed were $11,558.00

an amount greater than the $11,516.00 claimed in the Motion.

## IV.    CONCLUSION

For the foregoing reasons it is respectfully requested that Your Honorable

Court enter an Order granting Defendant Morrison's Motion for Attorneys' Fees

and Associates Expenses in the total amount of $13,660.07 as requested in his

Motion.

Respectfully submitted,

METTE, EVANS & WOODSIDE

6

By:    <u>s/ P. Daniel Altland</u>
P. Daniel Altland, Esquire
Sup. Ct. I.D. #25438
3401 North Front Street
P.O. Box 5950
Harrisburg, PA 17110-0950
(717) 232-5000

Attorneys for Defendant, Roger Morrison

DATE:  April 7, 2003

## CERTIFICATE OF SERVICE

I certify that I am this day serving a copy of the foregoing document upon the person(s) and in the manner indicated below, by depositing a copy of same in the United States Mail at Harrisburg, Pennsylvania, with first-class postage, prepaid, as follows:

Don Bailey, Esquire                         Steven J. Schiffman, Esquire
4311 N. 6th Street                          2080 Linglestown Road
Harrisburg, PA 17110                        Harrisburg, PA 17110

The following is registered as a Filing User in the Middle District of Pennsylvania's Electronic Case Files System (ECF):

Stephen S. Russell, Esquire

METTE, EVANS & WOODSIDE


By:    s/ P. Daniel Altland
       P. Daniel Altland, Esquire
       Sup. Ct. I.D. #25438
       3401 North Front Street
       P.O. Box 5950
       Harrisburg, PA 17110-0950
DATE:  April 7, 2003          (717) 232-5000
       Attorneys for Defendant, Roger Morrison

:322712 _1