IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BEVERLY BEAM, | : | |
| Plaintiff | : | No. 1:CV-01-0083 |
| | : | (Judge McClure) |
| v. | : | |
| | : | |
| SCOTT DOWNEY, ROGER | : | |
| MORRISON, DAVID GRAYBILL | : | |
| and MICHAEL SWEGER, | : | |
| Defendants | : | |

**M E M O R A N D U M**

July 29, 2004

**BACKGROUND**:

Plaintiff Beverly Beam commenced the instant action against defendants with the filing of a complaint under 42 U.S.C. § 1983. In her complaint, Beam alleged violations of her substantive due process and equal protection rights, as well as a violation of antitrust laws. Beam further alleged pendent state claims of civil conspiracy and breach of contract brought pursuant to the court's supplemental jurisdiction, 28 U.S.C. § 1367.

Defendant Scott Downey filed a partial motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and to strike impertinent matter from the complaint pursuant to Fed. R. Civ. P. 12(f). Defendant Roger Morrison filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) or, in the alternative, for a more definite

statement pursuant to Fed. R. Civ. P. 12(e).  Defendants David Graybill and Michael Sweger filed a separate motion to dismiss on the same grounds pursuant to Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 12(e).  By order dated April 10, 2002, we granted all motions to dismiss as well as Downey's motion to strike impertinent matter.  By the same order, we dismissed all of Beam's remaining claims against Downey.  On December 23, 2002, the Third Circuit filed an opinion affirming our order[1].

Now before the court are defendants' motions for attorney fees under 42 U.S.C. § 1988.  Morrison and Downey have each filed a motion, and Graybill and Sweger have filed a joint motion.  For the reasons that follow, defendants' motions will be granted.

**DISCUSSION:**

**I. STANDARD**

Section 1988 of Title 42 of the United States Code provides, in relevant part, that "[i]n any action or proceeding to enforce a provision of section[] ... 1983 ... of

---

[1] We note that on January 6, 2003, Graybill and Sweger filed with the Third Circuit a motion for attorney's fees.  By order dated March 11, 2003, the Third Circuit denied the motion.

this title ... the court, in its discretion, may allow the prevailing party ... a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b); Blanchard v. Bergeron, 489 U.S. 87, 89 n.1 (1989).  A plaintiff may be liable to a defendant for attorney's fees under § 1988 where his claims are "frivolous, unreasonable, meritless, or without foundation." Brown v. Borough of Chambersburg, 903 F.2d 274, 277 (3d Cir. 1990) (citation omitted).  A finding that an action is meritless implies that the action "is groundless or without foundation." Hughes v. Rowe, 449 U.S. 5, 14 (1980).  "Implicit in this approach is the premise that Plaintiff knew or should have known the legal or evidentiary deficiencies of his claim." Brown, 903 F.2d at 277 (citations omitted).

In the instant case, Beam alleged violations of her substantive due process and equal protection rights and violation of antitrust laws.  Beam further alleged pendent state law claims of civil conspiracy and breach of contract.  In the memorandum accompanying our April 10, 2002 order, we first noted that because Beam failed to allege any agreement between Downey, the only state actor involved in the litigation, Morrison, Graybill, and Sweger, the latter three defendants did not act under state law.  We thus dismissed Beam's § 1983 claims against Morrison, Graybill, and Sweger.  We next found that inasmuch as Beam had no property interest in her contract with the Capital Area Intermediate Unit, she failed to set

forth a discernable claim of substantive due process violation.  We further found that because Beam failed to "prove the existence of purposeful discrimination and demonstrate that [s]he received treatment different from that accorded other individuals similarly situated," Wood v. Rendell, 1995 WL 676418, at *4 (E.D. Pa. Nov. 3, 1995) (citations omitted), she failed to set forth a *prima facie* claim of an equal protection violation.  We thus dismissed Beam's § 1983 claim against Downey.

With regard to Beam's antitrust claim, we found that because she had offered nothing more than an entirely conclusory allegation of an antitrust violation, she had failed to state a claim upon which relief may be granted, even under the heightened standard of review for antitrust claims set forth in Poller v. Columbia Broad Sys., 368 U.S. 464 (1962).  We therefore dismissed Beam's antitrust claim against all defendants.

