IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BEVERLY BEAM** | ) | NO. 1:01-CV-0083 |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| vs. | ) | (Judge McClure |
| | ) | |
| **SCOTT DOWNEY et al.** | ) | |
| | ) | |
| **Defendants** | ) | |

**Plaintiffs Brief in Opposition to the Motion for Sanctions of
David Graybill and Michael Sweger and Motion to Strike**

**I. Statement of the Case**

On or about January 10, 2005 attorney Spero T. Lappas Esq. served a copy of a brief seeking sanctions against Beverly Beam ostensibly based upon a previous order of this court awarding attorney's fees against her. This brief is in opposition to that motion. This case is related in many ways to a similar motion made by opposing counsel before the Honorable Sylvia H. Rambo. This court's attention is drawn to the briefs, hearing, and order in that case (No. 1:CV-02-1797). The transcript of the hearing in that case is appended hereto(exhibit A) for the convenience of this court, as is a copy of the brief (exhibit B) of Samuel C. Stretton Esq., who dealt with the matter

1

before judge Rambo. Exhibit B is incorporated herein in its entirety, as to all points of law for purposes of argument in this case.

In short Ms. Beam can add nothing to the law arguments made by Mr. Stretton and they are incorporated by reference hereto en toto. It is worthy of note that to the best of counsel's belief and information that opposing counsel had already filed judgments against Beverly Beam in Dauphin County when he filed the current motion of contempt with this court.

Consequently, based upon this action's formal and inherent lack of jurisdiction, and other matters, a motion under Fed.R.Civ.P 11, directed to Mr. Lappas, will be forthcoming both before Judge Rambo and before this court. Since, upon information and belief, Mr. Sweger at least, had, and probably has, as to Mr. Lappas action against Beverly Beam, no knowledge of it, Ms. Beam wishes to point out that she, under no circumstances, seeks any sanction against Mr. Lappas' clients.

Additionally, neither Mr. Stretton nor Mr. Ostrowski have any connection to the forthcoming Rule 11 motions. Mr. Stretton is no longer a member of the previous law firm and neither he, nor Mr. Ostrowski, are involved.

**II. Counter Statement of the Issues**

1. This court lacks jurisdiction to issue any citation of contempt in response to defendants' motion and brief.

**III. Argument.**

For the reasons set forth in exhibit B, which is incorporated herein, Ms. Beam argues that this court lacks jurisdiction to entertain the motion for contempt currently before it. Further, opposing counsel has introduced into this proceeding a number of irrelevant and nonmaterial issues, facts, and reasons which appear, at least, to be solicitous of an apparent preconceived notion that the court will act out of anger as opposed to responsibility. Counsel for Ms. Beam believes the focus in this particular proceeding should be on jurisdiction. Counsel also believes, based on recently learned information, that this court should consider at least, a recusal based upon bias against counsel. But since this court is aware of these issues nothing is to be gained by spreading these matters across these pages. Suffice it to say, Ms. Beam's counsel believes the original attorney fees award against her was an exercise in over doing it. But that is not the issue here. Here the original defendants have already filed judgments against Beverly Beam. An attempt to use the contempt powers of this court to pursue Ms. Beam is, among other things, an abuse of process.

Consequently, this court is respectfully requested to dismiss the motion for sanctions. Ms. Beam also requests that the court strike defendants brief because it addresses irrelevant matters, failing to even mention what was known to the defendants about issues of jurisdiction, and because it is scandalous and impertinent.

**Wherefore**, this court is respectfully requested to dismiss defendants' motion for sanctions and additionally this court is requested to strike defendants brief as irrelevant and immaterial to the issue before the court.

Respectfully Submitted,

**BAILEY STRETTON & OSTROWSKI**

By:   s/Don Bailey, Esquire
      4311 N. 6th Street
      Harrisburg, PA  17110
      (717) 221-9500

## **CERTIFICATE OF SERVICE**

I, Don Bailey do hereby certify that on February 1, 2005 I served a true and correct copy of the following Document to the attorney listed below by First Class Postage Prepaid Mail and Electronic Means:

Kathryn Simpson, Esquire
Mette Evans & Woodside
P.O. Box 5950
Harrisburg, PA 17110

Spero T. Lappas Esquire
2080 Linglestown Road
Harrisburg, PA 17110

Stephen Russell, Esquire
Susquehanna Commerce Center East
221 W. Philadelphia Street
York, PA 17404

                RESPECTFULLY SUBMITTED,

                **BAILEY STRETTON & OSTROWSKI**

By:        s/Don Bailey, Esquire
             4311 N. 6th Street
             Harrisburg, PA 17110
             (717) 221-9500