**SPERO T. LAPPAS, Esquire**
Pa. Supreme Court ID No. 25745
Serratelli, Schiffman, Brown and Calhoon, P.C.
2080 Linglestown Road
Suite 201
Harrisburg, Pennsylvania 17110-9670
Telephone (717) 540-9170
Fax (717) 540-5481
**ATTORNEY FOR DEFENDANTS DAVID GRAYBILL AND MICHAEL SWEGER**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BEVERLY BEAM,
    Plaintiff

    v.

SCOTT DOWNEY, et. al.,
    Defendants

No. 1:01-CV-0083

Judge McClure

### DEFENDANTS' REPLY BRIEF RE: MOTION FOR SANCTIONS

Plaintiff has filed a Brief in Opposition to the Defendants' Motion for Sanctions. In this brief, the Plaintiff makes essentially no argument, other than the incorporation of a brief filed in another case by another attorney. The Plaintiff states that she incorporates that brief "en toto" and states that she "can add nothing to the law arguments" contained in that other brief. The Defendants note that the arguments made in that other brief are largely inapposite to the matter before this

SPERO T LAPPAS, Esquire
Serratelli, Schiffman, Brown and Calhoon, P.C.

Page 1

Court. Here, the Plaintiff has been personally ordered to pay money by a date certain. She has failed to do that. In the other case, a judgment was entered against Attorney Bailey and his partners, and those lawyers argued that the proper way to collect a judgment was by using the mechanisms of Federal Rule of Civil Procedure 69. Accordingly, the arguments made by Plaintiff in her brief in opposition to the Motion for Sanctions are frivolous.

However, Plaintiff, or more likely her counsel, goes beyond this argument to threaten a Rule 11 motion against defense counsel, apparently because counsel has asserted his client's rights to have a court order enforced. Plaintiff, or her counsel, goes on to repeat her unsubstantiated claim of this court's "bias against [Plaintiff's] counsel" She complains that the "original attorneys fees award...was an exercise in overdoing it." And she continues to state that an attempt to enforce a court order is "an abuse of process." There is no argument, no citation of law, no theory presented for any of these ascertains. Defense Counsel asks that the Plaintiff's Brief be stricken "because it addresses irrelevant matters," again without any explanation whatsoever. Most incredible is the Plaintiff's contention that Defendants have (somehow) failed "to even mention what was known to the Defendants about issues of jurisdiction." Defendants have no knowledge of any jurisdictional issue in this case. Certainly the court has jurisdiction over the enforcement of its own orders. Plaintiff apparently feels that it is "scandalous and impertinent" to request that she obey the orders of this court.

The Plaintiff started off this litigation by making scurrilous charges against these defendants. Since then, she or her counsel have made scandalous allegations against this court, against other judges of the Middle District Court, and against the Judges of the Third Circuit. It was, perhaps, only a matter of time before the other attorneys in this case became Plaintiff's targets. None of this, of course, militates against the enforcement of this Court's Order; and Defendants continue to request a hearing to determine whether Attorney Bailey or his current or former law partners are liable for the sanctions requested by the Defendant.

It is important to note that at the hearing before Judge Rambo, Attorney Bailey's counsel asserted that he had "gotten the message" and that in the future, especially under the guidance of Attorney Stretton, his conduct would no longer be contemptuous and obnoxious to the interests of justice (Exhibit D to main Brief, p. 44). However, 5 days after that hearing and those promises, Attorney Bailey filed a brief in the Third Circuit claiming that a number of Middle District Judges have become organized in an effort to cause him harm. The remaining representations in that brief have already been discussed by the Defendants in their main brief on this motion. It is, however, important to realize that Mr. Bailey's assurances of proper conduct seem to be as frivolous as the charges that he makes in his various filings.

It is also relevant to note that at the January 5, 2005 hearing before Judge Rambo Attorney Bailey's position (as expressed through his counsel) was that the

Bailey, Stretton & Ostrowski Law Firm had been disbanded, in large part because of Attorney Bailey's behavior (Brief, Exhibit D, p. 31). However, we note that his present filings are signed "Bailey, Stretton & Ostrowski by Don Bailey, Esquire" (See Exhibit A hereto) and they arrived at the office of defense counsel in an envelope bearing the return address "Bailey, Stretton & Ostrowski, 4311 North Sixth Street, Harrisburg, PA 17110." (See Exhibit B hereto).

These defendants have been sorely prevailed upon and abused by a course of improper litigation that now enters its fifth year. We say, as respectfully as possible, that enough is enough. This court has issued an Order upon the Plaintiff. We ask nothing more than that it be enforced.

          *RESPECTFULLY SUBMITTED,*

          SERRATELLI, SCHIFFMAN, BROWN AND
          CALHOON, P.C.

By: _____
      SPERO T. LAPPAS, Esquire
      *Pa. Supreme Ct. ID no. 25745*
      ~~2080~~ *Linglestown Road*
      *Suite 201*
      *Harrisburg, PA  17110-9670*
      *(717) 540-9170*
      ***Attorneys for Appellees Sweger and Graybill***

SPERO T. LAPPAS, Esquire
Serratelli, Schiffman, Brown and Calhoon, P.C.

Page 4

IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BEVERLY BEAM | ) | NO. 1:01-CV-0083 |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | (Judge McClure |
| | ) | |
| SCOTT DOWNEY et al. | ) | |
| | ) | |
| Defendants | ) | |

## PLAINTIFF' EXHIBITS

1.) Transcript of Proceedings held on January 5, 2005

2.) Brief of Respondent in *Beam vs. Bauer et al.* docketed at No. 1:CV-02-1797

RESPECTFULLY SUBMITTED,

BAILEY STRETTON & OSTROWSKI

By:    s/Don Bailey, Esquire
4311 N. 6th Street
Harrisburg, PA 17110
(717) 221-9500



DEFENDANT'S EXHIBIT A

5

BAILEY STRETTON & OSTROWSKI
4311 N. SIXTH STREET
HARRISBURG, PENNSYLVANIA 17110

Spero T. Lappas Esquire
2080 Linglestown Road
Harrisburg, PA 17110

UNITED WE STAND

First Class Mail



02 1P
0002546670   FEB 01 2005
MAILED FROM ZIP CODE 17110
$ 002.21⁰

DEFENDANT'S
EXHIBIT
B