IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BEVERLY BEAM, | : | |
| Plaintiff | : | No. 1:CV-01-0083 |
| | : | (Judge McClure) |
| v. | : | |
| | : | |
| SCOTT DOWNEY, ROGER | : | |
| MORRISON, DAVID GRAYBILL, | : | |
| and MICHAEL SWEGER, | : | |
| Defendants | : | |

**O R D E R**

April 26, 2005

**BACKGROUND**:

Plaintiff Beverly Beam commenced the instant action against defendants with the filing of a complaint under 42 U.S.C. § 1983. In her complaint, Beam alleged violations of her substantive due process and equal protection rights, as well as a violation of antitrust laws. Beam further alleged pendent state claims of civil conspiracy and breach of contract brought pursuant to the court's supplemental jurisdiction, 28 U.S.C. § 1367.

By order dated April 10, 2002, this court granted all motions to dismiss as well as defendant Downey's motion to strike impertinent matter. By the same order, we dismissed all of Beam's remaining claims against Downey. On

December 23, 2002, the Third Circuit filed an opinion affirming our order.[1]

By Memorandum and Order dated July 29, 2004, this court granted defendants' motions for attorney's fees and related expenses. Plaintiff was afforded thirty days to pay all sums (totaling nearly $40,000). Plaintiff timely appealed the Memorandum and Order to the Third Circuit and it is currently docketed at No. 04-3424.

Evidently, plaintiff has not paid any monies to defendants, which prompted defendants Graybill and Sweger to file a motion for sanctions and a finding of contempt. (See Rec. Doc. No. 72.) Moving defendants argue that plaintiff never requested a stay nor posted bond for appeal and therefore the appeal currently pending before the Third Circuit does not obviate her obligation to make payments pursuant to this court's Memorandum and Order of July 29, 2004. Moving defendants also suggest that plaintiff's counsel, Donald Bailey, Esq., may be partly or even solely responsible for the award of attorney's fees and costs entered against his client Beam.

In response, plaintiff (or her counsel) merely makes reference to a brief filed

---

[1] We note that on January 6, 2003, Graybill and Sweger filed with the Third Circuit a motion for attorney's fees. By order dated March 11, 2003, the Third Circuit denied the motion.

in a related case, Beam v. Bauer, et al., No. 1:02-CV-1797 (Rambo, J.), in which Judge Rambo has made similar awards of attorney's fees and costs against attorney Bailey and his law firm directly. Plaintiff argued in the referenced brief that defendants should attempt to collect the award through the mechanisms provided in the Federal Rules of Civil Procedure rather than through a motion for sanctions and for a finding of contempt. See Fed. R. Civ. P. 64, 69.

Moving defendants cite no authority in support of their proposal that this court sanction plaintiff or hold her in contempt for her failure to pay the award of attorney's fees and costs, and the court is not aware of any such authority. Further, the court will not consider modifying the award against plaintiff to include attorney Bailey and/or his firm unless defendants present their request through a formal motion rather than through a suggestion in a reply brief. For these reasons, the court will deny the instant motion.

**NOW, THEREFORE, IT IS ORDERED THAT:**

Defendant Graybill and Sweger's motion for sanctions and finding of contempt (Rec. Doc. No. 72), is denied.

s/ James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge
