NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 04-3424
_____

BEVERLY BEAM,
     Appellant
v.

SCOTT DOWNEY; ROGER MORRISON;
DAVID L. GRAYBILL; MICHAEL SWEGER,
     Respondents

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

(D.C. No. 01:CV-01-00083)
District Judge: The Honorable James F. McClure, Jr.

_____

Submitted Under Third Circuit LAR 34.1(a)
September 30, 2005

Before: ALITO and AMBRO, Circuit Judges, and
RESTANI*, Judge

(Opinion Filed : October 12, 2005)

_____

OPINION

_____

_____
 *Honorable Jane A. Restani, Chief Judge of the United States Court of International Trade, sitting by designation.

RESTANI, <u>Judge</u>.

Beverly Beam ("Beam") appeals the District Court's award of attorney's fees to the appellees pursuant to 42 U.S.C. § 1988. We affirm the award of attorney's fees to appellees and grant appellee's motion for damages under FED. R. APP. P. 38.

## I. Background

Beam has brought two lawsuits before the District Court and two prior appeals before this Court. Both lawsuits included a claim under 42 U.S.C. § 1983 among other federal and state claims. In the first lawsuit, which gives rise to this appeal, Judge James F. McClure, Jr., of the United States District Court for the Middle District of Pennsylvania, dismissed the complaint for failure to state a claim upon which relief could be granted. Beam appealed this decision and, while the appeal was pending, she filed a nearly identical second suit in District Court.[1] We affirmed the dismissal of the first suit, <u>Beam v. Downey</u>, 54 F. App'x 113 (3d Cir. 2002), and the District Court subsequently imposed attorney's fees upon Beam pursuant to 42 U.S.C. § 1988.

Beam now appeals the award of attorney's fees. She contends that this was improper because: 1) the complaint was not frivolous or groundless; 2) the appellees were not the prevailing parties; and 3) Judge McClure caused the imposition of attorney's fees

---

[1] The District Court also dismissed the second suit and sanctioned Beam under Rule 11. On appeal, we affirmed the District Court's dismissal and sanctions. <u>Beam v. Bauer</u>, 88 F. App'x 523, 525 (3d Cir. 2004). Additionally, we granted damages to appellees, pursuant to FED. R. APP. P. 38, to compensate for their defense of a valid judgment. <u>Beam v. Bauer</u>, 383 F.3d 106 (3d Cir. 2004).

against her by encouraging discovery while a motion to dismiss was pending. Appellees have sought relief under FED. R. APP. P. 38.

## II. Discussion

### A. Award of Attorney's Fees Under 42 U.S.C. § 1988

In a § 1983 claim, the district court has the discretion to grant "the prevailing party . . . a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988. If the prevailing party is the defendant, attorney's fees may be awarded if the plaintiff's complaint was frivolous, unreasonable, or groundless, or if the plaintiff continued to litigate after it was found so. Brown v. Borough of Chambersburg, 903 F.2d 274, 277 (3d Cir. 1990); see also Christiansburg Garment Co. v. E.E.O.C., 434 U.S. 412, 422 (1978). The Supreme Court further elaborated that "groundless" stands for "meritless." See Christiansburg, 434 U.S. at 422. We review the trial court's decision granting attorney's fees for abuse of discretion. See Mastrippolito & Sons, Inc. v. Joseph, 692 F.2d 1384, 1387 (3d Cir. 1982). We find that the District Court here did not abuse its discretion by awarding attorney's fees.

Beam asserts that the District Court erred because her suit was not frivolous or groundless. The Court correctly found each of Beam's claims meritless, without any grounds for support.[2] Furthermore, the Court has the discretion to award attorney's fees

---

[2]In her § 1983 claim, Beam failed to allege state action. Beam also did not state a property right to support a due process violation nor did she make a prima facie equal protection claim. She offered no support for an antitrust violation, no underlying tort for

3

upon finding that the plaintiff's action was meritless.  Christiansburg, 434 U.S. at 422.  We agree with its findings and we discern no abuse of discretion in its award of attorney's fees.

Beam also contends that the appellees were not the prevailing parties.  The prevailing party in a § 1988 claim is one that "succeed[ed] on any significant issue in litigation which achieves some of the benefits the parties sought in bringing suit."  Hensley v. Eckerhart, 461 U.S. 424, 433 (1983) (citing Nadeau v. Helgemoe, 581 F.2d 275, 278-79 (1st Cir. 1978)); see also Pub. Interest Research Group of New Jersey v. Windall, 515 F.3d 1179, 1185 (3d Cir. 1995).  Here, the appellees were the prevailing parties because they succeeded in having each claim dismissed.  Beam's contention that the appellees were not the prevailing party is without merit.

Finally, Beam's counsel alleges that Judge McClure intentionally "set him up" for attorney's fees and calls for an investigation of the federal courts.[3]  Counsel also accused Judge McClure of attempting to harm him in his professional capacity and limit his representation of clients.  Counsel's tirade against Judge McClure and the federal court is unfounded and unprofessional, and provides no grounds for an appeal of attorney's fees.

We can discern no abuse of discretion by the District Court in the award of

---

a civil conspiracy claim, and no evidence of a contract for a breach of contract claim.

[3] In the motion in opposition to appellee's motion for relief under FED. R. APP. P. 38, Beam's counsel, Don Bailey, claimed full responsibility and apologized for the allegations against Judge McClure.

4

attorney's fees to the appellees.

### B. Sanctions Under Federal Rule of Appellate Procedure Rule 38

This Court has previously cautioned appellant that an appeal is not "an opportunity for another 'bite of the apple,' nor a forum for the losing party to 'cry foul' without legal or factual foundation." Beam v. Bauer, 383 F.3d 106, 108 (3d Cir. 2004). In such cases, FED. R. APP. P. 38 compensates parties for their financial loss incurred in defending against frivolous appeals.[4] Beam, 383 F.3d at 108–109. Rule 38 gives a court of appeals the discretion, "after a separately filed motion or notice from the court and reasonable opportunity to respond, [to] award just damages and single or double costs to the appellee." FED. R. APP. P. 38. Additionally, Appellant's counsel may be personally liable for the award if "following a thorough analysis of the record and careful research of the law, a reasonable attorney would conclude that the appeal is frivolous." Hilmon, 899 F.2d at 254.

This appeal is wholly without merit. There is no basis for appellant's challenge to the District Court's attorney's fee award. Accordingly, we award appellees single fees and costs in the amount expended on this appeal.[5]

---

[4] A frivolous appeal is one that lacks merit. See Quiroga v. Hasbro, 943 F.2d 346, 347(3d Cir. 1991); see also Hilmon Co. v. Hyatt Int'l, 899 F.2d 250, 253 (3d Cir. 1990).

[5] We see no reason to award double fees and costs in this case given that the purpose of FED. R. APP. P. 38 is to make a defending party whole rather than to punish a frivolous appeal. Beam, 383 F.3d at 108–109.

Furthermore, we hold appellant's counsel personally liable for the award under the test set forth in Hilmon.  We note that if a reasonable attorney had carefully researched the law and analyzed the record, it would have been obvious that this appeal was frivolous.  His client should not be liable for his conduct.

Therefore, we affirm the District Court's award of attorney's fees and grant appellee's FED. R. APP. P. 38 motion.

_____
*Honorable Jane A. Restani, Chief Judge of the United States Court of International Trade, sitting by designation.