We also dismissed Beam's pendent state law claims of civil conspiracy and breach of contract.  We dismissed the civil conspiracy claim because Beam had failed to allege an underlying tort.  We dismissed the breach of contract claim because Beam (1) failed to identify a written contract between herself and the defendants, (2) failed to plead any essential terms of a contract, and (3) failed to identify the specific manner in which defendants allegedly breached a contract.

4

Given that Beam failed to state a claim upon which relief may be granted as to each of the claims set forth in her complaint, we find it clear that her claims were "meritless." Indeed, in its December 23, 2002 Opinion and Judgment the Third Circuit agreed that Beam's complaint failed to state a claim upon which relief may be granted, and affirmed for the reasons set forth in our April 10, 2002 order. We further find that inasmuch as all claims against each defendant were dismissed, defendants are clearly prevailing parties in the instant litigation. A "prevailing party" under § 1988 is one that "succeed[ed] on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)(citation omitted). "This is a generous formulation that brings the plaintiff only across the statutory threshold. It remains for the district court to determine what fee is 'reasonable.'" Id. We therefore find it appropriate to award to each defendant a reasonable attorney's fee. We turn now to our determination of what fee is reasonable.

## II. THE LODESTAR

The Supreme Court has held that "the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Hensley v.

5

Eckerhart, 461 U.S. 424, 433 (1983).  This calculation, called the "lodestar," see Washington v. Philadelphia County Court of Common Pleas, 89 F.3d 1031, 1035 (3d Cir. 1996), "provides an objective basis on which to make an initial estimate of the value of a lawyer's services."  Hensley, 461 U.S. at 433.

"The product of reasonable hours times a reasonable rate does not end the inquiry.  There remain other considerations that may lead the district court to adjust the fee upward or downward ... ."  Hensley, 461 U.S. at 434 (internal quotation marks omitted).  In Hensley, the Supreme Court considered the factor of "results obtained," explaining that the factor is "particularly crucial where a plaintiff is deemed 'prevailing' even though he succeeded on only some of his claims for relief."  Id.  The Court further explained that the district court may also consider the factors identified in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974), which include (1) the time and labor required, (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional

6

relationship with the client; and (12) awards in similar cases.  Id. at n.9; Johnson, 488 F.2d at 717-19.  The Court noted, however, that many of the Johnson factors are subsumed within the lodestar calculation.  Hensley, 461 U.S. at 434 n.9.

      Here, Beam does not argue that the lodestar amount as to any defendant should be reduced, nor does any defendant request an upward adjustment to the lodestar calculation.  Considering all of the factors set forth above, and given that each defendant was entirely successful with his respective motion to dismiss, we find no reason to reduce the lodestar amount as to any defendant.  Moreover, because the facts of the instant case were not complicated and the legal issues not extraordinary, we find no reason to augment the lodestar amount as to any defendant.  Accordingly, Beam will be directed to reimburse each defendant for attorney's fees in the amount of the lodestar.  We calculate the lodestar amount for each defendant below.

### A. MORRISON

#### 1. Reasonable Hourly Rate

In Blum v. Stenson, 465 U.S. 886, 895 (1984) the Supreme Court held that the "market rate[] in the relevant community" is the reasonable hourly rate to use in computing the lodestar.  See also Gulfstream III Assocs., Inc. v. Gulfstream

Aerospace Corp., 995 F.2d 414, 421 (3d Cir. 1993).  The party to whom the court has awarded fees "bears the burden of establishing by way of satisfactory evidence, in addition to the attorney's own affidavits, that the requested hourly rates meet this standard."  Washington, 89 F.3d at 1035.

"[T]he prevailing market rate can often be calculated based on a firm's normal billing rate because, in most cases, billing rates reflect market rates, and they provide an efficient and fair short cut for determining the market rate."  Gulfstream, 995 F.2d at 422.  "Where the normal billing rate does not reflect the market rate, the lodestar is calculated based on the market rate."  Id.  In any event, the hourly rate must be "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation."  Blum, 465 U.S. at 896.

In the instant case, P. Daniel Altland acted as counsel for Morrison.  Altland has provided an affidavit stating that his hourly rate for similar matters is $200 per hour.  Altland further states that an hourly billing rate of $200 per hour is reasonable for lawyers with his experience and ability in the community of Harrisburg, Pennsylvania.  Altland provides no further evidence that $200 per hour is a proper reasonable hourly rate for purposes of the lodestar calculation.

8

In her brief in opposition to Morrison's motion,[2] Beam does not challenge defense counsel's hourly billing rate as unreasonable.  We note, however, that for the first six months of the case, Altland billed at a rate of $170 per hour.  Given the information before us, we find that a billing rate of $170 per hour was the prevailing market rate in the community of Harrisburg, Pennsylvania for the first six months of the instant case for an attorney with experience and ability comparable to that of Altland.  We further find that a billing rate of $200 per hour was the prevailing market rate in the community of Harrisburg, Pennsylvania for the remainder of the instant case for an attorney with experience and ability comparable to that of Altland.  We will therefore apply the rate of $170 per hour to all hours reasonably expended by Altland for the first six months of the case as the "reasonable hourly rate" in calculating the lodestar.  We will apply the rate of $200 per hour to all hours reasonably expended by Altland for the remainder of the case as the "reasonable hourly rate" in calculating the lodestar.

### 2. Hours Reasonably Expended

---

[2] For the purpose of evaluating the merits of each motion for attorney's fees, we ignore those portions of plaintiff's counsel's filings wherein he questions the integrity of this court.

In calculating the lodestar, the district court should exclude hours that were not "reasonably expended." Hensley v. Eckerhart, 461 U.S. 424, 433 (1982). Counsel for the prevailing party carries the burden of making a good-faith effort to exclude from a fee request hours that are considered to be unreasonably expended, including those that are "excessive, redundant, or otherwise unnecessary." Id. The court may also "reduce the hours claimed by the number of hours spent litigating claims on which the party did not succeed and that were distinct in all respects from claims on which the party did succeed." Rode v Dellarciprete, 892 F.2d 1177, 1183 (3d Cir. 1990) (internal quotation marks and citations omitted).

Altland has provided billing records which indicate that the total number of hours of legal time expended and billed on the instant case was 54.9 hours – 17.4 hours at $170 per hour, and 37.5 hours at $200 per hour. In her brief in opposition to Morrison's motion, Beam claims that the supplemental materials provided by counsel for Morrison "are not definitive enough to understand or allow the plaintiff an opportunity to respond." (Br. Opp'n, Rec. Doc. No. 66, at 4.) Beam does not otherwise object to the 58 hours expended as unreasonable. We find the supplemental materials provided by Altland to be both clear and sufficiently detailed such that plaintiff could have set forth any objection in her brief in opposition. Given all of the information before us, and given that Morrison

succeeded on all arguments presented in his motion to dismiss, we find that 54.9 hours were reasonably expended on the instant litigation. We will therefore use the figure of 54.9 hours as the amount of time reasonably expended in calculating the lodestar.

The lodestar, as applied to Morrison, is therefore calculated as follows: 17.4 hours reasonably expended multiplied by a $170 hourly rate, and 37.5 hours reasonably expended multiplied by a $200 hourly rate. Beam will be directed to pay $10,458 to Morrison for attorney's fees incurred in the instant litigation.

### B. DOWNEY

#### 1. Reasonable Hourly Rate

Stephen Russell and Melinda Kaufmann acted as counsel for Downey in the instant litigation. Counsel have provided affidavits stating that they charge $130 per hour and $115 per hour, respectively. Counsel further state that their respective billing rates are reasonable based on their respective experience, litigation careers, and knowledge of civil rights law and litigation. Counsel have also provided affidavits of two attorneys practicing in York, Pennsylvania, who state that Russell and Kaufmann are highly talented and experienced, and that their respective hourly billing rates are reasonable and within prevailing community standards for lawyers

with their respective experience and ability.

In her brief in opposition to Downey's motion, Beam does not challenge either the $130 or the $115 hourly billing rate as unreasonable. We note, however, that for the first eleven months of the case, Kaufmann billed at $105 per hour. The $105 per hour rate increased to $115 per hour during the twelfth month of the case. Given all of the information before us, we find that $130 per hour was the prevailing market rate in the community of York, Pennsylvania for the period of time relevant to the instant motion for an attorney with experience and ability comparable to that of Russell. We find that $105 per hour was the prevailing market rate in the community of York, Pennsylvania for the first eleven months of the instant litigation for an attorney with experience and ability comparable to that of Kaufmann. We further find that $115 per hour was the prevailing market rate in the community of York, Pennsylvania for the remainder of the instant litigation for an attorney with experience and ability comparable to that of Kaufmann.

We will apply the rate of $130 per hour to all hours reasonably expended by Russell as the "reasonable hourly rate" in calculating the lodestar. We will apply the rate of $105 per hour to all hours reasonably expended by Kaufmann for the first eleven months of the case as the "reasonable hourly rate" in calculating the lodestar. We will apply the rate of $115 per hour to all hours reasonably expended

by Kaufmann for the remainder of the case as the "reasonable hourly rate" in calculating the lodestar.

### 2. Hours Reasonably Expended

Counsel for Downey have provided billing records which indicate that the total number of hours of legal time expended and billed on the instant case was 122.2 hours – 70.4 hours were expended by Russell, 38.7 were expended by Kaufmann at $105 per hour, and 13.1 were expended by Kaufmann at $115 per hour. Beam does not object to the 122.2 hours expended as unreasonable. Inasmuch as Downey succeeded on all arguments presented in his motion to dismiss, we find that 122.2 hours were reasonably expended on the instant litigation. We will therefore use the figure of 122.2 hours as the amount of time reasonably expended in calculating the lodestar.

The lodestar, as applied to Downey, is therefore calculated as follows: 70.4 hours reasonably expended by Russell multiplied by a $130 hourly rate, 38.7 hours reasonably expended by Kaufmann multiplied by a $105 hourly rate, and 13.1 hours reasonably expended by Kaufmann multiplied by a $115 hourly rate. Beam will be directed to pay $14,722 to Downey for attorney's fees incurred in the instant litigation.

## C. GRAYBILL AND SWEGER

### 1. Reasonable Hourly Rate

Steven Schiffman and Melanie Erb acted as counsel for Graybill and Sweger in the instant litigation. Counsel have provided affidavits stating that they charge $175 per hour and $125 per hour, respectively. Counsel further state that their respective billing rates are reasonable based on their respective experience, litigation careers, and knowledge of civil rights law and litigation. Counsel have also provided affidavits of two attorneys practicing in Harrisburg, Pennsylvania, who state that Schiffman and Erb are highly talented and experienced, and that their respective hourly billing rates are reasonable and within prevailing community standards for lawyers with their respective experience and ability.

In her brief in opposition to Graybill's and Sweger's motion, Beam does not challenge either the $175 or the $125 hourly billing rate as unreasonable. Given all of the information before us, we find that $175 per hour is the prevailing market rate in the community of Harrisburg, Pennsylvania for an attorney with experience and ability comparable to that of Schiffman. We further find that $125 per hour is the prevailing market rate in the community of Harrisburg, Pennsylvania for an attorney with experience and ability comparable to that of Erb. We will therefore apply the rate of $175 per hour to all hours reasonably expended by Schiffman as the

"reasonable hourly rate" in calculating the lodestar. We will apply the rate of $125 per hour to all hours reasonably expended by Erb as the "reasonable hourly rate" in calculating the lodestar.

### 2. Hours Reasonably Expended

Counsel for Graybill and Sweger have provided billing records which indicate that the total number of hours of legal time expended and billed on the instant case was 85.3 hours – 37.4 hours were expended by Schiffman, and 47.9 hours were expended by Erb. Beam does not object to the hours expended as unreasonable. Inasmuch as Graybill and Sweger succeeded on all arguments presented in his motion to dismiss, we find that 85.3 hours were reasonably expended on the instant litigation. We will therefore use the figure of 85.3 hours as the amount of time reasonably expended in calculating the lodestar.

The lodestar, as applied to Graybill and Sweger, is calculated as follows: 37.4 hours reasonably expended on the litigation by Schiffman multiplied by a $175 hourly rate, and 47.9 hours reasonably expended on the litigation by Erb multiplied by a $125 hourly rate. Beam will be directed to pay $12,532.50 to Graybill and Sweger for attorney's fees incurred in the instant litigation.

## III. ASSOCIATED EXPENSES

An attorney's fee under § 1988 includes expenses incurred "in order for the attorney to be able to render his or her legal services." Abrams v. Lightolier Inc., 50 F.3d 1204, 1225 (3d Cir. 1995). In Abrams, the Third Circuit found that reproduction expenses, telephone expenses, travel time and expenses, and postage are generally recoverable under § 1988. Id. In the instant case, defendants each request non-taxable expenses[3]. We review each defendant's request separately.

### A. MORRISON

Counsel for Morrison has provided billing records which indicate that Morrison seeks the following non-taxable costs: telephone expenses of $4.11, photocopy expenses of $123.80, telefax expenses of $59.50, parking and travel expenses of $2.92, and courier expenses of $16. Beam does not object to the expenses claimed. Because we find that the non-taxable expenses requested are

---

[3] Under Local Rule 54.4, taxable expenses include (1) clerk's fees and service fees; (2) trial transcripts; (3) deposition costs; (4) witness fees, mileage and subsistence; (5) exemplification and copies of papers; (6) maps, charts, models, photographs, summaries, computations and statistical summaries; (7) interpreter fees; and (8) docket fees. M.D. PA. R. 54.4. To the extent taxable expenses have been requested by defendants, such requests will be addressed in a separate order issued by the Clerk of Court.

reasonable, Beam will be directed to pay $206.33 to Morrison for non-taxable expenses incurred in the instant litigation.

### B. DOWNEY

Counsel for Downey have provided billing records which indicate that Downey seeks the following non-taxable costs: photocopy expenses of $148.50, telefax expenses of $32.75, travel expenses of $760, and courier expenses of $26.66. Beam does not object to the expenses claimed. Because we find that the non-taxable expenses requested are reasonable, Beam will be directed to pay $967.91 to Downey for non-taxable expenses incurred in the instant litigation.

### C. GRAYBILL AND SWEGER

Counsel for Graybill and Sweger have provided billing records which indicate that Graybill and Sweger seek the following non-taxable costs: courier expenses of $30.88, and computerized legal research expenses of $25.15. Beam does not object to the expenses claimed. Because we find that the non-taxable expenses requested are reasonable, and because computerized legal research has been properly considered by courts as expenses incurred in order for the attorney to be able to render his or her legal services under § 1988, see United States v.

17

<u>Merrit Meridian Const. Corp.</u>, 95 F.3d 153, 173 (2d Cir. 1996), Beam will be directed to pay $56.03 to Downey for non-taxable expenses incurred in the instant litigation.

**CONCLUSION:**

For the reasons set forth above, Beam will be directed to pay to each defendant reasonable attorney's fees and non-taxable costs incurred in the instant litigation. An appropriate order shall issue.

    s/ James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BEVERLY BEAM, | : | |
|     Plaintiff | : | No. 1:CV-01-0083 |
| | : | (Judge McClure) |
| v. | : | |
| | : | |
| SCOTT DOWNEY, ROGER MORRISON, DAVID GRAYBILL and MICHAEL SWEGER, | : | |
|     Defendants | : | |

# **O R D E R**

July 29, 2004

For the reasons set forth in the accompanying memorandum,

**IT IS ORDERED THAT:**

1. Defendant Roger Morrison's Motion for Attorney's Fees and Associated Expenses (Rec. Doc. No. 33) is granted.

    1.1. Plaintiff Beverly Beam is directed to pay $10,458 to Morrison for attorney's fees incurred in the instant litigation.

    1.2. Beam is directed to pay $206.33 to Morrison for non-taxable expenses incurred in the instant litigation.

2. Defendant Scott Downey's Motion for Attorney's Fees and Associated Expenses (Rec. Doc. No. 46) is granted.

  2.1. Beam is directed to pay $14,722 to Downey for attorney's fees incurred in the instant litigation.

  2.2. Beam is directed to pay $967.91 to Downey for non-taxable expenses incurred in the instant litigation.

 3. Defendants Graybill's and Sweger's Motion for Attorneys' Fees and Associated Expenses (Rec. Doc. No. 42) is granted.

  3.1. Beam is directed to pay $12,532.50 to Graybill and Sweger for attorney's fees incurred in the instant litigation.

  3.2. Beam is directed to pay $56.03 to Graybill and Sweger for non-taxable expenses incurred in the instant litigation.

 4. Said sums shall be payable within thirty (30) days from the date of this order.

           s/ James F. McClure, Jr.
           James F. McClure, Jr.
           United States District Judge